UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNY RAMGOOLIE
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

ANDY RAMGOOLIE
_____
AANDCO HEALTH CARE LTD
_____
KEVIN RAMGOOLIE
_____
JEREMY RAMGOOLIE
_____
ANNIE RAMGOOLIE
_____
KDR MEDICAL CARE LTD
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

# 16 CV 3345

## COMPLAINT

Jury Trial: ☒ Yes   ☐ No
(check one)

I.    **Parties in this complaint:**

A.    List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name   JENNY RAMGOOLIE
            Street Address   900 HENDERSON AVE, APT 2515
            County, City   HARRIS COUNTY, HOUSTON
            State & Zip Code   TEXAS 77058
            Telephone Number   1-646-377-6792

B.    List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name   ANDY RAMGOOLIE
                  Street Address   184 THOMPSON STREET, APT 1N, NY,NY 10012

*Rev. 05/2010*

County, City NEW YORK COUNTY, NEW YORK

State & Zip Code NEW YORK

Telephone Number 1-917-337-3314

**Defendant No. 2**   Name   AANDCO HEALTH CARE LTD

Street Address   47 ELEANOR STREET

County, City CHAGUANAS,

State & Zip Code TRINIDAD AND TOBAGO

Telephone Number 1-868-223-9899

**Defendant No. 3**   Name   KEVIN RAMGOOLIE

Street Address   47 ELEANOR STREET

County, City CHAGUANAS

State & Zip Code TRINIDAD AND TOBAGO

Telephone Number 1-868-223-9899

**Defendant No. 4**   Name   ANNIE RAMGOOLIE C/O CANDY GRUSH

Street Address   4815 EAST RIDGE DRIVE

County, City OMAHA

State & Zip Code NEBRASKA

Telephone Number 1-402- 596-5704

*Other defendants attached.*

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions          ☒ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? N/A

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship NEW YORK

Defendant(s) state(s) of citizenship TEXAS

## III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.

*Rev. 05/2010*

You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____
NEW YORK
_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____
NOVEMBER 2015
_____

_____

C.    Facts: __SEE ATTACHED COMPLAINT - BREACH OF CONTRACT AND MORE__

| What happened to you? |
|---|

_____

_____

_____

| Who did what? |
|---|

_____

_____

_____

| Was anyone else involved? |
|---|

_____

_____

_____

| Who else saw what happened? |
|---|

_____

_____

_____

## IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

SEE ATTACHED COMPLAINT
_____

_____

_____

_____

_____

_____

_____

*Rev. 05/2010*

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

SEE ATTACHED COMPLAINT _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 2nd day of May, 2016

Signature of Plaintiff

Mailing Address    900 HENDERSON AVENUE, APT 2515

HOUSTON, TX 77058

Telephone Number    1-646-377-6792

Fax Number *(if you have one)* _____

**Note:**    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

**For Prisoners:**

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

Inmate Number    _____

*Rev. 05/2010*

**DEFENDANT 5**

JEREMY RAMGOOLIE
47 ELEANOR STREET
CHAGUANAS,
TRINIDAD AND TOBAGO
1-868-223-9899

**DEFENDANT 6**

KDR MEDICAL CARE LTD
47 ELEANOR STREET
CHAGUANAS,
TRINIDAD AND TOBAGO
1-868-223-9899

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

JENNY RAMGOOLIE,

                    Plaintiff(s),              COMPLAINT

                                                –against–

AANDCO HEALTH CARE LTD. and          CIVIL ACTION NO.

ANDY RAMGOOLIE,

                    Defendants,

        – and –                    PLAINTIFF DEMANDS

                                               JURY TRIAL

KEVIN RAMGOOLIE, JEREMY RAMGOOLIE

and ANNIE RAMGOOLIE, KDR MEDICAL CARE LTD Necessary Parties.

