136    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "135 " above with the same force and effect as if fully set forth at length herein.

137    Defendant KDR has been unjustly enriched by Plaintiff JENNY's work, labor and services performed and the additional funds and materials that she supplied.

138    Consequently, the Plaintiff has been damaged in the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations.


**AS AND FOR A SEVENTH CAUSE OF ACTION**

**AGAINST DEFENDANTS ANDY and AANDCO**

**AND NECESSARY PARTIES KEVIN, JEREMY & ANNIE**

**TO IMPOSE A CONSTRUCTIVE TRUST**


139    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through " 138   " above with the same force and effect as if fully set forth at length herein.

140    That there existed a confidential and/or fiduciary relationship between Plaintiff JENNY and Defendant ANDY as siblings and business partners in founding the company AANDCO.

141    That Plaintiff Jenny proposed to Defendant ANDY that she would invest the effort to organize and found the dialysis center business AANDCO, Defendant ANDY would invest the money, and that Plaintiff JENNY and Defendant ANDY would each own 50% of the company and keep 50% of the profits and JENNY will be Director of Clinical Operations.

142    That Defendant ANDY agreed to Plaintiff JENNY's proposal.

143    That Plaintiff JENNY, in reliance on Defendant ANDY's promise to pay and share equally in the business, invested significant effort (and eventually some of her own funds) to found the company AANDCO.

144    That Plaintiff JENNY depended on DEFENDANT ANDY and AANDCO to hold her shares in Trust.

145    That Plaintiff JENNY never intended to make a gift of her time, efforts and financial resources to Defendant ANDY.

146    That Defendant ANDY has failed and refused to pay Plaintiff JENNY per their agreement.

147    That Defendant ANDY has failed and refused to deliver 50% of the shares of AANDCO per their agreement.

148    That Defendant ANDY has been unjustly enriched as a result.

149    That Defendant AANDCO has been unjustly enriched as a result.

150    That Necessary Parties KEVIN, JEREMY and ANNIE, as shareholders of AANDCO to the exclusion of Plaintiff JENNY, have been unjustly enriched as a result.

151     That Plaintiff JENNY is fearful that, as a result of Defendant ANDY's breach of his agreement with JENNY, the shares and/or assets of AANDCO may soon be transferred to the detriment of Plaintiff JENNY.

152     Defendant ANDY and Necessary Parties KEVIN, JEREMY and ANNIE would be unjustly enriched at Plaintiff JENNY's expense if title to AANDCO's shares and/or assets were transferred without (a) JENNY being given the value of her half of AANDCO's shares and/or assets or (b) if a constructive trust is not imposed by this Court with respect to AANDCO's shares and/or assets requiring Defendant ANDY and the Necessary Parties KEVIN, JEREMY and ANNIE to hold Plaintiff JENNY's beneficial ownership of AANDCO's shares and assets in trust for Plaintiff.

153     That Plaintiff JENNY has no adequate remedy at law and will suffer irreparable damage unless the Defendant ANDY is required to specifically perform the agreement entered into by Plaintiff and Defendant, and deliver the above-described shares to Plaintiff JENNY.

154     That Plaintiff JENNY has no adequate remedy at law and will suffer irreparable damage unless the Necessary Parties KEVIN, JEREMY and ANNIE are required to deliver the above-described shares to Plaintiff JENNY.

**AS AND FOR A EIGHTH CAUSE OF ACTION**

**AGAINST DEFENDANT ANDY**

**FOR CONSTRUCTIVE FRAUD**

155     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "154" above with the same force and effect as if fully set forth at length herein.

156     Defendant ANDY and JENNY is related as family brother and sister.

157    Defendants ANDY and JENNY are business partners that started AANDCO, a dialysis center in Trinidad.

158    That Plaintiff Jenny proposed to Defendant ANDY that she would invest the effort to organize and found the dialysis center business AANDCO, Defendant ANDY would invest the money, and that Plaintiff JENNY and Defendant ANDY would each own 50% of the company and keep 50% of the profits and JENNY be the Director of Clinical Operations at a salary.

159    Defendant ANDY breached his fiduciary duties to JENNY.

160    Defendant ANDY falsely misrepresented his statements to JENNY that he will invest the startup costs and split the profits 50% each and both be equal owners 50% of the company.

