intent to defraud the Plaintiff JENNY and thus justify the awarding of exemplary and punitive damages against the defendants named in this cause of action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION

## AGAINST DEFENDANTS ANDY, AANDCO

## AND NECESSARY PARTIES KEVIN AND JEREMY

## FOR DAMAGES FOR NEGLIGENCE

246    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through " 245 " above with the same force and effect as if fully set forth at length herein.

247    At all times relevant herein, each of the Defendants named in this cause of action voluntary undertook the duties and responsibilities of director and/or officer of AANDCO whether or not formally elected as director or officer. The voluntary undertaking of these duties and responsibilities created a duty on the part of these defendants to exercise due care in the performance of those duties and responsibilities.

248    The Defendants breached the duty of care they owed to AANDCO and its liabilities and claims and by committing actions and omissions set forth above.

249    Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants breach of duty of care it owed to AANDCO as alleged in this cause of action and as a result of the failure of the Defendants to operate the corporation in the manner required by law, shares have been improperly divided and no regard to the information and requests of Plaintiff JENNY that she was defrauded by the Defendants.

250   Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants NEGLIGENCE it owed to AANDCO Plaintiff JENNY has been damaged the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations.

251   In performing the acts herein alleged, Defendants ANDY, AANDCO, KEVIN AND JEREMY, was willful and wanton and was fraudulent, malicious, and oppressive and was undertaken with the intent to defraud the Plaintiff JENNY and thus justify the awarding of exemplary and punitive damages against the defendants named in this cause of action.

### AS AND FOR A EIGHTEENTH CAUSE OF ACTION

### AGAINST DEFENDANTS KDR

### AND NECESSARY PARTIES KEVIN AND JEREMY

### FOR DAMAGES FOR NEGLIGENCE

252   The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "251__" above with the same force and effect as if fully set forth at length herein.

253     At all times relevant herein, each of the Defendants named in this cause of action voluntary undertook the duties and responsibilities of director and/or officer of AANDCO/ KDR whether or not formally elected as director or officer. The voluntary undertaking of these duties and responsibilities created a duty on the part of these defendants to exercise due care in the performance of those duties and responsibilities.

254     The Defendants breached the duty of care they owed to AANDCO/ KDR and its liabilities and claims and by committing actions and omissions set forth in paragraph 221 and 230 above.

255     Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants breach of duty of care it owed to AANDCO/ KDR as alleged in this cause of action and as a result of the failure of the Defendants to operate the corporation in the manner required by law, shares have been improperly divided and no regard to the information and requests of Plaintiff JENNY that she receive her share as aforementioned. Defendants have all participated and received the fruits of labor by Plaintiff JENNY.

256     Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants NEGLIGENCE it owed to AANDCO Plaintiff JENNY has been damaged the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations. Including 50% shares of KDR and 50% profit of KDR.

257     In performing the acts herein alleged, Defendants KDR, KEVIN AND JEREMY, was willful and wanton and was fraudulent, malicious, and oppressive and was undertaken with the intent to defraud the Plaintiff JENNY and thus justify the awarding of exemplary and punitive damages against the defendants named in this cause of action.


**AS AND FOR A NINETEENTH CAUSE OF ACTION**

**AGAINST DEFENDANTS ANDY**

**FOR DAMAGES FOR CONSPIRACY TO DEFRAUD JENNY**


258     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "_257_" above with the same force and effect as if fully set forth at length herein.

259     Plaintiff is informed and believes and thereon alleges that on and about August 2015 Defendant intentionally and willfully conspired and agreed to defraud Plaintiff JENNY by unlawfully depriving her of her shares and profit of AANDCO and further dividing the shares to include JEREMY and ANNIE.

260     Plaintiff is informed and believes and thereon alleges that on around the beginning of the year 2016 Defendant intentionally and willfully conspired to and agreed to defraud Plaintiff JENNY by transfer/sale/gift of AANDCO to KDR.

