```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JENNY RAMGOOLIE,                                               :
                                                               :
                              Plaintiff,                       :
                                                               :
               -against-                                       :
                                                               :
ANDY RAMGOOLIE, AANDCO HEALTH                                  :
CARE LTD., KEVIN RAMGOOLIE, JEREMY                             :
RAMGOOLIE, ANNIE RAMGOOLIE, KDR                                :
MEDICAL CARE LTD.,                                             :
                                                               :
                              Defendants.                      :
-------------------------------------------------------------- X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/10/2017
```

16-CV-3345 (VEC)(SN)

ORDER ADOPTING REPORT &
RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

Plaintiff Jenny Ramgoolie, proceeding *pro se*, commenced this action against defendants Andy Ramgoolie, Jeremy Ramgoolie, Kevin Ramgoolie, Annie Ramgoolie, and foreign corporate defendants AANDCO Healthcare Ltd ("AANDCO") and KDR Medical Care Ltd. ("KDR") alleging various causes of action. On May 19, 2016, the action was referred to Magistrate Judge Sarah Netburn. Order of Reference to a Magistrate Judge, Dkt. 3. On July 1, 2016, Plaintiff filed a motion for preliminary injunction and appointment of a receiver. Plaintiff's Notice of Motion for Preliminary Injunction & Appointment of a Receiver ("Motion for Preliminary Injunction and Receiver"), Dkt. 25. On July 14, 2016, corporate defendants AANDCO and KDR ("Corporate Defendants") moved to dismiss for lack of personal jurisdiction. Defendants' Notice of Motion to Dismiss the Complaint ("Motion to Dismiss"), Dkt. 30.

On December 20, 2016, Magistrate Judge Netburn issued a Report & Recommendation recommending that the Motion to Dismiss be granted and that the Motion for Preliminary

1

Injunction and Receiver be denied. Report and Recommendation ("R&R"), Dkt. 55. Written objections to the R&R were due fourteen days from service of the R&R. R&R at 16. To date, no party has filed any objections to the R&R. For the following reasons, this Court ADOPTS the R&R in its entirety.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(C). When no objections are made to a magistrate judge's report, a district court may adopt the report unless a "clear error on the face of the record" is present. *Phillips v. Reed Grp., Ltd.*, 955 F. Supp.2d 201, 211 (S.D.N.Y. 2013) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Because no objections were filed in this case, the Court reviews the Magistrate Judge's R&R for clear error. As discussed below, a careful review of the R&R reflects no clear error in Magistrate Judge Netburn's findings.

Submissions by *pro se* litigants are construed more leniently than submissions by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and are interpreted to raise the strongest arguments they suggest. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). This Court notes that although Magistrate Judge Netburn did not explicitly state that she was construing Plaintiff's submissions liberally, the R&R reflects every argument presented in the Plaintiff's brief and Complaint viewed in the most favorable light to her.[1]

---

[1] For example, the R&R states that Plaintiff argued an agency theory of personal jurisdiction under New York's long-arm statute, but Plaintiff did not explicitly argue this theory in the Complaint or opposition brief. *See* R&R at 10.

2

### I. Motion to Dismiss for Lack of Jurisdiction

The Corporate Defendants move to dismiss for lack of personal jurisdiction, arguing that this Court lacks both general and specific jurisdiction over them. For the following reasons, this Court adopts the R&R's recommendation to grant the Corporate Defendants' motion to dismiss.

There are two types of personal jurisdiction: specific and general. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). For foreign corporate defendants, general jurisdiction exists only when the defendant is "essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 751, 760 (2014) (internal quotation marks and citations omitted). The states in which a defendant is incorporated and has its principal place of business have general jurisdiction. *Id.* at 760. Specific jurisdiction is conferred on a foreign defendant if the lawsuit arises out of or is related to the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n.8 (1984). Regardless of whether personal jurisdiction is specific or general, "the exercise of personal jurisdiction over a defendant is informed and limited by the U.S. Constitution's guarantee of due process, which requires that any jurisdictional exercise be consistent with 'traditional notions of fair play and substantial justice.'" *Brown*, 814 F.3d at 625 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There is no clear error in the R&R's conclusion that Plaintiff has not established general or specific jurisdiction over the Corporate Defendants. There is no clear error in the R&R's conclusion that Plaintiff's allegations do not establish that the Corporate Defendants were "at home" in New York. The Corporate Defendants are both incorporated in Trinidad. Complaint ¶¶ 18-19, 24, Dkt. 1. Although in her opposition brief Plaintiff asserts that AANDCO has "continuous, permanent and substantial activity in New York," Plaintiff's allegations do not tend to show that AANDCO was "essentially at home" in New York, as is required for the assertion of general

