USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/18/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JENNY RAMGOOLIE,

                          Plaintiff,

               -against-

ANDY RAMGOOLIE, KEVIN RAMGOOLIE,
JEREMY RAMGOOLIE, ANNIE RAMGOOLIE,

                        Defendants.
------------------------------------------------------------ X

16-CV-3345 (VEC)(SN)

ORDER ADOPTING REPORT &
RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

    *Pro se* Plaintiff Jenny Ramgoolie sued Defendants Andy Ramgoolie, Jeremy Ramgoolie, Kevin Ramgoolie, Annie Ramgoolie, AANDCO Healthcare Ltd ("AANDCO"), and KDR Medical Care Ltd. ("KDR") for breach of contract and other state-law claims. On May 19, 2016, this case was referred to Magistrate Judge Sarah Netburn. Order of Reference to a Magistrate Judge, Dkt. 3. On February 10, 2017, the Court dismissed Defendants AANDCO and KDR for lack of personal jurisdiction and denied plaintiff's motion for a preliminary injunction and appointment of receiver. *Ramgoolie v. Ramgoolie*, No. 16-CV-3345 (VEC) (SN), 2017 WL 564680 (S.D.N.Y. Feb. 10, 2017).

    Jeremy, Kevin, and Annie Ramgoolie moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and Andy Ramgoolie moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. 61. On May 31, 2017, Magistrate Judge Netburn issued a report recommending that the motion brought by Kevin, Jeremy, and Annie Ramgoolie be granted but that the motion brought by Andy Ramgoolie be denied. Report and Recommendation ("R&R"), Dkt. 76. Written objections to the R&R were due fourteen days from service of the R&R. R&R at 17. To date, no party has

1

filed any objections to the R&R. For the following reasons, the Court ADOPTS the R&R in its entirety.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When no objections are made to a magistrate judge's report, a district court may adopt the report unless a "clear error on the face of the record" is present. *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Because no objection was filed, the Court reviews the R&R for clear error.

Submissions by *pro se* litigants are construed more leniently than submissions by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and are interpreted to raise the strongest arguments they suggest. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).

### I. Personal Jurisdiction

Kevin, Jeremy, and Annie Ramgoolie move to dismiss for lack of personal jurisdiction, arguing that the Court lacks both general and specific jurisdiction over them. To decide whether this Court has personal jurisdiction, it must first determine whether New York's long-arm statute permits the exercise of personal jurisdiction over the defendants and then consider whether the exercise of jurisdiction comports with the Due Process Clause. *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 798 (S.D.N.Y. 2015), *aff'd*, 660 F. App'x 43 (2d Cir. 2016). For the following reasons, the Court agrees that the motion brought by Kevin, Jeremy, and Annie Ramgoolie should be granted.

New York's long-arm statute permits the exercise of both general and specific personal jurisdiction. N.Y. CPLR § 301 (general jurisdiction); N.Y. CPLR § 302 (specific jurisdiction). "[T]he paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011)). The "crucial question" relative to specific jurisdiction "is whether the defendant has 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Even if such purposeful availment has occurred, there must still be an "articulable nexus, or a substantial relationship, between the claims asserted and the actions that occurred in New York." *Henderson v. INS*, 157 F.3d 106, 123 (2d Cir. 1998) (internal citation and quotation marks omitted). Regardless of whether personal jurisdiction is specific or general, "the exercise of personal jurisdiction over a defendant is informed and limited by the U.S. Constitution's guarantee of due process, which requires that any jurisdictional exercise be consistent with 'traditional notions of fair play and substantial justice.'" *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 625 (2d Cir. 2016) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There is no clear error in the R&R's conclusion that the Court lacks general jurisdiction over Kevin, Jeremy, and Annie Ramgoolie. It is undisputed that Kevin and Jeremy Ramgoolie are domiciled in Trinidad and that Annie Ramgoolie is domiciled in Nebraska. Pl's Resp. Mem. in Opp'n to Mot. to Dismiss ("Opp'n") (Dkt. 69) ¶ 21. There is also no clear error in the R&R's conclusion that the Court lacks specific jurisdiction over Kevin Ramgoolie because Plaintiff has not alleged a factual nexus between Kevin Ramgoolie's New York activities and Plaintiff's

claims. There is no clear error in the R&R's conclusion that the Court lacks specific jurisdiction over Jeremy and Annie Ramgoolie because Plaintiff has not alleged that either purposefully availed him- or herself of the benefits of New York law. R&R at 8. In addition, Plaintiff has failed to establish that the exercise of jurisdiction over Kevin, Jeremy, or Annie Ramgoolie would comport with "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.

