UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____9/6/18____

------------------------------------------------------------ X

JENNY RAMGOOLIE,              :

                        :

             Plaintiff;    :

                        :          16-CV-3345 (VEC)(SN)

        -against-      :

                        :      ORDER ADOPTING REPORT &

ANDY RAMGOOLIE,            :      RECOMMENDATION

                        :

             Defendant.  :

------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

Plaintiff Jenny Ramgoolie, initially *pro se*, sued Defendants Andy Ramgoolie, Jeremy

Ramgoolie, Kevin Ramgoolie, Annie Ramgoolie, AANDCO Healthcare Ltd ("AANDCO"), and

KDR Medical Care Ltd. ("KDR") for breach of contract and other state-law claims. *See*

Complaint [Dkt. 1]. On May 19, 2016, this case was referred to Magistrate Judge Sarah

Netburn. Order of Reference to a Magistrate Judge [Dkt. 3]. On February 10, 2017, the Court

dismissed Defendants AANDCO and KDR for lack of personal jurisdiction and denied

Plaintiff's motion for a preliminary injunction and appointment of receiver. February 10, 2017

Order [Dkt. 67]. On August 8, 2017, the Court dismissed Defendants Jeremy, Kevin, and Annie

Ramgoolie for lack of personal jurisdiction, and denied Defendant Andy Ramgoolie's motion to

dismiss for failure to state a claim. August 8, 2017 Order [Dkt. 88]. Andy Ramgoolie is the sole

remaining defendant.

On February 19, 2018, Defendant Andy Ramgoolie filed a motion for summary judgment

pursuant to Federal Rule of Civil Procedure 56. *See* Notice of Motion for Summary Judgment

[Dkt. 111]. On February 20, 2018, Plaintiff Jenny Ramgoolie filed a motion for summary

judgment pursuant to Rule 56 and for sanctions pursuant to Rule 37.  *See* Notice of Motion for

Summary Judgment [Dkt. 113].

On August 3, 2018, Magistrate Judge Netburn issued a report recommending that the

parties' cross-motions for summary judgment be denied in their entirety; that, at trial, the jury be

given an adverse inference charge based on Defendant's failure to produce certain documents

during discovery; and that Defendant be required to pay the reasonable attorneys' fees and costs

that Plaintiff incurred in bringing her motion to compel and motion for sanctions.  *See* Report

and Recommendation ("R&R") [Dkt. 139].

Both Plaintiff and Defendant have filed objections to the Magistrate Judge's R&R.  *See*

Plaintiff's Objections to the Report and Recommendation ("P. Obj.") [Dkt. 141]; Defendant's

Objections to the Report and Recommendation ("D. Obj.") [Dkt. 143].  The parties also filed

responses to each other's objections.  *See* Defendant's Response to Plaintiff's Objections to the

Report and Recommendation ("D. Obj. Reply") [Dkt. 145]; Plaintiff's Response to Defendant's

Objections to the Report and Recommendation ("P. Obj. Reply") [Dkt. 146].

For the following reasons, the Court overrules the parties' objections and ADOPTS the

R&R, modified minimally below.

## I.    **BACKGROUND**[1]

The Court refers the reader to the R&R's excellent and detailed recitation of the factual

background in this case.  For the purposes of this Order, the Court summarizes only the most

pertinent facts.

---

[1]    The Court relies on the facts as set forth in the R&R.  Neither party explicitly objected to the Magistrate
Judge's findings of fact.  *See* D. Obj., P. Obj.  To the extent that the Defendant's objection to the sanction
recommendation extends to the predicate facts underlying that recommendation, the Court exercises the substantial
deference owed to the Magistrate Judge regarding discovery disputes, discussed further below, and relies on her
findings as to those facts as well.

According to Plaintiff, in July 2010, she and Defendant (who is her brother) orally agreed to open a dialysis center in Trinidad and Tobago. R&R at 5. They agreed that Defendant would finance the venture and Plaintiff would conduct research, assist in starting the business, and assist in managing its operations. *Id*. Plaintiff asserts that they agreed they would each own half of the venture, and profits would be used to repay Defendant's investment, after which profits and losses would be shared equally. *Id*. Defendant denies that there was any such agreement. *Id*.