---------------------------------------------------------------X


      Plaintiff JENNY RAMGOOLIE, complaining of the Defendants AANDCO

HEALTH CARE LTD and ANDY RAMGOOLIE, and KEVIN RAMGOOLIE,


–1–

JEREMY RAMGOOLIE, ANNIE RAMGOOLIE, and KDR Medical Care Ltd as necessary parties, alleges upon information and belief, as follows:

## NATURE OF THE ACTION

1    In July 2010, upon realizing that Trinidad and Tobago had a dearth of dialysis centers and large numbers of patients in acute need of dialysis, Plaintiff JENNY RAMGOOLIE ("JENNY") came up with the idea to start a dialysis center in Chaguanas, Trinidad.  She approached her brother Defendant ANDY RAMGOOLIE ("ANDY") with the idea and proposed that they work together to set up the business and split the profits between them.  JENNY, a registered nurse, would research local regulations and file the proper paperwork for operating permits; design the layout of the center and source the equipment; set up the supply chains; and develop the internal operations procedures and paperwork.  ANDY would pay the start-up costs.  Once the center opened, ANDY would be reimbursed for his financial investment, JENNY run the dialysis center as Director of Clinical Operations, and ANDY and JENNY would share in the profits equally as co-owners and equal one-half shareholders of the dialysis center.

2    ANDY accepted JENNY's proposal, and JENNY began to work immediately.

3    In 2013, when it came time to file papers to incorporate AANDCO in Trinidad, JENNY and ANDY agreed to initially keep JENNY's name off the paperwork, and only add it after the resolution of a family crisis: in 2008, JENNY's son was arrested for murder in Ocala, Florida.  JENNY and ANDY were concerned, even though they believed in her son's innocence, that the criminal charges would taint the company in the eyes of the Trinidad authorities.

4    JENNY's son was acquitted of murder in Ocala, Florida in March, 2014.

5       In July 2014, the dialysis center AANDCO HEALTH CARE LTD ("AANDCO") finally opened for business with JENNY working as the Director of Clinical Operations.

6       Immediately after AANDCO opened for business and started taking patients, JENNY was forced to pay some of her own funds to pay some of AANDCO's bills.

7       In December 2014, JENNY's son pled no contest to related charges of third-degree fleeing and evading law enforcement.

8       With the criminal cases against her son finally resolved, JENNY requested that ANDY file additional corporate paperwork showing her as shareholder and director of AANDCO.

9       JENNY demanded on multiple occasions that ANDY give her 50% of the shares of AANDCO, pay her for her work as Director of Clinical Operations of AANDCO, turn over her 50% share of AANDCO's profits, pay her for her time, effort and research and reimburse her for her financial outlay.  ANDY refused and ceased communicating with JENNY.

10      JENNY then discovered that ANDY had not filed the corrective corporate paperwork showing her as director and 50% shareholder of AANDCO.

11      JENNY also discovered that ANDY had allowed JEREMY RAMGOOLIE, the son of their brother
        KENNY RAMGOOLIE, and JENNY and ANDY's mother, ANNIE RAMGOOLIE, to be listed on the
        AANDCO paperwork as shareholders.

12      JENNY then discovered that ANDY had terminated her access to the AANDCO bank account and
        had informed AANDCO staff that she was no longer working at AANDCO.

13      This action is brought by JENNY to recover her rightful 50% ownership of AANDCO, the company
        she worked so hard to found; her 50% share of AANDCO's profits; her job as Director of Clinical
        Operations of AANDCO; her back pay as Director of Clinical Operations of AANDCO; 50% of all
        assets of AANDCO , fees for her time and effort and research since July 2010 and reimbursement
        of her own monetary investment and for preparation and research of putting together the
        Dialysis Center and punitive damages.

14      Jenny also discovered in January 2016 a company called KDR Medical Care Ltd listed as ("KDR")
        was registered by KEVIN Dyanand Ramgoolie located at 47 Eleanore Street, Chaguanas, Trinidad
        and listed as a business operating as a Dialysis Center.

15      Jenny also discovered that KEVIN and JEREMY are the directors of KDR.

16      On or about March of 2016, KDR Medical Care Ltd Had no listed shareholders.

17      That this action is outside the State of Frauds in that (a) the agreement to form and run
        AANDCO was capable of being performed within one year; (b) the agreement was in writing in
        that JENNY and ANDY communicated about JENNY's work to set up AANDCO via email; and (c)
        JENNY performed her part of the bargain and ANDY accepted JENNY's performance.