161    Defendant Andy falsely misrepresented to JENNY and the shareholders of AANDCO of the agreement with JENNY to share the business and AANDCO 50% shareholder and 50% profit.

162    Defendants made to Plaintiff one or more misleading representations and/or omitted making reasonably accurate representations and/ or concealed material information regarding the agreement between ANDY and JENNY to share the business as equal owners of 50% and share profits 50% each, JENNY run the operations as Clinical Director and be paid a salary on the BREACH OF CONTRACT cause of action.

163    Defendant breached the aforementioned fiduciary duties to gain unfair advantage over the Plaintiff into concluding that she will perform effort, labor, materials and research to form AANDCO and she will get 50% ownership and 50% share of profits.

164    Plaintiff, at all times relevant, was ignorant of the Defendant's fraudulent conduct as herein alleged. In reasonable reliance on said conduct, Plaintiff went along with the defendant to proceed to provide work, labor and services performed and the additional funds and materials that she supplied.

–24–

165     As a result of the foregoing, Plaintiff JENNY has been damaged in the amount with interest thereon to be proven at trial.

166     The aforementioned conduct of the defendant was materially misleading representation and/or omission and/or concealment of material facts known to the defendants, with such callous disregard of their fiduciary duties, so as to justify an award of punitive damages.

**AS AND FOR A NINTH CAUSE OF ACTION**

**AGAINST DEFENDANTS ANDY and AANDCO**

**AND NECESSARY PARTIES KEVIN, JEREMY & ANNIE**

**TO IMPOSE A CONSTRUCTIVE FRAUD**

167     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "166" above with the same force and effect as if fully set forth at length herein.

168     Defendant ANDY, KEVIN and JEREMY are directors of AANDCO since 2013.

169     Defendants ANDY, KEVIN, JEREMY and JENNY are related as follows, ANDY and JENNY are brother and sister and KEVIN and JEREMY are their nephews.

170     Defendants ANDY, AANDCO, KEVIN, JEREMY and ANNIE were aware that on about February 2015 through May 2015 and ongoing that JENNY claimed to be 50% shareholder, 50% profit and was demanding payment for her shares, to obtain equal distribution of assets, profits and to be paid her salary and fees for labor and startup of AANDCO.

171     Defendants, ANDY, AANDCO, KEVIN and JEREMY have a fiduciary responsibility as Directors of AANDCO and to act in that capacity for all liabilities and claims arising from any dispute as it pertains to the operations of AANDCO.

172     Defendants ANDY, KEVIN and JEREMY directors of AANDCO distributed shares of AANDCO on or about August 2015 with the intent to defraud and eliminate JENNY as a shareholder.

173     Defendant ANDY falsely misrepresented the agreement with JENNY to AANDCO.

174     Defendants KEVIN and JEREMY false misrepresentation to assist with share distribution, even though they had knowledge of the dispute and claims made by JENNY about her part of AANDCO as it pertains to shares, profit, salary and monies due to JENNY from AANDCO.

175     Defendants, ANDY, KEVIN and JEREMY as directors of AANDCO never made any attempt to seek the truth or resolve this claim on behalf of AANDCO but instead continued to carry on with attempts to assist with dishonesty.

176     Defendants made to Plaintiff one or more misleading representations and/or omitted making reasonably accurate representations and/ or concealed material information regarding the agreement between ANDY and JENNY to share the business as equal owners of 50% and share profits 50% each, JENNY run the operations as Clinical Director and be paid a salary on the BREACH OF CONTRACT cause of action.

177     Defendants breached the aforementioned fiduciary duties to gain unfair advantage over the Plaintiff into concluding that she will perform effort, labor, materials and research to form AANDCO and she will get 50% ownership and 50% share of profits.

178     Plaintiff, at all times relevant, was ignorant of the Defendant's fraudulent conduct as herein alleged. In reasonable reliance on said conduct, Plaintiff went along with the defendant to proceed to provide work, labor and services performed and the additional funds and materials that she supplied.

179     Consequently, the Plaintiff has been damaged in the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US

$220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations.