**261**     Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants CONSPIRACY it owed to AANDCO Plaintiff JENNY has been damaged the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest

–46–

thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016, and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations. Including 50% shares of KDR and 50% profit of KDR.

262   The acts as alleged in this cause of action were willful, wanton, malicious and oppressive and were undertaken to defraud Plaintiff JENNY and thus justify the awarding of exemplary and punitive damages against the defendants named in this cause of action.

**AS AND FOR A TWENTIETH CAUSE OF ACTION**

**AGAINST DEFENDANTS ANDY, AANDCO**

**AND NECESSARY PARTIES KEVIN AND JEREMY**

**FOR DAMAGES FOR CONSPIRACY TO DEFRAUD JENNY**

263   The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "_262_" above with the same force and effect as if fully set forth at length herein. Plaintiff is informed and believes and thereon alleges that on and about August 2015 Defendant intentionally and willfully conspired and agreed to defraud Plaintiff JENNY by unlawfully depriving her of her shares and profit of AANDCO and further dividing the shares to include JEREMY and ANNIE.

264   Plaintiff is informed and believes and thereon alleges that on around the beginning of the year 2016 Defendant intentionally and willfully conspired to and agreed to defraud Plaintiff JENNY by transfer/sale/gift of AANDCO to KDR.

–47–

265    Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants CONSPIRACY it owed to AANDCO Plaintiff JENNY has been damaged the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations. Including 50% shares of KDR and 50% profit of KDR.

266    The acts as alleged in this cause of action were willful, wanton, malicious and oppressive and were undertaken to defraud Plaintiff JENNY and thus justify the awarding of exemplary and punitive damages against the defendants named in this cause of action.


### AS AND FOR A TWENTYFIRST CAUSE OF ACTION

### AGAINST DEFENDANTS KDR

### AND NECESSARY PARTIES KEVIN AND JEREMY

### FOR DAMAGES FOR CONSPIRACY TO DEFRAUD JENNY


267    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through " 266  " above with the same force and effect as if fully set forth at length herein.

--48--

268    Plaintiff is informed and believes and thereon alleges that on and about August 2015 Defendant intentionally and willfully conspired and agreed to defraud Plaintiff JENNY by unlawfully depriving her of her shares and profit of AANDCO and further dividing the shares to include JEREMY and ANNIE.

269    Plaintiff is informed and believes and thereon alleges that on around the beginning of the year 2016 Defendant intentionally and willfully conspired to and agreed to defraud Plaintiff JENNY by transfer/sale/gift of AANDCO to KDR.

**270**    Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants CONSPIRACY it owed to AANDCO Plaintiff JENNY has been damaged the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations. Including 50% shares of KDR and 50% profit of KDR.

271    The acts as alleged in this cause of action were willful, wanton, malicious and oppressive and were undertaken to defraud Plaintiff JENNY and thus justify the awarding of exemplary and punitive damages against the defendants named in this cause of action.


### AS AND FOR A TWENTYSECOND CAUSE OF ACTION

### AGAINST DEFENDANTS ANDY

**FOR DAMAGES FOR AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY**

272   The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through " 271 " above with the same force and effect as if fully set forth at length herein.

273   Plaintiff is informed and believes and thereon alleges that on and about August 2015 Defendant intentionally and willfully aided and abetted and/or participated in the aforementioned breach of duty for the purpose of advancing their own interests or financial advantage and agreed to defraud Plaintiff JENNY by unlawfully depriving her of her shares and profit of AANDCO and further dividing the shares to include JEREMY and ANNIE.

274   Plaintiff is informed and believes and thereon alleges that on around the beginning of the year 2016 Defendant intentionally and willfully aided and abetted and/or participated in the aforementioned breach of duty for the purpose of advancing their own interests or financial advantage and agreed to defraud Plaintiff JENNY by transfer/sale/gift of AANDCO to KDR.

**275**   Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants breach of duty of care it owed to AANDCO Plaintiff JENNY has been damaged the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations. Including 50% shares of KDR and 50% profit of KDR.