3

jurisdiction under *Daimler*. Plaintiff also does not allege any facts or make any arguments tending to show that KDR was "essentially at home" in New York.[2]

In addition, there is no clear error in the R&R's conclusion that Plaintiff failed to establish specific jurisdiction. Although Plaintiff alleged that certain AANDCO business transactions occurred in New York, she failed to establish any nexus between those transactions and her claims. R&R at 9. In addition, even if Plaintiff could demonstrate that the exercise of jurisdiction was permissible under New York's long-arm statute, Plaintiff has failed to establish that the exercise of such jurisdiction would comport with "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.

Careful review and consideration of this case reveals no clear error in the R&R's recommendation to grant the Corporate Defendants' Motion to Dismiss. For the reasons discussed herein and in the R&R, this Court ADOPTS the R&R's recommendation and grants the Corporate Defendants' Motion to Dismiss.

## II.     Motion for Preliminary Injunction and Appointment of a Receiver

Plaintiff moved for a preliminary injunction to be entered against all the defendants and for the appointment of a receiver. This Court also agrees with the R&R that Plaintiff failed to establish that she was entitled to a preliminary injunction or to the appointment of a receiver. To succeed on a motion for a preliminary injunction, the movant must show: (1) "a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor;" (2) a likelihood of "irreparable injury in the absence of an injunction;" (3) that "the balance of hardships tips in the plaintiff's favor;" and (4) that the "public interest would not be disserved"

---

[2] In addition, and as noted by the R&R, Defendant Andy Ramgoolie's activities in New York do not sufficiently establish the constant and pervasive activity necessary for a finding of general jurisdiction over the Corporate Defendants. R&R at 7.

by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (citing *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010) (alterations and internal quotation marks omitted)).

There is no clear error in the R&R's conclusion that Plaintiff has not shown either a likelihood of success on the merits or a likelihood of irreparable injury. R&R at 13–14. In addition, for the reasons discussed in the R&R, Plaintiff has not established that she is entitled to the "extraordinary remedy" of the appointment of a receiver. R&R at 15; *Rosen v. Siegel*, 106 F. 3d 28, 34 (2d Cir. 1997) (The appointment of a receiver is an "extraordinary remedy" to be "employed cautiously and granted only when clearly necessary to protect the plaintiff's interests in the property." (quoting *Citibank, N.A. v. Nyland (CF8) Ltd*, 839 F.2d 93, 97 (2d Cir. 1988)). This Court finds no clear error in the R&R's conclusion that Plaintiff's motion for the appointment of a receiver should be denied.

## **CONCLUSION**

For the foregoing reasons, this Court ADOPTS the R&R in its entirety. The Motion for Preliminary Injunction and Receiver is DENIED, and the Corporate Defendants' Motion to Dismiss is GRANTED. Because Petitioner filed no timely written objections to the R&R and because the R&R expressly warned that the failure to do so may result in the waiver of any such objections, this decision precludes appellate review. *See* Fed. R. Civ. P. 72; *Matos v. Comm'r of Soc. Sec.*, 618 Fed. App'x 14, 14–15 (2d Cir. 2015) (citations omitted).

The Clerk of the Court is respectfully directed to close Docket Entry Nos. 25 and 30, to mail a copy of this Order to Plaintiff, and to note service on the docket.

**SO ORDERED.**

Date:  **February 10, 2017**   **VALERIE CAPRONI**
      **New York, New York**   **United States District Judge**