Careful review and consideration of this case reveals no clear error in the R&R's recommendation to grant the motion to dismiss brought by Kevin, Jeremy, and Annie Ramgoolie. The Court accordingly ADOPTS the R&R's recommendation and DISMISSES those defendants.

## II. Statute of Frauds

Andy Ramgoolie moves to dismiss pursuant to Rule 12(b)(6) on the grounds that enforcement of the alleged agreement between himself and Plaintiff is barred by the New York Statute of Frauds, N.Y. General Obligation Law ("GOL") § 5-701. The R&R concluded that the enforcement of the agreement was not barred, and the Court finds no clear error in that conclusion.

In reviewing a motion to dismiss under Rule 12(b)(6), courts "accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Meyer v. JinkoSolar Holdings Co., Ltd.*, 761 F.3d 245, 249 (2d Cir. 2014) (citation and alterations omitted). To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

4

Andy Ramgoolie argues that Plaintiff's claims are barred by Section 5-701(a)(1) and Section 5-701(a)(10) of the New York General Obligation Law. Section 5-701(a)(1) requires an "agreement, promise or undertaking" to be in writing if it, "[b]y its terms," "is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of the lifetime." GOL § 5-701(a)(1). Section 5-701(a)(10) requires a writing if the "agreement, promise or undertaking" is a "contract to pay compensation for services rendered . . . in negotiating the purchase . . . of a business opportunity, [or a] business . . . ," *id*. § 5-701(a)(10).

The Court finds no clear error in the R&R's conclusion that Plaintiff's claims are not barred by either of these provisions. GOL § 5-701(a)(1) forbids only the enforcement of an unwritten contract which "by its terms" will not be performed within a year. "[W]here performance is possible, however unlikely or improbable that may be, the agreement does not come within the proscription of the statute." *Intertex Trading Corp. v. Ixtaccihuatl S.A. de CV*, 754 F. Supp. 2d 610, 613 (S.D.N.Y. 2010) (quoting *Pace v. Perk,* 81 A.D.2d 444 (2nd Dep't 1981)). Drawing all inferences in Plaintiff's favor, as the Court must on a motion to dismiss, there is no clear error in the R&R's conclusion that, however unlikely, the alleged agreement between Plaintiff and Andy Ramgoolie could have been performed within one year. R&R at 14.

There is also no clear error in the R&R's conclusion that GOL § 5-701(a)(10) does not bar Plaintiff's claims. GOL § 5-701(a)(10) "applies to various kinds of intermediaries who perform limited services in the consummation of certain kinds of commercial transactions." *Freedman v. Chem. Const. Corp.*, 43 N.Y.2d 260, 266 (1977); *see also Charles Hyman, Inc. v. Olsen Indus., Inc.*, 163 A.D.2d 232, 235-36 (1st Dep't 1990) (GOL § 5-701(a)(10) "applies to brokers and intermediaries who perform limited services in the consummation of certain kinds of

5

commercial transactions, and not to the principals of the transaction."). The Court finds no clear error in the R&R's conclusion that the activities alleged in the Complaint—i.e., that Plaintiff would research regulations, design the layout of the center, set up the supply chain, develop internal procedures and file paperwork, and Andy Ramgoolie would pay the start-up costs, *see* Compl. ¶ 1—go far beyond the "limited services," *Freedman*, 47 N.Y.2d at 267, contemplated by GOL § 5-701(a)(10).

Careful review and consideration reveals no clear error in the R&R's recommendation to deny Andy Ramgoolie's motion to dismiss. For the reasons discussed herein and in the R&R, this Court ADOPTS the R&R's recommendation and DENIES Andy Ramgoolie's motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, this Court ADOPTS the R&R in its entirety. The Rule 12(b)(2) motion filed by Kevin Ramgoolie, Jeremy Ramgoolie, and Annie Ramgoolie is GRANTED, and the Rule 12(b)(6) motion filed by Andy Ramgoolie is DENIED.

Because Plaintiff filed no timely written objections to the R&R and because the R&R expressly warned that the failure to do so may result in the waiver of any such objections, this decision precludes appellate review. *See* Fed. R. Civ. P. 72; *Matos v. Comm'r of Soc. Sec.*, 618 F. App'x 14, 14–15 (2d Cir. 2015) (citations omitted).

The Clerk of the Court is respectfully directed to close Docket Entry No. 61, to mail a copy of this Order to Plaintiff, and to note service on the docket. The Clerk of the Court is also respectfully requested to terminate all defendants from this case with the exception of Defendant Andy Ramgoolie.

**SO ORDERED.**

Date: August 18, 2017
New York, New York

**VALERIE CAPRONI**
**United States District Judge**