Over the next year and a half, Plaintiff conducted extensive industry research, retained a consultant, and prepared a business plan, ultimately sending Defendant an email in December 2012 referencing a business plan and a "50/50 business deal." R&R at 5–6. Although Defendant did not respond in writing, Plaintiff continued to work towards opening the business, and AANDCO was incorporated in Trinidad and Tobago in April 2013. *Id*. at 6. Defendant and the parties' nephew Kevin Ramgoolie were listed as directors. *Id*. Plaintiff claims that she was not included on the corporate documents because of a court case involving her son and the perceived potential for negative publicity. *Id*. She played an active role in developing and managing the business, yet received no salary or other compensation. *Id*. Defendant neither confirms nor denies the array of tasks Plaintiff allegedly accomplished; Defendant asserts that Plaintiff was an administrator and employee, not an owner. *Id*. Plaintiff claims she was surprised to learn that their nephew Kevin was listed as a 50% owner of the company. *Id*. at 7. She also stated that she was unaware until after she filed this lawsuit that AANDCO had issued additional shares to Defendant, Kevin, and other family members in October 2014. *Id*. at 6–7. Plaintiff sent Defendant emails throughout 2015 asking that she be paid for her work for the dialysis business, but the emails are inconsistent as to whether she was seeking a portion of the profits, salary, or

consulting fees.  *Id*. at 7–8.  In January 2016, Kevin Ramgoolie incorporated a new business, KDR Medical Care Ltd. ("KDR"), which purchased all of AANDCO's assets; Plaintiff believes KDR was created to prevent her from benefitting from the original agreement between her and Defendant.  *Id*. at 9.

Several procedural developments also merit brief discussion.  First, during the fact discovery phase of the case, Defendant failed to produce documents in response to Plaintiff's discovery requests, even though the court found that Defendant had access to the requested records and, on multiple occasions, ordered him to produce them.  R&R at 9–11.  After Defendant's failures to comply with the court's discovery orders, the court invited Plaintiff to seek appropriate relief in connection with her motion for summary judgment; Plaintiff thus requests sanctions against Defendant for his failure to comply with the court's discovery orders. *Id*. at 11.  Second, although Plaintiff moved for summary judgment with regard to her breach of fiduciary duty claim, her briefing does not discuss this claim at all.[2]  *See id*. at 11.  Third, as discussed thoroughly by the Magistrate Judge, the Rule 56.1 Statements submitted by both parties are inadequate, failing to serve the fundamental purpose of such statements, and clearly demonstrate that there are significant disputes over the central factual issues in this case: whether the parties had an oral agreement regarding the establishment of the dialysis business and whether Plaintiff was an owner, employee, or administrator of the business.  *See* R&R at 2–4; Plaintiff's Rule 56.1 Statement of Undisputed Material Facts ("P.S.") [Dkt. 124]; Defendant's Rule 56.1 Statement of Undisputed Material Facts ("D.S.") [Dkt. 129]; Defendant's Response to Plaintiff's Rule 56.1 Statement of Undisputed Material Facts ("D.R.S.") [Dkt. 130].

---

[2]        Accordingly, the R&R recommends that summary judgment on the unbriefed fiduciary duty claim be denied.  R&R at 11.

The R&R recommends that Defendant's motion to dismiss on *forum non conveniens* grounds be denied. *See* R&R at 12–16. Although Trinidad and Tobago is an adequate alternative forum, the Magistrate Judge found that Plaintiff's separate action in Trinidad and Tobago has little bearing on whether this case should proceed in this District. *Id*. at 13–14. She also determined that New York law governs Plaintiff's claims and that there are no issues of foreign law. *Id*. at 14–15. Moreover, Plaintiff claims that the alleged oral agreement was made and performed in large part in the United States, the most important witnesses are in the United States (including in New York), and the parties have spent considerable time and resources litigating Plaintiff's case here. *Id*. at 15–16. As to the parties' substantive motions regarding breach of contract, the R&R recommends that both motions be denied because the parties have provided conflicting accounts of what took place in July 2010 that, along with other evidence, create a genuine dispute of material fact. R&R at 16–20. The Magistrate Judge rejected Defendant's argument that it would have been legally impossible for him to perform the alleged contract. *Id*. at 20–22. The R&R also rejects Defendant's Statute of Frauds argument (which this Court already rejected on Defendant's motion to dismiss) because there is no evidence that the alleged contract contained a definite durational term. *Id*. at 22–24. *See also* August 8, 2017 Order at 4–6. The R&R additionally rejects Defendant's argument that Plaintiff cannot prove damages from breach of the alleged contract because the court bifurcated discovery, no damages discovery has been conducted, and any assertion that Plaintiff failed to prove damages is thus premature. R&R at 24.

Finally, the R&R recommends that, because Defendant failed to follow court orders regarding production of documents, the Court should instruct the jury as follows:

> Before trial, the Court ruled that the defendant had failed to produce records that were in his possession and control regarding Aandco's issuance of shares to

Kevin Ramgoolie, Jeremy Ramgoolie, and Annie Ramgoolie and Aandco's subsequent transfer of its assets to KDR. If you find that these records would have been material in deciding facts in dispute in this case, then you are permitted, but not required, to infer that this evidence would have been unfavorable to the defendant.