–4–

## PARTIES

18      At all relevant times hereinafter mentioned, Plaintiff JENNY and Defendant ANDY agreed to start a dialysis center in Republic of Trinidad and Tobago, which they named AANDCO HEALTH CARE LTD ("AANDCO").

19      Upon information and belief, Defendant AANDCO is a privately held corporation duly licensed under the laws of the Republic of Trinidad and Tobago with offices at 47 Eleanore Street, Chaguanas, Trinidad.

20      That at all relevant times hereinafter mentioned, upon information and belief, Defendant ANDY was a corporate director of AANDCO since April 2013 and a shareholder since June 2014.

21      That at all relevant times hereinafter mentioned, upon information and belief, necessary party KEVIN RAMGOOLIE ("KEVIN") was and still is a corporate director of AANDCO since April 2013 and shareholder since June 2014.

22      That at all relevant times hereinafter mentioned, upon information and belief, JEREMY RAMGOOLIE ("JEREMY") was and still a corporate director of AANDCO since July 2013 and a shareholder since August 2015.

23      That at all relevant times hereinafter mentioned, upon information and belief, ANNIE RAMGOOLIE ("ANNIE") was and still is a shareholder of AANDCO since August 2015.

24      That on January 2016 a privately held corporation under the name of KDR Medical Ltd, is registered as a business for Dialysis treatments located at 47 Eleanore Street, Chaguanas, Trinidad, the same address as AANDCO.

25      That at all relevant times hereinafter mentioned, upon information and belief, necessary party KEVIN RAMGOOLIE ("KEVIN") was and still is a corporate director of KDR since January 2016.

26     That at all relevant times hereinafter mentioned, upon information and belief, JEREMY
       RAMGOOLIE ("JEREMY") was and still a corporate director of KDR since January 2016.

27     That at all relevant times hereinafter mentioned, upon information and belief, that as of March
       2016, there were no shareholders listed under KDR.

28     The relationship between AANDCO and KDR is unknown at this time, we rely on ANDY, KEVIN
       and JEREMY to disclose this relationship.

29     The Defendants listed, ANDY, AANDCO, KEVIN, JEREMY and ANNIE above may have disposed of
       assets, shares or transfer by sale or gift to KDR.

## JURISDICTION

30     Upon information and belief, this Court has jurisdiction over the Defendants and Necessary
       Parties under 28 US §1332 in that the Plaintiff seeks damages in excess of the sum of $75,000,
       exclusive of interest and costs, and jurisdiction is based on diversity of citizenship and the
       parties are citizens of different states and foreign states.  Plaintiff JENNY is a dual United States-
       Trinidad citizen and a domiciliary of Harris County in the State of Texas.  Defendant ANDY is a
       dual United States-Trinidad citizen and a domiciliary of New York County in the State of New
       York.  Upon information and belief, necessary parties KEVIN RAMGOOLIE and JEREMY
       RAMGOOLIE are citizens and domiciliaries of Trinidad.  Necessary party ANNIE RAMGOOLIE is a
       dual United States-Trinidad citizen and a domiciliary of Omaha, Nebraska.  Defendant AANDCO
       is a company duly registered and doing business in Trinidad.  Defendant KDR is a company duly
       registered and doing business in Trinidad.

**VENUE**

31     Venue is proper under 28 US §1391(b)(3) because there is no district in which an action may otherwise be brought as provided in that section, and Defendant ANDY is subject to the Court's personal jurisdiction in the Southern District of New York.

**BACKGROUND**

32     ANNIE is the mother of JENNY, ANDY and non-party Kenny Ramgoolie.

33     KEVIN and JEREMY are the nephews of JENNY and ANDY, and are the sons of Kenny Ramgoolie.

34     That on or about July 2010, Plaintiff JENNY proposed to Defendant ANDY to form a business together as equal shareholders in the operation of a dialysis center.

35     That on or about July 2010, ANDY agreed to JENNY's proposal to create the dialysis center, which they eventually named AANDCO HEALTH CARE LTD.

36     Specifically, ANDY and JENNY agreed that ANDY would provide the cash to pay for the startup costs of AANDCO and that JENNY would provide the work, labor and services required to set up AANDCO, including but not limited to the administrative and research legwork required to design and furnish the dialysis clinic, apply for and obtain operating permits, and set up the billing and record keeping (the "Agreement").