180     The aforementioned conduct of the defendant was materially misleading representation and/or omission and/or concealment of material facts known to the defendants, with such callous disregard of their fiduciary duties, so as to justify an award of punitive damages.

## AS AND FOR A TENTH CAUSE OF ACTION
## AGAINST DEFENDANTS KDR, KEVIN AND JEREMY
## AS A CONSTRUCTIVE FRAUD

181     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "180" above with the same force and effect as if fully set forth at length herein.

182     The Defendants, ANDY, AANDCO, KEVIN, JEREMY and ANNIE above may have disposed of assets, shares or transfer by sale or gift to KDR.

183     The Defendants, ANDY, AANDCO, KEVIN, JEREMY and ANNIE was aware that there was a claim against AANDCO and each of them individually.

191    The aforementioned conduct of the defendants was materially misleading representation and/or omission and/or concealment of material facts known to the defendants, with such callous disregard of their fiduciary duties, so as to justify an award of punitive damages.

## AND AS FOR A ELEVENTH CAUSE OF ACTION

## AGAINST DEFENDANTS

## AND NECESSARY PARTIES KEVIN, JEREMY AND KDR

## TO IMPOSE CONSTRUCTIVE TRUSTEE/ CONSTRUCTIVE TRUST

192    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "191" above with the same force and effect as if fully set forth at length herein.

193    That on around November 29th 2015, Jenny had gotten information that Aandco shares was redistributed according to document dated August 7th 2015 for share to include Kevin, 2900, Jeremy 2500, Annie 4500 and Andy 600. Jenny informed Kevin once again of this information and the 50/50 ownership between Andy and Jenny. Jenny requested resolution and if none she would take the matter to court.

194    That around 12/1/15 upon hearing that Andy stated that he will close the dialysis center in response to her finding out the distribution of the shares and that Aandco was being evicted and give up licensure of the Dialysis Center, Jenny contacted Kevin to resolve the matter with the possibility of have having Kevin and Jeremy transfer shares. Jenny mentioned to Kevin that if the matter was not resolved that she would pursue the matter in court.

195    That on 12/2/15 Jenny had an attorney in Trinidad contact Kevin about the shares transfer and he told her, there will be no transfer of shares.

196    That on 12/2/15 Plaintiff Jenny contacted Kevin, director of Aandco that if the matter is not resolved she will take it to court.

–29–

197     That on 12/4/15 Plaintiff Jenny contacted Kevin, explaining in detailed how she worked 5 years to create Aandco and Andy and the plaintiff had an agreement and that Andy was not honoring the agreement and she will pursue the matter in court.

198     That since March 2015, that Kevin and Jeremy was aware that there is a possible breach of trust, breach of contract, between Plaintiff Jenny and Andy regarding Aandco.

199     That since March 2015, Plaintiff Jenny has been trying to resolve her share on interest in Aandco and that shares were further distributed in August to Kevin 2900, Jeremy 2500, Annie 4500 and Andy 600, in an attempt to decrease Andy's share of the business against Plaintiff Jenny and his wife due to divorce proceedings. Andy and Kevin did divide up the shares to avoid legal litigation.

200     That on 12/6/15 Plaintiff Jenny text Andy that Annie cannot have shares in a profitable company as it would affect her Medicaid benefits and she would liable for all hospital bills, nursing home bills, therapy and services.

201     That on or around January 14th 2016 Kevin visited Annie in Nebraska, USA and then Andy in New York in a possible further attempt to dissolve shares or transfer assets from Aandco.

202     That on 1/8/16 Kevin Ramgoolie registered a new company called KDR Medical Care Ltd, the directors Kevin and Jeremy. The address 47 Eleanor Street, Chaguanas Trinidad and listed as Main area of business activity is Dialysis Treatment.

203     That on or about 1/8/16 Andy, Kevin, Jeremy, Aandco and KDR Medical care developed a fraudulent/ dishonest plan which will result in a breach of duty of Andy to Plaintiff Jenny.

204     That on or about 1/8/16 Kevin had full knowledge of the possible breach of trust of Andy and Aandco since March 2015 to Plaintiff Jenny Ramgoolie and that he is assisting a fiduciary to breach his duty.