–50–

276    The acts as alleged in this cause of action were willful, wanton, fraudulent, malicious and
       oppressive and were undertaken to defraud Plaintiff JENNY and thus justify the awarding of
       exemplary and punitive damages against the defendants named in this cause of action.


### AS AND FOR A TWENTYTHIRD CAUSE OF ACTION

### AGAINST DEFENDANTS AANDCO

### AND NECESSARY PARTIES KEVIN AND JEREMY

### FOR DAMAGES FOR AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY


277    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs
       "1" through "276" above with the same force and effect as if fully set forth at length herein.

278    Plaintiff is informed and believes and thereon alleges that on and about August 2015 Defendant
       intentionally and willfully aided and abetted and/or participated in the aforementioned breach
       of duty for the purpose of advancing their own interests or financial advantage and agreed to
       defraud Plaintiff JENNY by unlawfully depriving her of her shares and profit of AANDCO and
       further dividing the shares to include JEREMY and ANNIE.

279    Plaintiff is informed and believes and thereon alleges that on around the beginning of the year
       2016 Defendant intentionally and willfully aided and abetted and/or participated in the
       aforementioned breach of duty for the purpose of advancing their own interests or financial
       advantage and agreed to defraud Plaintiff JENNY by transfer/sale/gift of AANDCO to KDR.

280    Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants
       AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY  of care it owed to AANDCO Plaintiff
       JENNY has been damaged the sum equal to the value of (a) her salary as Director of Clinical

Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000 with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations. Including 50% shares of KDR and 50% profit of KDR.

281    The acts as alleged in this cause of action were willful, wanton, fraudulent, malicious and oppressive and were undertaken to defraud Plaintiff JENNY and thus justify the awarding of exemplary and punitive damages against the defendants named in this cause of action.


### AS AND FOR A TWENTYFOURTH CAUSE OF ACTION

### AGAINST DEFENDANTS KDR

### AND NECESSARY PARTIES KEVIN AND JEREMY

### FOR DAMAGES FOR AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY


282    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through " 281   " above with the same force and effect as if fully set forth at length herein.

283    Plaintiff is informed and believes and thereon alleges that on and about August 2015 Defendant intentionally and willfully aided and abetted and/or participated in the aforementioned breach of duty for the purpose of advancing their own interests or financial advantage and agreed to

defraud Plaintiff JENNY by unlawfully depriving her of her shares and profit of AANDCO and further dividing the shares to include JEREMY and ANNIE.

284     Plaintiff is informed and believes and thereon alleges that on around the beginning of the year 2016 Defendant intentionally and willfully aided and abetted and/or participated in the aforementioned breach of duty for the purpose of advancing their own interests or financial advantage and agreed to defraud Plaintiff JENNY by transfer/sale/gift of AANDCO to KDR.

**285**     Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants AIDING AND ABETTING A BREACH OF FIDUCIARY of care it owed to AANDCO Plaintiff JENNY has been damaged the sum equal to the value of (a) her salary as Director of Clinical Operations, in the sum of US $10,000 per month for 22 months to equal US $220,000with interest thereon from July 2014 to current ; (b) the fair value of the shares of the company that were denied her, in the sum of US $8.0 million  with interest thereon from July 2014; and (c) her one-half share of the profits of the corporation, in the sum of $US 674,741.00, with interest thereon from July 2014 through February 2016,  and a monthly profit of US $88,387. from March 2016 and ongoing and will be increased as patients increase and (d) Effort and Labor to startup AANDCO in the sum of US$500,000 and (e) equal share of all assets of AANDCO to include all equipment, furniture and supplies and her position as Director of Clinical Operations. Including 50% shares of KDR and 50% profit of KDR.

286     The acts as alleged in this cause of action were willful, wanton, fraudulent, malicious and oppressive and were undertaken to defraud Plaintiff JENNY and thus justify the awarding of exemplary and punitive damages against the defendants named in this cause of action.