R&R at 24–27. Because the Magistrate Judge determined that Defendant's failure was not substantially justified, and no circumstances make a fee award unjust, the R&R ordered Defendant to pay Plaintiff's reasonable attorneys' fees and costs incurred in connection with her motion to compel and motion for sanctions, as required by Rule 37. *See id.* at 27; Fed. R. Civ. P. 37(b)(2)(C)("[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

Plaintiff objects to the R&R, arguing that this Court should impose a harsher sanction than what Magistrate Judge Netburn recommended. *See* P. Obj. Defendant objects to three determinations in the R&R: the recommendation that this Court deny Defendant's motion to dismiss on *forum non conveniens* grounds; the recommendation that this Court "deem admitted" certain facts regarding the work Plaintiff allegedly performed in carrying out her portion of the agreement; and the recommendation that the Court sanction Defendant for his failure to follow orders regarding discovery, along with the order awarding fees and costs. *See* D. Obj.

For the following reasons, the Court overrules the parties' objections and ADOPTS the R&R, with minimal modifications detailed below.

## II. DISCUSSION

### a. Legal Background

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1)(C).  When no timely objection is made to a magistrate judge's report, a district court may adopt the report unless a "clear error on the face of the record" is present. *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)) (internal quotation marks omitted).  Where a party has made specific, written objections to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(2)–(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citing 28 U.S.C. § 636(b)(1)).  To warrant *de novo* review, the objections must be "specific" and "address only those portions of the proposed findings to which the party objects."  *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (internal quotation marks and citation omitted).  If "a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [magistrate judge's report and recommendations] for clear error."  *Id.*

Additionally, a magistrate judge's ruling on a non-dispositive matter, such as a discovery dispute, "may be set aside only if the district court determines the ruling to be clearly erroneous or contrary to law."  *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(b); *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir. 1990)) (internal quotation marks omitted).  This standard is highly deferential, and "[a] magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, . . . and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed . . . ."  *Id.* at 511–12 (internal quotation marks, citations, and alterations omitted).

"A magistrate judge has broad discretion to manage discovery disputes." *Walker v. Carter*, No. 12 CV 05384 ALC RLE, 2016 WL 6820554, at *2 (S.D.N.Y. Feb. 4, 2016) (citation omitted). Pursuant to this discretion, magistrate judges have general authority to order discovery sanctions pursuant to Federal Rule of Civil Procedure 37, and such orders are considered non-dispositive so long as they do not dispose of a claim. *See Martinez v. City of New York*, No. 16 CV 79 (AMD) (CLP), 2018 WL 604019, at *32 (E.D.N.Y. Jan. 24, 2018) (citation omitted); *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, No. 87 CIV. 0167 (JMC), 1990 WL 164859, at *3 (S.D.N.Y. Oct. 24, 1990) (and citations omitted), *order aff'd and remanded*, 118 F.3d 955 (2d Cir. 1997).

In particular, "[a]n order precluding the introduction of certain evidence or barring certain contentions may . . . be properly characterized as non-dispositive as long as the order does not wholly dispose of a party's claim or defense." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16 CV 1318 GBD BCM, 2017 WL 3671036, at *17 (S.D.N.Y. July 18, 2017) (quoting *Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15 CV 01095 PKC BCM, 2016 WL 2865350, at *10 (S.D.N.Y. May 11, 2016)), *report and recommendation adopted*, No. 16 CIV 1318 GBD BCM, 2017 WL 4712639 (S.D.N.Y. Sept. 28, 2017). "Similarly, orders directing that designated facts be taken as established are within the Magistrate Judge's discretion, so long as the facts so designated do not have the effect of finally resolving a party's claim or defense." *Id*. (quoting and citing *Burns v. Imagine Films Entm't, Inc.*, 164 F.R.D. 594, 597, 600 (W.D.N.Y. 1996)) (internal quotation marks and alteration omitted). District courts typically review discovery sanctions under the "clearly erroneous or contrary to law" standard as articulated above, and accord them substantial deference. *See Martinez*, 2018 WL 604019, at *32 (citation omitted); *Softel Inc.*, 1990 WL 164859, at *3 (citations omitted). Courts have

followed this deferential approach in reviewing a magistrate judge's determination regarding the appropriateness of charging the jury that it may draw an adverse inference as a result of discovery violations. *See, e.g.*, *Best Payphones, Inc. v. Dobrin*, No. 01-CV-3934 (LDH)(ST), 2018 WL 3613020, at *1–4 (E.D.N.Y. July 27, 2018) (using the "clearly erroneous or contrary to law" standard in reviewing a magistrate judge's denial of a party's request for, *inter alia*, an adverse inference jury instruction); *Bouchard v. United States Tennis Ass'n, Inc.*, No. 15 CIV 5920 AMD LB, 2017 WL 3868801, at *1–3 (E.D.N.Y. Sept. 5, 2017) (same).