37     That between July 2010 and December 2012, JENNY began to work researching the dialysis health care business and laying the groundwork for AANDCO.

38     On or about May 2012 JENNY submitted to ANDY a business plan showing potential profits of a Dialysis Center.

39     On or about December 2012, in an email urging ANDY to move forward on plans for AANDCO, JENNY reminded ANDY of their agreement that JENNY and ANDY would each own half of the

–7–

company, that ANDY would be repaid his financial investment and that they would split the profits equally between them.

40    ANDY did not deny JENNY's reminder.

41    On or about April 2013, ANDY and JENNY agreed that KEVIN would be named a director and that he would be paid a monthly salary for his trouble.

42    In addition, JENNY and ANDY were concerned that certain criminal charges in Florida against JENNY's son would taint the company in the eyes of the Trinidad authorities and dissuade them from approving the filing, and so JENNY and ANDY agreed to keep JENNY's name off the corporate paperwork until the charges against JENNY's son were resolved.

43    That, upon information and belief, on or about April 3, 2013, KEVIN filed the corporate paperwork in the Office of the Registrar General to incorporate the dialysis clinic AANDCO in the Republic of Trinidad and Tobago.

44    As agreed between ANDY and JENNY, the aforementioned filing lists the corporate directors as ANDY and KEVIN and omits JENNY's name because of concerns over the family's reputation in light of the charges against JENNY's son.

45    Upon information and belief, on or about July 9, 2013, KEVIN filed additional corporate paperwork in the Trinidad and Tobago Registrar General's office to amend the list of corporate directors to include JEREMY as the second corporate director.

46    Upon information and belief on or about the early part of 2013 KEVIN and his wife CANDICE has been handling the startup funds for ANDY in Trinidad.

47    Upon information and belief that on or about the early part of 2013 and ongoing CANDICE worked at Republic bank in Trinidad and assisted with handling the startup funds for ANDY in Trinidad.

–8–

48      Upon information and belief, on or about June 30, 2014, in Trinidad, unbeknownst to JENNY, KEVIN filed AANDCO's Annual Return of a Company for Profit, listing ANDY and KEVIN as AANDCO's sole shareholders at one share apiece.

49      AANDCO opened for business in July 2014.

50      That on about December 2014 JENNY started to discuss her 50% shares of AANDCO and 50% profit and Director of Clinical Operations salary.

51      That on or about the early part of 2015, ANDY has refused to discuss the daily operations of AANDCO and began to make changes to staffing without first consulting with JENNY. Further ANDY refused to respond to many of JENNY's emails in regards to operations of AANDCO and some of these decisions resulted in four staff members resigning suddenly leaving the company at great risk. JENNY stepped in and resolved the issues within a matter of hours.

52      That on or about 2015, ANDY wanted to bill AANDCO a higher price for supplies that was already used by AANDCO and JENNY stated if he did so, it will cut into her share of profits and further that there was funds set aside within AANDCO to buy the next shipment of supplies and that it is not right to use AANDCO funds to buy the supplies and then sell it back to AANDCO at a higher price, which will once again cut into JENNY's share of profits, ANDY stopped communicating with JENNY at this point.

53      That, on or about February 2, 2015, JENNY reminded ANDY of part of their larger agreement, that JENNY would be paid a salary for her work and she would be paid one-half of the profits of AANDCO.

54      ANDY never denied JENNY's claim.

55      ANDY did not issue JENNY any shares of AANDCO

–9–

56      That, on or about February 12, 2015, JENNY reminded ANDY of part of their larger agreement, that JENNY would be paid a salary for her work, she would be owner one-half of the profits of AANDCO, and she would own one-half of AANDCO.

57      ANDY never denied JENNY's claim.

58      ANDY did not make any payments towards JENNY's salary or to repay her cash out of pocket expenses from 2010 through February 12, 2015.

59      ANDY did not issue JENNY any shares of AANDCO.

60      That on or about March 22, 2015, JENNY reminded ANDY again of their agreement that JENNY would be paid a salary for her work at AANDCO and she was to receive one-half of AANDCO's issued shares.