205     That on or about 1/8/16 Kevin knew of the circumstances which made the possible transfer of trust property in breach of trust or fiduciary duty from Aandco to KDR Medical Care Ltd.

206     That sometime in March 2016 KDR Medical care now operates the dialysis center once known as Aandco Health Care, it has the same address, the same customers, the same directors and the same equipment.

207    That on sometime in March 2016 KDR, Kevin and Jeremy knowing and received Aandco Healthcare Ltd in breach of trust and therefore KDR, Kevin and Jeremy should be considered the constructive trustee and hold KDR in constructive trust.

208    That Plaintiff JENNY is fearful that, as a result of Defendant ANDY's breach of his agreement with JENNY, the shares and/or assets of KDR may soon be transferred to the detriment of Plaintiff JENNY.

209    Defendant KEVIN and JEREMY would be unjustly enriched at Plaintiff JENNY's expense if title to KDR's shares and/or assets were transferred without (a) JENNY being given the value of her half of KDR's shares and/or assets or (b) if a constructive trust is not imposed by this Court with respect to KDR's shares and/or assets requiring Defendant KEVIN and JEREMY to hold Plaintiff JENNY's beneficial ownership of KDR's shares and assets in trust for Plaintiff.

210    That Plaintiff JENNY has no adequate remedy at law and will suffer irreparable damage unless the Defendant KEVIN and JEREMY is required to specifically perform the agreement entered into by Plaintiff and Defendant, and deliver the above-described shares to Plaintiff JENNY.

211    That Plaintiff JENNY has no adequate remedy at law and will suffer irreparable damage unless the Necessary Parties KEVIN and JEREMY are required to deliver the above-described shares to Plaintiff JENNY.

212    Further requests that KDR shares or assets not be further distributed and restraining by sale/transfer or conveyance.

## AS AND FOR A TWELVTH CAUSE OF ACTION

## AGAINST DEFENDANTS ANDY FOR

## DAMAGES FOR BREACH OF FIDUCIARY DUTIES

–31–

213   The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "_212_" above with the same force and effect as if fully set forth at length herein.

214   Plaintiff is informed and believes and thereon alleges that during the periods of time alleged herein, Defendant ANDY occupied the position of conservator, advisor, attorney-in-fact, custodian, trustee, agent and fiduciary to the Plaintiff JENNY.

215   Plaintiff is informed and believes and thereon alleges that during the periods of time, taking advantage of this trust, confidence and influence, Defendant ANDY induced, persuaded and convinced Plaintiff JENNY to provide the labor, effort and necessary work, to include hiring of staff, reviewing Policies and Procedures and all as mentioned above, for her Share of 50% ownership of AANDCO, 50% profit, her salary as Director of Operations and other expenses as they occur, to start a Dialysis center in Trinidad. Plaintiff JENNY would not have spent years putting together and engaging in starting up this company had the Defendant ANDY not taken advantage of this trust and confidence reposed in Defendant ANDY by Plaintiff JENNY and had Defendant ANDY not induced, convinced and persuaded plaintiff JENNY that it was no problem to get her fair share, Plaintiff JENNY would not have proceeded to continue to provide all the materials, labor, effort and all aforementioned above.

216   Plaintiff is informed and believes and thereon alleges that during the periods of time Defendant ANDY and Plaintiff JENNY spent hundreds of hours on the phone since 2010, and via email working in partnership to form and start the Dialysis business AANDCO and Defendant ANDY breached his duty of care and loyalty to Plaintiff JENNY by engaging in, participating in, aiding and abetting and facilitating unlawful actions, or omissions, including but not limited to, the following acts/omissions in violation of common law trust principals and state statutes:

   a) Defendant ANDY caused the Plaintiff JENNY not to receive her 50% shares of AANDCO as per their agreement.

–32–

.

b)   Defendant ANDY caused the Plaintiff JENNY not to receive her 50% profit of AANDCO as per their agreement.

c)   Defendant ANDY caused the Plaintiff JENNY not to receive her salary as Director of Operations.

d)   Defendant ANDY caused the Plaintiff JENNY not to receive her compensation for compiling all the work necessary to start AANDCO.

e)   Defendant ANDY caused the Plaintiff JENNY not to receive her shares of AANDCO and was further participated in the redistribution of shares of AANDCO to include JEREMY and ANNIE.

f)   Defendant ANDY caused the plaintiff not to receive all of her shares, profit, salary, and startup time, labor and effort to start AANDCO by a possible sale/transfer or gift of AANDCO to KDR.