## AS AND FOR A TWENTYFIFTH CAUSE OF ACTION

## AGAINST DEFENDANTS ANDY

**TO IMPOSE A CONSTRUCTIVE TRUST AND AN ORDER OF CONVEYANCE**

**FOR WRONGFUL RETENTION OF SHARES OF AANDCO /UNJUST ENRICHMENT**

287     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through " 286  " above with the same force and effect as if fully set forth at length herein.

288     The transfer of shares in August 2015 to ANDY, KEVIN, JEREMY and ANNIE was a breach of trust and occurred as a result of fraud. But for the breach of trust and fraud, the transfer would not have taken place.

289     The transfers of the shares in August 2015 to ANDY, KEVIN, JEREMY and ANNIE was wrongful. The retention of these shares constitutes unjust enrichment. The shares of ANDY, KEVIN, JEREMY and ANNIE of AANDCO is thus subject to a constructive trust for the benefit of Plaintiff JENNY.

290     The transfer of AANDCO and shares of ANDY, KEVIN, JEREMY and ANNIE by sale/gift to KDR was wrongful. The retention of the shares of KDR by the parties is subject to a constructive trust for the benefit of the plaintiff JENNY.

291     In doing the acts alleged in this cause of action, defendant ANDY acted in callous disregard of the rights of the Plaintiff JENNY, knowing that this conduct would injure her. In doing the acts alleged in this cause of action, defendants engaged in fraudulent, oppressive and malicious conduct and Plaintiff is, therefore, entitled to an award of punitive damages in the amount decided at the time of trial.

**AS AND FOR A TWENTYSIXTH CAUSE OF ACTION**

**AGAINST DEFENDANTS AANDCO, KEVIN, JEREMY AND ANNIE**

**TO IMPOSE A CONSTRUCTIVE TRUST AND AN ORDER OF CONVEYANCE**

**FOR WRONGFUL RETENTION OF SHARES OF AANDCO /UNJUST ENRICHMENT**

292     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "291" above with the same force and effect as if fully set forth at length herein.

293     The transfer of shares in August 2015 to ANDY, KEVIN, JEREMY and ANNIE was a breach of trust and occurred as a result of fraud. But for the breach of trust and fraud, the transfer would not have taken place.

294     The transfers of the shares in August 2015 to ANDY, KEVIN, JEREMY and ANNIE was wrongful. The retention of these shares constitutes unjust enrichment. The shares of ANDY, KEVIN, JEREMY and ANNIE of AANDCO is thus subject to a constructive trust for the benefit of Plaintiff JENNY.

295     The transfer of AANDCO and shares of ANDY, KEVIN, JEREMY and ANNIE by sale/gift to KDR was wrongful. The retention of the shares of KDR by the parties is subject to a constructive trust for the benefit of the plaintiff JENNY.

296     In doing the acts alleged in this cause of action, defendants AANDCO, KEVIN, JEREMY and ANNIE acted in callous disregard of the rights of the Plaintiff JENNY, knowing that this conduct would injure her. In doing the acts alleged in this cause of action, defendants engaged in fraudulent, oppressive and malicious conduct and Plaintiff is, therefore, entitled to an award of punitive damages in the amount decided at the time of trial.


**AS AND FOR A TWENTYSEVENTH CAUSE OF ACTION**

**AGAINST DEFENDANTS KDR, KEVIN AND JEREMY**

**TO IMPOSE A CONSTRUCTIVE TRUST AND AN ORDER OF CONVEYANCE**

**FOR WRONGFUL RETENTION OF SHARES OF KDR /UNJUST ENRICHMENT**

297    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through " 296  " above with the same force and effect as if fully set forth at length herein.

298    The transfer of shares in August 2015 to ANDY, KEVIN, JEREMY and ANNIE was a breach of trust and occurred as a result of fraud. But for the breach of trust and fraud, the transfer would not have taken place.