### b. The Court Overrules Defendant's Objection to the R&R's Recommendation that His Motion to Dismiss on Grounds of *Forum Non Conveniens* Be Denied

The Court first addresses Defendant's objection to the Magistrate Judge's recommendation that his motion to dismiss on grounds of *forum non conveniens* be denied. Dismissal on the basis of *forum non conveniens* "should only be granted when trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or when the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems." *Stewart v. Manhattan Yacht Club*, Inc., No. 16-CV-9764 (AJN), 2018 WL 3579849, at *2 (S.D.N.Y. July 25, 2018) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)) (internal quotation marks and alterations omitted). "The decision to dismiss a case on *forum non conveniens* grounds lies wholly within the broad discretion of the district court . . . ." *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (quoting *Scottish Air Int'l, Inc. v. British Caledonian Group, PLC*, 81 F.3d 1224, 1232 (2d Cir. 1996)). In exercising this discretion, "a court applies the three-step analysis set forth in *Iragorri* [under which] the court (1) determines the degree of deference properly accorded the plaintiff's choice of forum; (2) considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute; and (3) balances the private and

public interests implicated in the choice of forum."[3]  *DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 561 (S.D.N.Y. 2018) (quoting *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005) and citing *Abdullahi v. Pfizer Inc.*, 562 F.3d 163 (2d Cir. 2009)) (internal quotation marks omitted).

Defendant argued before the Magistrate Judge that he faces the same case in both this and the Trinidadian courts, which creates the risk of conflicting decisions.  *See* Affirmation of Sol Kodsi ("Kodsi Aff.") [Dkt. 123] ¶¶ 9–12.  He contended that the Trinidadian court is better suited to resolve the matter because it has, *inter alia*, jurisdiction over all the purportedly necessary parties.  *Id.* ¶¶ 13–15.  Defendant further argued that this action should be dismissed on the basis of *forum non conveniens* because the Trinidadian courts offer an adequate alternative forum and because the private and public factors weigh in favor of dismissal, including Trinidad and Tobago's greater interest in resolving a dispute involving local corporations.  *Id.* ¶¶ 16–27.  *See also* Reply Affirmation of Sol Kodsi ("Kodsi Reply Aff.") [Dkt. 136] ¶¶ 2–10.

The Magistrate Judge conducted a thorough analysis of the *forum non conveniens* issue. After correctly stating the relevant legal standard, Magistrate Judge Netburn found that Trinidad and Tobago is an adequate alternative forum.[4]  R&R at 12–13.  The Magistrate Judge then

---

[3]       The private factors focus on the convenience of the litigants, including, most importantly, the location of witnesses and evidence.  *See Stewart*, 2018 WL 3579849, at *4–5 (citations omitted).  *See also CF 135 Flat LLC v. Triadou SPY S.A.*, No. 15-CV-5345 (AJN), 2016 WL 5945933, at *5 (S.D.N.Y. June 21, 2016) ("When weighing the private interest factors, the Court should consider 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'") (quoting *Iragorri*, 274 F.3d at 73–74).  The public interest factors include "(a) administrative difficulties relating to court congestion; (b) imposing jury duty on citizens of the forum; (c) having local disputes settled locally; and (d) avoiding problems associated with the application of foreign law."  *CF 135 Flat LLC*, 2016 WL 5945933, at *7 (citation omitted).

[4]       The Magistrate Judge did not extensively discuss the first of the three factors for consideration—the level of deference owed to Plaintiff's choice of forum—but this does not affect the Court's review because, as discussed below, Defendant's objection focuses on the consideration at step three, the weighing of the public and private

considered the private and public interest factors to assess the relative hardships and convenience for the two parties with regard to each forum. *Id*. at 13–16. The Magistrate Judge noted that the separate Trinidadian litigation is not a relevant factor for the analysis and gave it little weight. *Id*. at 14. She also weighed the potential for conflicting decisions and New York's minimal interest in resolving a dispute regarding a Trinidadian business against the fact that New York law appears to govern Plaintiff's claims such that adjudication does not involve issues of foreign law. *See id*. at 14–15. The Magistrate Judge further acknowledged Plaintiff's allegation that the oral agreement was made in the United States, with tasks performed in carrying out that agreement also performed in the country, such that "many of the sources of proof and most if not all of the relevant witnesses in this matter, including Defendant himself, are located in New York or other parts of this country." *Id*. at 15. Lastly, the Magistrate Judge acknowledged that the presumption against dismissal greatly increases where, as here, the parties have proceeded substantially in this case and have already spent considerable time and resources developing the record and preparing for trial. *Id*. (citation omitted). In all, Magistrate Judge Netburn decided that the Defendant had not overcome the strong presumption in favor of Plaintiff's choice of forum and recommended denying Defendant's motion. *Id*. at 15–16.