61      ANDY did not deny JENNY's claim.

62      ANDY did not make any payments towards JENNY's salary or reimburse her for her out of pocket expenses.

63      ANDY did not issue JENNY shares of AANDCO.

64      That on or about April 15, 2015, and again on April 26, 2015, JENNY asked for reimbursement of the expenditures that she made in setting up AANDCO.

65      That on or about April 18, 2015, at ANDY's request, JENNY submitted a spreadsheet itemizing her out of pocket expenses on behalf of AANDCO in the sum of TT 78,524 ($13,000 USD).

66      That on or about April 26, 2015, ANDY confirmed that the money would be paid.

67      That on or about April 20, 2015, in Trinidad, KEVIN filed AANDCO's Annual Return of a Company For Profit showing that the directors were KEVIN, ANDY and JEREMY and the shareholders were KEVIN and ANDY, each holding one share apiece.

68      That on or about May 7, 2015, JENNY again requested reimbursement.

69      That on or about May 7, 2015, ANDY again confirmed that JENNY would be paid.

70      That on or about May 18, 2015, ANDY confirmed via email that JENNY was "*still part of AANDCO weather (sic) U (sic) like it or not.*"

71      That on or about May 21, 2015, ANDY requested JENNY's assistance on assembling a board of advisors for AANDCO.

72      That on or about May 21, 2015, JENNY agreed to assist.

73      That on or about May 23, 2015, JENNY demanded her one-half interest in AANDCO.

74      That on or about May 23, 2015, ANDY did not deny JENNY'S ownership of half of AANDCO.

75      That from May 23, 2015 onward, ANDY ceased communicating with JENNY.

76      That on or about August 7, 2015, KEVIN filed an Amended Annual Return for a Company For Profit showing that the directors were KEVIN, ANDY and JEREMY, and that the shareholders were KEVIN, ANDY, JEREMY and ANNIE.  ANDY held 600 shares; KEVIN held 2900 shares; JEREMY held 2000 shares; and ANNIE held 4500 shares.

77      That on or about August 2015, JENNY sent an email to ANDY and KEVIN stating she was going to travel to AANDCO and claim her share of the business she found.

78   That on or about August 2015, ANDY had a memo distributed to AANDCO employees informing them that JENNY no longer worked at AANDCO and had JENNY's photograph distributed so that AANDCO's employees would not talk to JENNY if she came to AANDCO's offices, further that the landlord Munza Ramgoolie does not wish for JENNY to enter the premises of 47 Eleonore Street, Chaguanas, Trinidad. Security was placed at the entrance to ensure that JENNY does not enter the building located at 47 Eleanor Street, Chaguanas that housed the business of AANDCO.

79   That on or about November 2015 JENNY discovered that the shares of AANDCO were split KEVIN 2900, JEREMY 2500, ANNIE 4500 and ANDY 600.

80   That around 12/1/15 upon hearing that ANDY stated that he will close the dialysis center in response to her finding out the distribution of the shares and that AANDCO was being evicted and give up licensure of the Dialysis Center, JENNY contacted KEVIN to resolve the matter with the possibility of have having KEVIN and JEREMY transfer shares. JENNY mentioned to KEVIN that if the matter was not resolved that she would pursue the matter in court.

81   That on 12/2/15 JENNY had an attorney in Trinidad contact KEVIN about the shares transfer and he told her, there will be no transfer of shares.

82   That on 12/2/15 Plaintiff JENNY contacted KEVIN, director of AANDCO that if the matter is not resolved she will take it to court.

83   That on 12/4/15 Plaintiff JENNY contacted KEVIN, explaining in detailed how she worked 5 years to create AANDCO and ANDY and the plaintiff JENNY had an agreement and that ANDY was not honoring the agreement and she will pursue the matter in court.

84   That since March 2015, that KEVIN and JEREMY was aware that there is a possible breach of trust, breach of contract, between Plaintiff JENNY and Defendant ANDY regarding AANDCO.

85   That since December 2014, January 2015, February 2015, March 2015 and ongoing , Plaintiff JENNY has been trying to resolve her share on interest in AANDCO and that shares were further distributed in August to Kevin 2900, Jeremy 2500, Annie 4500 and Andy 600, in an attempt to decrease ANDY's share of the business against Plaintiff JENNY.