217   At all times relevant herein, Defendant ANDY failed to act in good faith, in the best interests of Plaintiff JENNY, and with such care as an ordinarily prudent person in a like position would use under similar circumstances.

218   As a proximate cause of the breach of the fiduciary duty of care Plaintiff JENNY has been damaged in the estimated the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from

–33–

March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations.

219   In performing the acts herein alleged, Defendant ANDY, was willful and wanton and was fraudulent, malicious, and oppressive and was undertaken with the intent to defraud the Plaintiff JENNY and thus justify the awarding of exemplary and punitive damages against the defendant ANDY named in this cause of action.

<u>**AS AND FOR A THIRTEENTH CAUSE OF ACTION**</u>

<u>**AGAINST DEFENDANTS ANDY AND AANDCO**</u>

<u>**AND NECESSARY PARTIES KEVIN, JEREMY**</u>

<u>**DAMAGES FOR BREACH OF FIDUCIARY DUTIES**</u>

220   The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through " 219  " above with the same force and effect as if fully set forth at length herein.

221   Plaintiff is informed and believes and thereon alleges that during the periods of time alleged herein, Defendant ANDY, AANDCO, KEVIN AND JEREMY occupied the position of conservator, advisor, attorney-in-fact, custodian, trustee, agent and fiduciary to the Plaintiff JENNY.

222   Plaintiff is informed and believes and thereon alleges that during the periods of time, taking advantage of this trust, confidence and influence, Defendants ANDY, AANDCO, KEVIN AND JEREMY induced, persuaded and convinced Plaintiff JENNY to provide the labor, effort and necessary work, to include hiring of staff, reviewing Policies and Procedures and all as mentioned above, for her hare of 50% ownership of AANDCO, 50% profit, her salary as Director

–34–

of Operations and other expenses as they occur, to start a Dialysis center in Trinidad. Plaintiff JENNY would not have spent years putting together and engaging in starting up this company had the Defendant ANDY not taken advantage of this trust and confidence reposed in Defendant ANDY by Plaintiff JENNY and had Defendant ANDY not induced, convinced and persuaded plaintiff JENNY that it was no problem to get her fair share, Plaintiff JENNY would not have proceeded to continue to provide all the materials, labor, effort and all aforementioned above.

223   Plaintiff is informed and believes and thereon alleges that during the periods of time Defendants ANDY, AANDCO, KEVIN AND JEREMY and Plaintiff JENNY spent hundreds of hours on the phone since 2010, and via email working in partnership to form and start the Dialysis business AANDCO, including conversations via phone and emails to KEVIN and JEREMY about set up and operations, and Defendants ANDY, AANDCO, KEVIN AND JEREMY breached his duty of care and loyalty to Plaintiff JENNY by engaging in, participating in, aiding and abetting and facilitating unlawful actions, or omissions, including but not limited to, the following acts/omissions in violation of common law trust principals and state statutes:

g)   Defendants ANDY, AANDCO, KEVIN AND JEREMY caused the Plaintiff JENNY not to receive her 50% shares of AANDCO as per their agreement.

h)   Defendants ANDY, AANDCO, KEVIN AND JEREMY caused the Plaintiff JENNY not to receive her 50% profit of AANDCO as per their agreement.

i)   Defendants ANDY, AANDCO, KEVIN AND JEREMY caused the Plaintiff JENNY not to receive her salary as Director of Operations.

j)   Defendants ANDY, AANDCO, KEVIN AND JEREMY caused the Plaintiff JENNY not to receive her compensation for compiling all the work necessary to start AANDCO.

k)   Defendants ANDY, AANDCO, KEVIN AND JEREMY caused the Plaintiff JENNY not to receive her shares of AANDCO and was further participated in the redistribution of shares of AANDCO to include JEREMY and ANNIE.

l)   Defendants ANDY, AANDCO, KEVIN AND JEREMY caused the plaintiff not to receive all of her shares, profit, salary, and startup time, labor and effort to start AANDCO by a possible sale/transfer or gift of AANDCO to KDR.