299    The transfers of the shares in August 2015 to ANDY, KEVIN, JEREMY and ANNIE was wrongful. The retention of these shares constitutes unjust enrichment. The shares of ANDY, KEVIN, JEREMY and ANNIE of AANDCO is thus subject to a constructive trust for the benefit of Plaintiff JENNY.

300    The transfer of AANDCO and shares of ANDY, KEVIN, JEREMY and ANNIE by sale/gift to KDR was wrongful. The retention of the shares of KDR by the parties is subject to a constructive trust for the benefit of the plaintiff JENNY.

301    In doing the acts alleged in this cause of action, defendants ANDY, AANDCO, KEVIN, JEREMY and ANNIE acted in callous disregard of the rights of the Plaintiff JENNY, knowing that this conduct would injure her. In doing the acts alleged in this cause of action, defendants engaged in fraudulent, oppressive and malicious conduct and Plaintiff is, therefore, entitled to an award of punitive damages in the amount decided at the time of trial.

**AS AND FOR A TWENTYEIGHTH CAUSE OF ACTION**

**AGAINST DEFENDANTS ANDY, AANDCO, KEVIN, AND JEREMY**

## TO SET ASIDE FRAUDULENT CONVEYANCE

302     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "302" above with the same force and effect as if fully set forth at length herein.

303     Plaintiff is informed and believes and thereon alleges that the shares of AANDCO was distributed by the Defendants, ANDY, AANDCO, KEVIN and JEREMY with the knowledge that they intended to hinder and defraud Plaintiff JENNY.

304     Plaintiff is informed and believes and thereon alleges that the sale/transfer/ gift to KDR was done by the Defendants, ANDY, AANDCO, KEVIN, JEREMY and ANNIE with the knowledge that they intended to hinder and defraud Plaintiff JENNY.

305     That the conveyance/ share distribution from the defendants ANDY, AANDCO and KEVIN to shareholders, ANDY, KEVIN, JEREMY and ANNIE be set aside and declared void as to Plaintiff JENNY's 50% shares of AANDCO.

306     That the conveyance from the Defendants, ANDY, AANDCO, KEVIN, JEREMY and ANNIE to KDR be set aside and declared void as to Plaintiff's JENNY 50% shares of KDR.

307     The Defendants ANDY, AANDCO, KEVIN, JEREMY and ANNIE and their representatives and agents be enjoined and restrained from selling, transferring, conveying, assigning or otherwise disposing of AANDCO.

308     The Defendants KDR, KEVIN and JEREMY and their representatives and agents be enjoined and restrained from selling, transferring, conveying, assigning or otherwise disposing of KDR.

## AS AND FOR A TWENTYNINTH  CAUSE OF ACTION

–57–

**AGAINST DEFENDANTS ANDY, AANDCO, KEVIN, JEREMY AND ANNIE**

**TO SET ASIDE FRAUDULENT CONVEYANCE**

309    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through " 308 " above with the same force and effect as if fully set forth at length herein.

310    Plaintiff is informed and believes and thereon alleges that the shares of AANDCO was distributed by the Defendants, ANDY, AANDCO, KEVIN and JEREMY with the knowledge that they intended to hinder and defraud Plaintiff JENNY.

311    Plaintiff is informed and believes and thereon alleges that the sale/transfer/ gift to KDR was done by the Defendants, ANDY, AANDCO, KEVIN, JEREMY and ANNIE with the knowledge that they intended to hinder and defraud Plaintiff JENNY.

312    That the conveyance/ share distribution from the defendants ANDY, AANDCO and KEVIN to shareholders, ANDY, KEVIN, JEREMY and ANNIE be set aside and declared void as to Plaintiff JENNY's 50% shares of AANDCO.

313    That the conveyance from the Defendants, ANDY, AANDCO, KEVIN, JEREMY and ANNIE to KDR be set aside and declared void as to Plaintiff's JENNY 50% shares of KDR.

314    The Defendants ANDY, AANDCO, KEVIN, JEREMY and ANNIE and their representatives and agents be enjoined and restrained from selling, transferring, conveying, assigning or otherwise disposing of AANDCO.