Defendant's meandering objection to the R&R appears to focus on the Magistrate Judge's consideration of the public and private factors at step three of the *forum non conveniens* analysis. In particular, Defendant complains that he is now being sued in two different courts for the same claim, that Trinidad and Tobago has more of an interest in resolving this dispute, that necessary

---

interest factors. *See* R&R at 12–13; D. Obj. at 2–4. Moreover, it appears that substantial deference *is* owed to Plaintiff's choice of forum in this case, as Plaintiff lives in Texas and has selected her home forum (the United States), even though she sued in a different state, and because the claim has a bona fide connection to New York—Defendant resides in New York and New York law appears to govern the alleged contract. *See* R&R at 5, 14–15; D.S. ¶ 1; *Stewart*, 2018 WL 3579849, at *3; *CF 135 Flat LLC*, 2016 WL 5945933, at *4.

parties can only be sued in Trinidad and Tobago, that there is no guarantee such individuals will be able to travel to the United States to testify, and that he is subject to conflicting decisions from the two courts regarding the same controversy.  *See* D. Obj. at 3–4.  These are effectively the same arguments that Defendant presented in his summary judgment papers, and, accordingly, the objection is subject only to "clear error" review.  Upon such review of the Magistrate Judge's determination, this Court finds no clear error in the R&R as to the weighing of the public and private factors and the ultimate conclusion in the Magistrate Judge's *forum non conveniens* analysis.[5]  The Court thus adopts the Magistrate Judge's recommendation and denies Defendant's motion to dismiss this matter based on *forum non conveniens*.

### c. The Court Overrules Defendant's Objection to the R&R's Recommendation that Certain Uncontested Facts Be Deemed Admitted

The Court next addresses Defendant's objection to the portion of the R&R that deems admitted certain facts regarding Plaintiff's contributions to the business enterprise.

Local Civil Rule 56.1 governs the preparation of statements of undisputed material facts that are required to be attached to summary judgment motions, and responses thereto.  *See* Local Civ. R. 56.1.  Per paragraph (c), "[e]ach numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted *for purposes of the motion* unless *specifically controverted* by a correspondingly numbered paragraph in the statement required to be served by the opposing party."  *See id.*

---

[5]    Even if the Court were to conduct a *de novo* review in evaluating Defendant's arguments, it would reach the same result: although the dispute does involve Trinidadian corporations and citizens, the strong presumption against dismissing the action is bolstered by the facts that the heart of this dispute is a contract governed by New York rather than foreign law, the Defendant lives in New York, other witnesses and evidence are located in New York or elsewhere in the United States, and the matter has already proceeded substantially in this forum.

(emphasis added).  *See also Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) (collecting cases regarding deemed admission of uncontroverted factual statements).

In the R&R, Magistrate Judge Netburn discussed the law underlying Rule 56.1 Statements, and explicitly invoked Rule 56.1(c).  *See* R&R at 2.  She then applied that law and found that "defendant has failed to challenge plaintiff's material statements about what work she performed before and during the existence of the company and that she was never compensated for any work she performed or reimbursed for any expenses she incurred.  Accordingly, I recommend finding that the statements regarding plaintiff's contributions (through research, work, investment, or otherwise) are undisputed and deemed admitted."  R&R at 4; *see* R&R at 3–4.

Defendant's brief objection on this point states that, though he admits that Plaintiff had a role in AANDCO and that she has not yet been compensated, he "does contest the extent of contributions and actual tasks performed by plaintiff, whether through research, work or otherwise."  *See* D. Obj. at 4–5.  He asserts that, in responding to Plaintiff's Rule 56.1 Statement, he "continually states that he 'cannot comment on every task that plaintiff claims she performed, except to say that she was an administrator and employee, and that any task she performed would have been in conjunction with that role, and not as an owner.'"  *Id*. at 5 (quoting D.R.S. ¶ 18).  He concludes that "[w]hile plaintiff did have some involvement with AANDCO, defendant should be free to challenge at trial, the extent of work and services that plaintiff claims she performed, and whether at the end of the day they were a true contribution to the business."  *Id*.