86      That on 12/6/15 Plaintiff JENNY texted ANDY that ANNIE cannot have shares in a profitable
        company as it would affect her Medicaid benefits and she would liable for all hospital bills,
        nursing home bills, therapy and services.

**87**  That on or about NOVEMBER 2015 JENNY notified ANDY and KEVIN that she was going to file a
        lawsuit for her fair share of AANDCO.

88      That on or about January 2016 a privately held corporation under the name of KDR Medical Ltd,
        is registered as a business for Dialysis treatments located at 47 Eleanore Street, Chaguanas,
        Trinidad, the same address as AANDCO.

89      That on about January 2016 KEVIN flew to Nebraska to meet with ANNIE.

90      That on or about January 2016 KEVIN flew to New York to meet with ANDY.

91      That at all relevant times hereinafter mentioned, upon information and belief, necessary party
        KEVIN RAMGOOLIE ("KEVIN") was and still is a corporate director of KDR since January 2016.

92      That at all relevant times hereinafter mentioned, upon information and belief, JEREMY
        RAMGOOLIE ("JEREMY") was and still a corporate director of KDR since January 2016.

93      That at all relevant times hereinafter mentioned, upon information and belief, that as of March
        2016, there were no shareholders listed under KDR.

94      The relationship between AANDCO and KDR is unknown at this time, we rely on ANDY, KEVIN
        and JEREMY to disclose this relationship.

95      The Defendants listed, ANDY, AANDCO, KEVIN, JEREMY and ANNIE above may have disposed of
        assets, shares or transfer by sale or gift to KDR.

96      That on or around January 14th 2016 KEVIN visited ANNIE in Nebraska, USA and then ANDY in
        New York in a possible further attempt to dissolve shares or transfer assets from AANDCO.

--13--

97      That on 1/8/16 Kevin Ramgoolie registered a new company called KDR Medical Care Ltd, the directors KEVIN and JEREMY. The address 47 Eleanor Street, Chaguanas Trinidad and listed as Main area of business activity is Dialysis Treatment.

98      That on or about 1/8/16 Andy, Kevin, Jeremy, AANDCO and KDR Medical care developed a fraudulent/ dishonest plan which will result in a breach of duty of ANDY including attempts to defraud Plaintiff Jenny.

99      That on or about 1/8/16 KEVIN had full knowledge of the possible breach of trust of Andy and AANDCO since March 2015 to Plaintiff JENNY and that he is assisting ANDY to breach his fiduciary duty.

100     That on or about 1/8/16 KEVIN knew of the circumstances which made the possible transfer of trust property in breach of trust or fiduciary duty from AANDCO to KDR Medical Care Ltd.

101     That sometime in March 2016 KDR Medical care now operates the dialysis center once known as AANDCO Health Care, it has the same address, the same customers, the same directors and the same equipment.

102     That on sometime in March 2016 KDR, Kevin and Jeremy knowing and received Aandco Healthcare Ltd in breach of trust.


### AS AND FOR A FIRST CAUSE OF ACTION

### FOR BREACH OF CONTRACT

### AGAINST ANDY


103     Plaintiff repeats, reiterates and realleges each and every allegation previously set forth in paragraphs "1" through "102" as if set forth at length herein.

104     That Plaintiff JENNY and Defendant ANDY agreed that JENNY would provide the work, labor and services to form and run AANDCO; ANDY would provide the financing for AANDCO; and JENNY

—14—

and ANDY would each own one-half of AANDCO's shares and share equally in the profits and be the Director of Clinical Operations.

105    That although from time to time Plaintiff JENNY requested to be paid her salary as Director of Clinical Operations, Defendant ANDY breached his part of the Agreement and failed and refused to make any payments to JENNY for the period beginning in July 2014 to current.

106    That although from time to time Plaintiff JENNY demanded to be paid her share of the profits of AANDCO, Defendant ANDY breached their Agreement and failed and refused to make any payments to JENNY.

107    That although from time to time Plaintiff JENNY and ANDY are partners in AANDCO, JENNY discovered that ANDY breached their contract by distributing shares to KEVIN, JEREMY and ANNIE without her knowledge and consent.