224   Defendants ANDY, AANDCO, KEVIN, JEREMY and ANNIE were aware that on about February 2015 through May 2015 and ongoing that JENNY claimed to be 50% shareholder, 50% profit and was demanding payment for her shares, to obtain equal distribution of assets, profits and to be paid her salary and consulting fees for AANDCO.

225   Plaintiff is informed and believes and thereon alleges that Defendants ANDY, AANDCO, KEVIN AND JEREMY, each of them are and all times relevant herein were, officers and directors and/or de facto officers and/or de facto directors of AANDCO and have owed fiduciary duties of due care to the liabilities of AANDCO.

226   At all times relevant herein, Defendants ANDY, AANDCO, KEVIN AND JEREMY failed to act in good faith, in the best interests of Plaintiff JENNY, and with such care as an ordinarily prudent person in a like position would use under similar circumstances.

227   As a proximate cause of the breach of the fiduciary duty of care Plaintiff JENNY has been damaged in the estimated the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her

one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016, and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations.

228   In performing the acts herein alleged, Defendants ANDY, AANDCO, KEVIN AND JEREMY, was willful and wanton and was fraudulent, malicious, and oppressive and was undertaken with the intent to defraud the Plaintiff JENNY and thus justify the awarding of exemplary and punitive damages against the defendant ANDY named in this cause of action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION

### AGAINST DEFENDANTS KDR

### AND NECESSARY PARTIES KEVIN AND JEREMY

### FOR DAMAGES FOR BREACH OF FIDUCIARY DUTIES

229   The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through " 228 " above with the same force and effect as if fully set forth at length herein.

230   Plaintiff is informed and believes and thereon alleges that during the periods of time alleged herein, Defendants, KDR, KEVIN AND JEREMY occupied the position of conservator, advisor, attorney-in-fact, custodian, trustee, agent and fiduciary to the Plaintiff JENNY as it relates to the liability and claims of AANDCO.

231    Plaintiff is informed and believes and thereon alleges that during the periods of time, taking advantage of this trust, confidence and influence, Defendants KDR, KEVIN AND JEREMY was aware that ANDY induced, persuaded and convinced Plaintiff JENNY to provide the labor, effort and necessary work, to include hiring of staff, reviewing Policies and Procedures and all as mentioned above, for her hare of 50% ownership of AANDCO, 50% profit, her salary as Director of Operations and other expenses as they occur, to start a Dialysis center in Trinidad. Plaintiff JENNY would not have spent years putting together and engaging in starting up this company had the Defendants KDR, KEVIN and JEREMY has now taken advantage of this trust and confidence reposed in Defendant ANDY by Plaintiff JENNY and had Defendant ANDY not induced, convinced and persuaded plaintiff JENNY that it was no problem to get her fair share, Plaintiff JENNY would not have proceeded to continue to provide all the materials, labor, effort and all aforementioned above.

232    Plaintiff is informed and believes and thereon alleges that during the periods of time Defendants ANDY, AANDCO, KEVIN AND JEREMY and Plaintiff JENNY spent hundreds of hours on the phone since 2010, and via email working in partnership to form and start the Dialysis business AANDCO, including conversations via phone and emails to KEVIN and JEREMY about set up and operations, and Defendants ANDY, AANDCO, KEVIN AND JEREMY breached his duty of care and loyalty to Plaintiff JENNY by engaging in, participating in, aiding and abetting and facilitating unlawful actions, or omissions, including but not limited to, the following acts/omissions in violation of common law trust principals and state statutes and by setting up and operating a new company called KDR :

A)    Defendants KDR, KEVIN AND JEREMY caused the Plaintiff JENNY not to receive her 50% shares of AANDCO as per their agreement.

B)    Defendants KDR, KEVIN AND JEREMY caused the Plaintiff JENNY not to receive her 50% profit of AANDCO as per their agreement.

–38–

C) Defendants KDR, KEVIN AND JEREMY caused the Plaintiff JENNY not to receive her salary as Director of Operations.