315    The Defendants KDR, KEVIN and JEREMY and their representatives and agents be enjoined and restrained from selling, transferring, conveying, assigning or otherwise disposing of KDR.

**AS AND FOR A THIRTIETH CAUSE OF ACTION**

**AGAINST DEFENDANTS ANDY**

**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

316   The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "315__" above with the same force and effect as if fully set forth at length herein.

317   Defendant, ANDY conduct constituted financial abuse.

318   Plaintiff spent months trying to resolve this situation in an amicable matter, however Defendant refused and stop communicating with Plaintiff.

319   Plaintiff are informed and believe and thereon allege that Defendant conduct was intentional and malicious and done for the purpose of causing the Plaintiff JENNY to suffer humiliation, embarrassment, mental anguish and emotional distress. Defendants conduct in confirming and ratifying that the conduct was done with knowledge that Plaintiff's emotional distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to the Plaintiff.

320   Plaintiff JENNY could not believe Defendant ANDY could disregard her 5 years of labor and effort.

321   Plaintiff JENNY could not believe Defendant ANDY could disregard their partnership agreement, and breach their contract.

322   Plaintiff JENNY could not believe Defendant ANDY would breach of fiduciary trust.

323   Plaintiff JENNY could not believe a brother will do such acts against his sister.

–59–

324     Plaintiff JENNY could not believe that after all dealing with the legal matters of her son that her
        brother, Defendant ANDY will cause her such mental anguish and emotional distress.

325     Plaintiff further states that upon learning that the shares of AANDCO were distributed without
        her knowledge and no shares were rightfully distributed to her, she experienced panic attack,
        severe anxiety, shortness of breath, palpitations of the heart, confusion, stress, restlessness,
        depression and thoughts of suicide.  These symptoms continue to include, sleeplessness,
        awakening several times during the night, getting panic attacks at night, nightmares, continued
        depression, anxiety, withdrawn, thoughts of suicide and being unable to focus at times.

326     As a proximate results of the acts alleged above, Plaintiff JENNY suffered humiliation,
        embarrassment, mental anguish and emotional distress, and has been injured in her mind, all to
        Plaintiff's damage in an amount according to proof.

327     Defendant ANDY is guilty of recklessness, and oppression and fraud and malice in the
        commission of the acts alleged herein.

328     In performing the acts herein alleged, Defendant acted fraudulently, maliciously, and
        oppressively, thereby justifying an award of punitive damages in an amount according to proof,
        but no less than 10 million dollars.

### AS AND FOR A THIRTYFIRST CAUSE OF ACTION
### AGAINST DEFENDANTS AANDCO, KEVIN, JEREMY AND ANNIE
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

329     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs
        "1" through "_328_" above with the same force and effect as if fully set forth at length herein.

330     Defendant, AANDCO, KEVIN, JEREMY and ANNIE conduct constituted financial abuse.

--60--

331    Plaintiff spent months trying to resolve this situation in an amicable matter, however Defendants refused and stop communicating with Plaintiff.

332    Plaintiff are informed and believe and thereon allege that Defendant conduct was intentional and malicious and done for the purpose of causing the Plaintiff JENNY to suffer humiliation, embarrassment, mental anguish and emotional distress. Defendants conduct in confirming and ratifying that the conduct was done with knowledge that Plaintiff's emotional distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to the Plaintiff.

333    Plaintiff JENNY could not believe Defendant AANDCO, KEVIN, JEREMY and ANNIE could disregard her 5 years of labor and effort.

334    Plaintiff JENNY could not believe Defendant AANDCO, KEVIN, JEREMY and ANNIE could disregard the partnership agreement of ANDY and JENNY and breach of the contract.

335    Plaintiff JENNY could not believe Defendant AANDCO, KEVIN, JEREMY and ANNIE would breach their fiduciary trust.

336    Plaintiff JENNY could not believe her family, the Defendants, will do such acts against her.

337    Plaintiff JENNY could not believe that after all dealing with the legal matters of her son that her brother, Defendants AANDCO, KEVIN, JEREMY and ANNIE will cause her such mental anguish and emotional distress.