First, upon *de novo* review of the relevant materials, the Court agrees with the Magistrate Judge that Defendant has failed to challenge Plaintiff's material statements regarding the work she performed for the business, and thus these facts are deemed admitted for the purposes of the

summary judgment motions.  *See* P.S. ¶¶ 18, 44; D.R.S. ¶¶ 18, 44.  In paragraph 18 (and 33 subparagraphs) of Plaintiff's Rule 56.1 Statement, she details various tasks she performed in anticipation of starting the business.  *See* P.S. ¶ 18.  Defendant's response to these extensive statements, without citation to any evidence, was as follows: "Defendant cannot comment on every task that plaintiff claims she performed, except to say that she was an administrator and employee, and that any task she performed would have been in conjunction with that role, and not as an owner."  D.R.S. ¶ 18.  Defendant's response quite clearly does not "specifically controvert" Plaintiff's facts.  The same is true for paragraph 44, in which Plaintiff details various services she rendered to the business after its incorporation, laid out in 40 subparagraphs.  *See* P.S. ¶ 44.  Here, Defendant's response is even paltrier: "Same as response above."  D.R.S. ¶ 44. Accordingly, the Magistrate Judge did not err in finding that these facts should be deemed admitted pursuant to the Local Rules.

More critically, however, Defendant seems to be objecting to this determination so that he may "challenge at trial" the work Plaintiff claims she performed and whether she truly contributed to the business.  D. Obj. at 5.  But he misses the critical point that, under Rule 56.1(c), facts are deemed admitted *for the purposes of the motion*.  That these facts were deemed admitted at summary judgment does not preclude Defendant from challenging Plaintiff's evidence at trial.[6]  Thus, Defendant's objection appears to be based on a misunderstanding of the Rule and its prospective effect; whether the Court accepts Defendant's objection is beside the point and has no bearing on his ability to proceed at trial as he wishes.

---

[6]      Of course, evidentiary rulings at trial are a separate matter.  The Court will not speculate as to the arguments and evidence that each party might ultimately put forward at trial, nor will it make any representations as to whether such evidence would be admissible.

Accordingly, the Court overrules Defendant's objection to the Magistrate Judge's decision that certain facts should be deemed admitted for the purposes of the summary judgment motion and accepts the recommendation in the R&R.

### d. The Court Overrules Both Parties' Objections to the R&R Regarding Sanctions

The Court next addresses the adverse inference sanction recommended by Magistrate Judge Netburn, and Plaintiff's and Defendant's objections thereto.

As discussed above, magistrate judges have broad discretion to manage discovery disputes, and their determinations are entitled to substantial deference. This highly deferential review extends to non-dispositive discovery sanctions, including adverse inference instructions so long as they do not dispose of a claim, as well as the non-dispositive factual and legal determinations that preceded the imposition of the sanction.

Federal Rule of Civil Procedure 37 governs failures to make disclosures or cooperate in discovery and sanctions for doing so. *See* Fed. R. Civ. P. 37. Pursuant to subparagraph (b)(2)(A), if a party fails to obey an order to provide discovery, a court may issue a range of dispositive and non-dispositive sanctions, including "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims . . . ." *See id*. Pursuant to subparagraph (b)(2)(C), "Instead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See id*. (emphasis added).

When imposing a Rule 37 sanction, a district court considers several factors, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy

of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Doe v. Delta Airlines Inc.*, 672 F. App'x 48, 50 (2d Cir. 2016) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)) (internal quotation marks and alterations omitted). "The Court must also consider the extent to which the prevailing party has been prejudiced by the defaulting party's noncompliance . . . and must ensure that any sanction imposed is just and commensurate with the failure to comply," *Doug's Word Clocks.com Pty Ltd. v. Princess Int'l, Inc.*, 323 F.R.D. 167, 174–75 (S.D.N.Y. 2017) (quoting *Biosafe–One, Inc. v. Hawks*, 639 F. Supp. 2d 358, 370 (S.D.N.Y. 2009) and citing *Anthropologie, Inc. v. Forever 21, Inc.*, No. 07 Civ. 7873 (RJS) (MHD), 2009 WL 690126, at *3 (S.D.N.Y. Mar. 13, 2009)) (internal quotation marks omitted).

In this case, Magistrate Judge Netburn concluded that Defendant failed to comply with five of Plaintiff's document requests after multiple orders to do so, and invited Plaintiff to make an application for relief in connection with her motion for summary judgment. *See* December 18, 2017 Order [Dkt. 108]. The documents sought related to Plaintiff's theory that the transfer of AANDCO shares to other family members and the transfer of AANDCO's assets to KDR were intended to exclude her from the business and prevent her from receiving the benefit of the alleged contract. *See id.* As part of her motion for summary judgment, Plaintiff sought sanctions against Defendant for these discovery failures, in particular requesting that "it be established that both Aandco's purported share dilution/transfer transaction and purported sale of its assets to KDR were undertaken in order to deprive Plaintiff of the benefit of her agreement with Defendant." Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment ("P.'s Mem.") [Dkt. 118] at 25. *See also* P.'s Mem. at 20–25. Defendant did not meaningfully address Plaintiff's sanctions request; instead he accused her of "being highly disingenuous"

because the documents she sought were already in her possession. *See* Affirmation of Sol Kodsi in Opposition ("Kodsi Opp. Aff.") [Dkt. 128] ¶ 19. He also argued that he produced all documents over which he had control. *Id*. ¶ 18.