108    That upon dealing with her personal matter with her son, JENNY relied on ANDY to hold her shares in TRUST and he breached this agreement.

109    That in the latter part of 2015, JENNY discovered that ANDY and KEVIN had distributed shares as follows, KEVIN 2900, JEREMY 2500, ANNIE 4500 and ANDY 600 shares respectively.

110    That although from time to time Plaintiff JENNY demanded to have her shares representing one-half ownership of AANDCO issued to her, Defendant ANDY breached their Agreement and failed and refused to issue her shares.

111    Consequently, the Plaintiff has been damaged in the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00,

–15–

with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 with interest thereon from July 2014 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations.

## AS AND FOR A SECOND CAUSE OF ACTION

## AGAINST DEFENDANT ANDY

## FOR QUANTUM MERUIT

112    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "110" above with the same force and effect as if fully set forth at length herein.

113    That on and after July 11, 2010, Plaintiff JENNY furnished materials and performed work, labor and services to Defendant ANDY.

114    That on and after July 11, 2010, Defendant ANDY, his agents, servants and/or employees accepted delivery of the materials, products, supplies, and services from Plaintiff JENNY.

115    At all times when services were being performed, Defendant ANDY knew that Plaintiff JENNY was performing services and that she expected remuneration.

116    That Defendant ANDY received a benefit without making any payment to Plaintiff JENNY.

117    That the aforementioned materials, products, supplies, work, labor and services were supplied at a fair value of US $500,000.

–16–

118    That Defendant ANDY has benefitted in the amount of $US 1,349,483.00, none of which was ever paid to Plaintiff JENNY.

119    Plaintiff JENNY demanded payment from Defendant ANDY, and Defendant has failed and refused to make payment.

120    Consequently, the Plaintiff has been damaged in the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 with interest thereon from July 2014 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations.

**AS AND FOR A THIRD CAUSE OF ACTION**

**AGAINST DEFENDANT AANDCO**

**FOR QUANTUM MERUIT**

121    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "120" above with the same force and effect as if fully set forth at length herein.

122    That on and after April 2013, Plaintiff JENNY furnished materials and performed work, labor and services to the Defendant AANDCO.

–17–

123    That on and after April 2013, Defendant AANDCO, its agents, officers, shareholders and/or employees accepted delivery of the materials, products, supplies, and services from Plaintiff JENNY.

124    At all times when services were being performed, Defendant AANDCO, its agents, officers, shareholders and/or employees knew that Plaintiff JENNY was performing services and that she expected remuneration.

125    That Defendant AANDCO has received a benefit without making any payment to Plaintiff JENNY.

126    That the aforementioned materials, products, supplies, work, labor and services were supplied at a fair value of $500,000.

127    That Defendant AANDCO has benefitted in the amount of $1,349,483, none of which was ever paid to Plaintiff JENNY.

128    Plaintiff JENNY demanded payment from Defendant AANDCO, and Defendant AANDCO has failed and refused to make payment.

129    Consequently, the Plaintiff has been damaged in the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations.

–18–

**AS AND FOR A FOURTH CAUSE OF ACTION**

**AGAINST DEFENDANT ANDY**

**FOR UNJUST ENRICHMENT**

130     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "129" above with the same force and effect as if fully set forth at length herein.

131     Defendant ANDY has been unjustly enriched by Plaintiff JENNY's work, labor and services performed and the additional funds and materials that she supplied.

132     Consequently, the Plaintiff has been damaged in the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations.

**AS AND FOR A FIFTH CAUSE OF ACTION**

**AGAINST DEFENDANT AANDCO**

**AND NECESSARY PARTIES KEVIN, JEREMY & ANNIE**

**FOR UNJUST ENRICHMENT**

133     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "132" above with the same force and effect as if fully set forth at length herein.

134     Defendant AANDCO has been unjustly enriched by Plaintiff JENNY's work, labor and services performed and the additional funds and materials that she supplied.

135     Consequently, the Plaintiff has been damaged in the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations.

**AS AND FOR A SIXTH CAUSE OF ACTION**

**AGAINST DEFENDANT KDR**

**FOR UNJUST ENRICHMENT**