D) Defendants KDR, KEVIN AND JEREMY caused the Plaintiff JENNY not to receive her compensation for compiling all the work necessary to start AANDCO.

E) Defendants KDR, KEVIN AND JEREMY caused the Plaintiff JENNY not to receive her shares of AANDCO and was further participated in the redistribution of shares of AANDCO to include JEREMY and ANNIE.

F) Defendants KDR, KEVIN AND JEREMY caused the plaintiff not to receive all of her shares, profit, salary, and startup time, labor and effort and is receiving benefits via unjust enrichment.

233     Defendants KEVIN and JEREMY were aware that on about February 2015 through May 2015 and ongoing that JENNY claimed to be 50% shareholder, 50% profit and was demanding payment for her shares, to obtain equal distribution of assets, profits and to be paid her salary and STARTUP fees for AANDCO.

234     Plaintiff is informed and believes and thereon alleges that Defendants KEVIN AND JEREMY, each of them are and all times relevant herein were, officers and directors and/or de facto officers and/or de facto directors of AANDCO and KDR and have owed fiduciary duties of due care to the liabilities and claims of AANDCO and now set up KDR to further defraud Plaintiff JENNY.

235     At all times relevant herein, Defendants KDR, KEVIN AND JEREMY failed to act in good faith, in the best interests of Plaintiff JENNY, and with such care as an ordinarily prudent person in a like position would use under similar circumstances.

236    As a proximate cause of the breach of the fiduciary duty of care Plaintiff JENNY has been damaged in the estimated the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations.

237    In performing the acts herein alleged, Defendants KDR, KEVIN AND JEREMY, was willful and wanton and was fraudulent, malicious, and oppressive and was undertaken with the intent to defraud the Plaintiff JENNY and thus justify the awarding of exemplary and punitive damages against the defendant ANDY named in this cause of action.


### AS AND FOR A FIFTHTEENTH CAUSE OF ACTION

### AGAINST DEFENDANTS ANDY, AANDCO

### AND NECESSARY PARTIES KEVIN AND JEREMY

### FOR DAMAGES FOR SELF-DEALING TRANSACTIONS


238    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "237" above with the same force and effect as if fully set forth at length herein.

–40–

239   As to Defendants, ANDY, AANDCO, KEVIN and JEREMY through the DIVISION OF SHARES of AANDCO constituted a self-dealing transaction. At the time of the transfer, these individual defendants were officers and/or directors and/or de facto directors of AANDCO. The transactions were not fair and reasonable to Plaintiff JENNY at the time it occurred and done for the purposes of advancing their own interests or financial advantage.

240   As a proximate result of the transfer of shares to ANDY, KEVIN, JEREMY and ANNIE  IN SELF DEALING TRANSACTIONS Plaintiff JENNY  has been damaged the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations.

241   In performing the acts herein alleged, Defendants ANDY, AANDCO, KEVIN AND JEREMY, was willful and wanton and was fraudulent, malicious, and oppressive and was undertaken with the intent to defraud the Plaintiff JENNY and thus justify the awarding of exemplary and punitive damages against the defendants named in this cause of action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION

### AGAINST DEFENDANTS ANDY, AANDCO

–41–

**AND NECESSARY PARTIES KEVIN AND JEREMY**

**FOR DAMAGES FOR SELF-DEALING TRANSACTIONS**

242     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "241  " above with the same force and effect as if fully set forth at length herein.

243     As to Defendants, ANDY, AANDCO, KEVIN and JEREMY through the transfer/sale and/or gift from AANDCO to KDR constituted a self-dealing transaction. At the time of the transfer, these individual defendants were officers and/or directors and/or de facto directors of AANDCO and KEVIN and JEREMY were officers and/or directors and/or de facto directors. The transactions were not fair and reasonable to Plaintiff JENNY at the time it occurred and done for the purposes of advancing their own interests or financial advantage.

**244**     As a proximate result of the transfer/sale and/or gift from AANDCO to KDR  IN SELF-DEALING TRANSACTIONS Plaintiff JENNY has been damaged the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations.

245     In performing the acts herein alleged, Defendants ANDY, AANDCO, KEVIN AND JEREMY, was willful and wanton and was fraudulent, malicious, and oppressive and was undertaken with the