338    Plaintiff further states that upon learning that the shares of AANDCO were distributed without her knowledge and no shares were rightfully distributed to her, she experienced panic attack, severe anxiety, shortness of breath, palpitations of the heart, confusion, stress, restlessness, depression and thoughts of suicide.  These symptoms continue to include, sleeplessness,

awakening several times during the night, getting panic attacks at night, nightmares, continued depression, anxiety, withdrawn, thoughts of suicide and being unable to focus at times.

339     As a proximate results of the acts alleged above, Plaintiff JENNY suffered humiliation, embarrassment, mental anguish and emotional distress, and has been injured in her mind, all to Plaintiff's damage in an amount according to proof.

340     Defendants AANDCO, KEVIN, JEREMY and ANNIE is guilty of recklessness, and oppression and fraud and malice in the commission of the acts alleged herein.

341     In performing the acts herein alleged, Defendant acted fraudulently, maliciously, and oppressively, thereby justifying an award of punitive damages in an amount according to proof, but no less than 10 million dollars.

## AS AND FOR A THIRTYSECOND CAUSE OF ACTION
## AGAINST DEFENDANTS KDR, KEVIN, AND JEREMY
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

342     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "341" above with the same force and effect as if fully set forth at length herein.

343     Defendants, KDR, KEVIN, and JEREMY conduct constituted financial abuse.

344     Plaintiff spent months trying to resolve this situation in an amicable matter, however Defendants refused and stop communicating with Plaintiff.

345     Plaintiff are informed and believe and thereon allege that Defendant conduct was intentional and malicious and done for the purpose of causing the Plaintiff JENNY to suffer humiliation,

–62–

embarrassment, mental anguish and emotional distress. Defendants conduct in confirming and ratifying that the conduct was done with knowledge that Plaintiff's emotional distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to the Plaintiff.

346     Plaintiff JENNY could not believe Defendant KDR, KEVIN, and JEREMY could disregard her 5 years of labor and effort.

347     Plaintiff JENNY could not believe Defendant KDR, KEVIN, and JEREMY could disregard the partnership agreement of ANDY and JENNY and breach of the contract.

348     Plaintiff JENNY could not believe Defendants KDR, KEVIN, and JEREMY would breach their fiduciary trust.

349     Plaintiff JENNY could not believe her family, the Defendants, will do such acts against her.

350     Plaintiff JENNY could not believe that after all dealing with the legal matters of her son that her brother, Defendants KDR, KEVIN, and JEREMY will cause her such mental anguish and emotional distress.

351     Plaintiff further states that upon learning that KDR is now a new company operating in the same vein as AANDCO and was done without her knowledge and no shares were rightfully distributed to her, she experienced panic attack, severe anxiety, shortness of breath, palpitations of the heart, confusion, stress, restlessness, depression and thoughts of suicide.  These symptoms continue to include, sleeplessness, awakening several times during the night, getting panic attacks at night, nightmares, continued depression, anxiety, withdrawn, thoughts of suicide and being unable to focus at times.

352     As a proximate results of the acts alleged above, Plaintiff JENNY suffered humiliation, embarrassment, mental anguish and emotional distress, and has been injured in her mind, all to Plaintiff's damage in an amount according to proof.

353     Defendants KDR, KEVIN, and JEREMY is guilty of recklessness, and oppression and fraud and malice in the commission of the acts alleged herein.

354     In performing the acts herein alleged, Defendant acted fraudulently, maliciously, and oppressively, thereby justifying an award of punitive damages in an amount according to proof, but no less than 10 million dollars.


### AS AND FOR A THIRTYTHIRD CAUSE OF ACTION

### AGAINST DEFENDANTS ANDY AND KEVIN

### FOR ACCOUNTING


355     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through " 354 " above with the same force and effect as if fully set forth at length herein.