Magistrate Judge Netburn set forth the legal standard regarding discovery sanctions under Rule 37 and reiterated the bases of her determination that Defendant failed to comply with court orders because he failed to produce documents to which he had access. *See* R&R at 24–26. She noted that she had given Defendant fair warning that she might impose sanctions, but he nonetheless still failed to produce the documents as ordered. *Id*. at 26. She found that Defendant did "not respond to the substance of [Plaintiff's] sanctions request [and instead] simply retorts that he 'has produced whatever documents he has, or could get possession of.'" *Id*. at 26 (citation omitted). But, Magistrate Judge Netburn noted, she "previously considered and rejected this contention." *Id*. (citations omitted). Nevertheless, the Magistrate Judge determined that it was more appropriate under the circumstances to recommend a permissive adverse inference rather than the mandatory adverse inference jury instruction Plaintiff had urged. *Id*. at 26–27.

The Magistrate Judge also determined that Defendant's failure to produce documents was not substantially justified, given her repeated finding that Defendant did have access to the documents he failed to produce, and that there were no other circumstances that would make an award of expenses unjust. R&R at 27. Accordingly, pursuant to Rule 37(b)(2)(C), she ordered Defendant to pay Plaintiff's reasonable attorneys' fees and costs incurred in bringing the motion to compel and motion for sanctions. *Id*.

Both parties object to the sanction recommended by Magistrate Judge Netburn. Defendant repeats his contention that, contrary to the Magistrate Judge's repeated findings, he has produced all of the requested documents, and that he does not have access to any records for

KDR to the extent that the Magistrate Judge found he had access to those documents as well. D. Obj. at 6–9. He further contends that "there was nothing intentional or within [his] control regarding his inability to produce further documents than what was already provided," so he should not have to bear Plaintiff's costs. *Id*. at 9. In contrast, Plaintiff asserts that the recommended sanctions do not go far enough, and that a mandatory, rather than permissive, adverse inference (or some other harsh sanction) is called for given Defendant's willfulness and bad faith in defying court orders. *See* P. Obj. *See also* D. Obj. Reply; P. Obj. Reply.

The Court's review of Magistrate Judge Netburn's management of this discovery dispute is highly deferential. The Court has studied the documents underlying the sanctions recommendation, including letter motions, orders, and transcripts of the relevant conferences. *See* Dkts. 89–110. Upon doing so, the Court finds that the Magistrate Judge's determinations were neither clearly erroneous nor contrary to law, and in particular concurs with her finding that Defendant repeatedly failed to follow orders to produce discovery. The Court also finds that it was not clearly erroneous or contrary to law—and in fact was entirely appropriate—to invite Plaintiff to seek sanctions at summary judgment in light of Defendant's discovery failures.

As for the substance of the sanction, the Court overrules both parties' objections and finds that a permissive sanction as recommended in the R&R is appropriate, and the recommendation is neither clearly erroneous nor contrary to law. Upon consideration of the relevant factors for Rule 37 discovery sanctions and the circumstances of the case, a jury instruction permitting an adverse inference is the most fitting sanction. It is clear, notwithstanding Defendant's protestations to the contrary, that he did not comply with Magistrate Judge Netburn's discovery orders, and some sanction is warranted.[7] But it is also

---

[7] Additionally, Defendant's discussion of his lack of control over or possession of KDR documents is confusing and irrelevant because nothing in the R&R suggests as much, nor are such documents among those that he

clear to the Court that a sanction as harsh as Plaintiff requests would go too far in tilting the scales toward her case and would not be just and commensurate.