356     Plaintiff are informed and believe and thereon allege that as a result of the aforementioned actions, that according to the agreement ANDY will invest funds to start the dialysis center. JENNY will provide all the research, labor and all the necessary efforts needed to start the dialysis center, AANDCO.

357     Defendant, ANDY invested the funds, however the Plaintiff is not sure of exactly how much funds was the total investment, Plaintiff needs to this information to assess the accounting status of the startup of the business.

358     Plaintiff requests all information/ records from KEVIN for the startup of AANDCO.

359     Plaintiff requests all information and bank records associated with the startup of AANDCO.

360     Plaintiff requests all information as it relates to cash, cash conversion and wire transfers as it relates to the startup of AANDCO.

361     Plaintiff requests all information and receipts of valid proof of all funds invested in AANDCO.

362     The value and amount of all cash, wire transfers, bank accounts and expenditures to equal total investment startup of AANDCO is unknown to the Plaintiff and cannot be ascertained without an accounting of the receipts and disbursements of the aforementioned accounts and transactions.

Wherefore Plaintiff seeks relief as set forth below.

## AS AND FOR A THIRTYFOURTH CAUSE OF ACTION

## AGAINST DEFENDANTS AANDCO

## FOR ACCOUNTING

363     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "362__" above with the same force and effect as if fully set forth at length herein.

364     Plaintiff requests all financial accounting records from the inception of AANDCO from April 2013 to current.

365     Plaintiff needs these records to ascertain the exact amount owing as set forth in this lawsuit.

## AS AND FOR A THIRTYFIFTH CAUSE OF ACTION

## AGAINST DEFENDANTS KDR

## FOR ACCOUNTING

366     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through " 365 " above with the same force and effect as if fully set forth at length herein.

367     Plaintiff requests from the Defendant, all financial accounting records from the inception of KDR from January 2016 to current.

368     Plaintiff needs these records to ascertain the exact amount owing as set forth in this lawsuit.

369     As a result of the foregoing, Plaintiff demands:

369.1   Judgment declaring that Plaintiff JENNY is the equitable one-half owner of AANDCO.

369.2   Judgment imposing an equitable lien and/or constructive trust upon the shares and assets of AANDCO and otherwise declaring that Defendant ANDY and Necessary Parties KEVIN, JEREMY and ANNIE hold the shares and assets of AANDCO subject to a constructive trust and/or equitable lien for the benefit of Plaintiff.

369.3   Judgment enjoining and restraining the sale or transfer of the shares and/or assets of AANDCO.

369.4   Judgement enjoining and restraining the sale or transfer of the shares and/or assets of KDR.

369.5    Judgment compelling the Defendant ANDY and Necessary Parties KEVIN, JEREMY and ANNIE to convey ownership of fifty percent of the stock of AANDCO in accordance with the agreement between Defendant ANDY and Plaintiff JENNY.

369.6    Judgment imposing an equitable lien and/or constructive trust upon the shares and assets of KDR and otherwise declaring that Defendant ANDY and Necessary Parties KEVIN, JEREMY hold the shares and assets of KDR subject to a constructive trust and as Constructive Trustee and/or equitable lien for the benefit of Plaintiff.

369.7    Judgement compelling the Necessary Parties KEVIN and JEREMY to convey ownership of 50% of KDR.

369.8    Judgement compelling access to the AANDCO the DIALYISIS Center in Trinidad as to continue position as Director of Clinical Operations.

369.9    Judgement compelling access to the KDR the DIALYISIS Center in Trinidad as to continue position as Director of Clinical Operations.

369.10   Judgement to set aside fraudulent conveyance from AANDCO to KDR.

369.11   Judgement for Emotional Distress against ANDY

369.12   Judgement for Emotional Distress against Aandco, KEVIN, JEREMY, ANDY and ANNIE

369.13   Judgement for Emotional Distress against KDR, KEVIN and JEREMY

369.14   Such other and further relief as this Court may deem just and proper.


**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgement against the named Defendant as follows:


–67–