Plaintiff points to cases in which courts ordered severe, preclusive sanctions, *see* P. Obj. at 12–13, but the conduct in those cases was more egregious than that presently before the Court. For example, in *Oz v. Lorowitz*, one of the defendant's examining physicians "categorically refused to produce the documents he was ordered to produce," while two other doctors failed to comply because they were purportedly "too busy to do so." No. 09 CIV. 5532 RJH HBP, 2011 WL 803077, at *3 (S.D.N.Y. Mar. 7, 2011). Similarly, in *In re Tartaglione*, "[i]t was not until appellee moved to strike appellants' answer and enter a default judgment that appellants responded to interrogatories and commenced producing documents, and even then the belated responses and document production were clearly deficient." No. 06 CIV. 13560 (WCC), 2008 WL 336844, at *5 (S.D.N.Y. Feb. 5, 2008). And in *McConnell v. Costigan*, the Defendant "willfully disregarded Court orders and [showed] complete indifference to communicating with the Court and his adversaries, as he is obligated to do as part of the discovery and litigation process." 00 CIV. 4598(SAS)(THK), 2001 WL 1456609, at *4 (S.D.N.Y. Nov. 16, 2001). Here, while the Magistrate Judge found that Defendant had access to the documents he failed to produce, it appears that his counsel was making *some* effort to retrieve responsive documents,[8]

---

failed to produce (notwithstanding that Defendant failed to produce *AANDCO* documents regarding its sale of assets *to* KDR).

[8]      *See, e.g.*, Transcript of November 14, 2017 Conference [Dkt. 102] at 5:6–10 ("Since the last time that we were here I have had probably at least, at least a half a dozen, maybe up to nine or ten conversations with the attorney down there called Nadine. I have been -- who indicated to me that she was going to try to get me documents last week. I asked for a one week extension from Mr. Bender. It was denied. Perfectly fine."); 6:3–11 ("However, I did get two telephone calls from Kevin Ramgoolie within the last two days who indicated that AANDCO, which is -- - I'm using the word decertified. They may use a different legal term down there. That they will -- they're not submitting themsel[ves] to the jurisdiction of the United States Federal Court, District -- Southern District of New York and that no documents had been sent to Andy Ramgoolie although he had asked for documents.") *See also* R&R at 10 (noting Defendant's counsel's calls with "Nadine" and Kevin Ramgoolie) (citations omitted).

and Defendant did not wholly ignore his adversary or the Court in a manner that would warrant a severe sanction. Thus, upon its review of the R&R and evidence before the Magistrate Judge, and considering the substantial deference owed, the Court adopts her recommendation that the jury be given a permissive adverse inference instruction at trial.

Nonetheless, while the Court appreciates and generally agrees with Magistrate Judge Netburn's proposed instruction, it will defer adopting her specific language at this time, as the Court finds it more appropriate to craft the precise language of the adverse inference in the context of the complete jury instructions. *See, e.g.*, *Dataflow, Inc. v. Peerless Ins. Co.*, No. 3:11-CV-1127 LEK/DEP, 2014 WL 148685, at *2 (N.D.N.Y. Jan. 13, 2014) ("As to objection (5), although the Court adopts Magistrate Judge Peebles' recommendation that the Court include an adverse inference instruction, the Court will defer ruling on the language of jury instructions until the filing of pretrial memoranda so as to consider proposed jury instructions as a whole."). The Court thus adopts Magistrate Judge Netburn's recommendation as to sanctions, with the limited modification of deferring decision on the exact language of the adverse inference instruction at least until the parties' final pretrial conference.[9]

Lastly, the Court finds that Magistrate Judge Netburn's order to shift Plaintiff's reasonable expenses was not clearly erroneous or contrary to law. A court *must* shift costs and fees unless the failure to comply with discovery obligations was substantially justified or the expense-shifting would otherwise be unjust. The Court agrees with the determination in the R&R that no such mitigating circumstances are present, and thus the Court adopts the order that Defendant must bear Plaintiff's reasonable attorneys' fees and costs.

---

[9]     Even after the final pretrial conference, events at trial could lead to further wordsmithing at the charge conference.

### e. The Remainder of the Report and Recommendation is Not Clearly Erroneous

After carefully reviewing the remaining portions of the R&R and the summary judgment record, the Court concludes that nothing in Magistrate Judge Netburn's thorough and well-reasoned analysis is clearly erroneous, including her denial of summary judgment for both parties and the portions of the R&R not discussed above. Therefore, the Court adopts the R&R almost entirely, with the minimal modification of deferring decision on the precise language of the adverse inference instruction to be given as a sanction for Defendant's failure to produce documents. For substantially the same reasons set forth therein, Plaintiff's and Defendant's motions for summary judgment are denied, and Plaintiff's motion for sanctions is granted as minimally modified.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court ADOPTS the R&R with minimal modification as described above. Accordingly, Plaintiff's and Defendant's motions for summary judgment are DENIED; and Plaintiff's motion for sanctions is GRANTED. The case shall proceed with damages discovery before Magistrate Judge Netburn. The Clerk of Court is instructed to terminate Docket Entries 111 and 113.


**SO ORDERED.**

_____

**Date: September 6, 2018**
**New York, New York**

        **VALERIE CAPRONI**
        **United States District Judge**