UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JENNY RAMGOOLIE,

        **Plaintiff,**

   -against-

ANDY RAMGOOLIE,

        **Defendant.**

-----------------------------------------------------------------X

16-CV-03345 (VEC)(SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On November 26, 2018, Plaintiff filed a motion to compel Defendant to produce additional documents in response to Plaintiff's discovery requests. For the reasons set forth below, the motion to compel is GRANTED in part and DENIED in part.

## BACKGROUND

On August 3, 2018, the Court recommended denying the parties' motions for summary judgment in their entirety. ECF No. 139. This decision was adopted with minimal modification on September 6. ECF No. 149. For the purposes of Plaintiff's motion to compel, the Court assumes familiarity with the Court's decision and the underlying facts of this case.

The parties are currently engaged in damages discovery. See ECF No. 169. On September 7, 2018, Plaintiff served Defendant with four interrogatories and 14 document requests. ECF No. 170, Declaration of Howard A. Bender ("Bender Decl."), at Exhibit A. Defendant responded to Plaintiff's discovery demands on October 11. Id. at Exhibit B. After Plaintiff amended her demands, Defendant made a supplemental production on November 26. ECF No. 171, Defendant's Brief ("Def's Br."), at 1.

Plaintiff contends that Defendant has failed to respond adequately to Plaintiff's discovery requests. Specifically, Plaintiff requests that Defendant be compelled to produce: (1) bank statements from Aandco Health Care, Ltd. ("Aandco"); (2) certain financial records relied upon by Aandco's accountant; and (3) documents relating to any business transactions between KDR Medical Care Ltd. ("KDR") and Direct Med Company Limited ("Direct Med"). ECF No. 170, Plaintiff's Brief ("Pl's Br."). The Court addresses these categories in turn.

## LEGAL STANDARD

Under Rule 26 of the Federal Rules of Civil procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party may serve on any other party a request to produce documents within the scope of Rule 26. Id. at 34(a). The responding party must produce documents sought in each request or state an objection to the request, including the reasons. Pegoraro v. Marrero, 281 F.R.D. 122, 132 (S.D.N.Y. 2012) (citing Fed R. Civ. P. 34(b)(2)). If the responding party fails to produce documents, the party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37(a)(3)(B).

## DISCUSSION

### I. Bank Statements from Aandco

Plaintiff contends that Defendant failed to produce a complete set of Aandco's banking records. Pl's Br., at 2. In response, Defendant asserts that he made a supplemental production on November 26 and that he does not possess any other responsive documents. Def's Br., at 1. The Court is not persuaded that Defendant has engaged in an adequate search for documents.

First, Plaintiff has proffered concrete evidence that additional banking records exist. For account 801,[1] Defendant produced a 26-page "Transaction Information" statement, as well as 13 non-consecutive monthly bank statements. Def's Br., at Exhibits 6–8. The Transaction Information statement does not provide any information after February 17, 2016, and the monthly statements do not provide any information after April 30, 2016. Id. In support of her motion, however, Plaintiff produced evidence of a wire transfer from Aandco to Munza Ramgoolie, the parties' uncle. ECF No. 174, Plaintiff's Reply Brief ("Pl's Reply Br."), at 1. The wire transfer occurred on May 25, 2016, and was in the amount of $1,004,500.00 (TT). Id. This suggests that Defendant's production — which did not identify any transactions after April 30 — was incomplete.

Defendant's production for the remaining accounts supports this conclusion. In a sworn declaration, Plaintiff states that the Republic Bank Limited provides copies of Aandco's canceled checks as part of its bank statements. ECF No. 170, Jenny Ramgoolie Declaration ("J. Ramgoolie Decl."), at ¶ 6. But Defendant has not produced any canceled checks, and he does not address Plaintiff's concerns in his opposition brief. Similarly, Defendant's production for accounts 935, 401, and 927 also raises concerns.[2] Although Defendant produced a number of monthly and periodic statements, he does not address why so many monthly statements are missing, or why almost no records at all were produced for the latter half of 2016. This is particularly concerning given Defendant's 2016 year-end financial statement. In the "Notes to Financial Statements" section, the statement provides that Aandco is set to receive "deferred consideration" for the sale of its assets to KDR through "lump sum payments over the period January 15, 2016 *to July 14, 2018*." ECF No. 174, Declaration of Howard A. Bender ("Bender

---

[1] The full account number is: 940800563801.
[2] The full account numbers are: 110000002590935; 940904597401; and 110000002590927.

Reply Decl."), Exhibits D, at 33 (emphasis added). Under these facts, Defendant's conclusory statement that he does not possess other responsive documents is insufficient.

Finally, Plaintiff states in her declaration that she is aware of an Aandco bank account with the number CD-940485752451. J. Ramgoolie Decl., at ¶ 5. Defendant — who has not provided any documentation regarding this account — does not deny its existence. Rather, he states that he forwarded Plaintiff's request "to Trinidad" and was informed that "what was produced to Plaintiff was responsive to her request." ECF No. 172, Andy Ramgoolie Declaration ("A. Ramgoolie Decl."), at ¶ 4. This is not an adequate search for documents. As the Court has previously held, Defendant has access to Aandco's corporate records. See ECF No. 100, at 11. As such, it is Defendant's obligation to produce responsive documents, not "Trinidad's," or some other unnamed individual's.

Accordingly, within 14 days of this Opinion and Order, Defendant is directed to search for and produce Aandco's bank statements between 2014 and 2016. This includes: (1) the missing pages identified in Plaintiff's reply brief for accounts 801, 935, 401, and 927; (2) any records related to account 451, if such an account exists; (3) canceled checks for all of Aandco's accounts; and (4) any other banking records from that time period, including records from the alleged sixth account referenced in the parties September 15 joint letter. Because the Court has previously concluded that Defendant controls (or controlled) Aandco, Defendant is further directed to request these documents from the relevant banks. See In re NTL, Inc. Sec. Litig., 244 F.R.D. 179, 195 (S.D.N.Y. 2007) ("[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action.") (internal citations omitted).

## II. Financial Records

During liability discovery, Defendant produced a letter, dated October 6, 2016, from Aandco's purported accountant, R. Ramdass & Co ("Ramdass"). The letter provides:

> We have examined the financial records of Aandco Healthcare Limited for the years ended April 30, 2014, 2015, and 2016, and have found no payment (cheque or cash) was issued to Mr. Andy Ramgoolie.

Bender Decl., at Exhibit D. As part of her discovery demands, Plaintiff requested that Defendant produce the "financial records" referenced in the October 6 letter. Id., Exhibit A, at 4. Defendant contends that these records have already been produced. Def's Br., at 1. Initially, Defendant did not identify the specific documents to which he was referring. Id. When prompted by Plaintiff, however, Defendant provided Aandco's 2014, 2015, and 2016 year-end financial statements. Bender Reply Decl., at Exhibits C & D.

There is good reason to conclude that Defendant's production is inadequate. The year-end statements consist of the following documents: an auditor's report; a statement of financial position; a statement of comprehensive income; a statement of changes in equity; a statement of cash flows; and a series of endnotes. Bender Reply Decl., Exhibit D, at 3. These documents provide a general overview of Aandco's financial position. Crucially, however, there is no reasonable way for Ramdass to conclude, based only on these records, that Defendant did not receive a payment from Aandco. The year-end statements simply do not provide that kind of detailed information. This suggests that the documents produced by Defendant are not the "financial records" relied upon by Ramdass. Accordingly, within 14 days of this Opinion and Order, Defendant is directed to search for and produce the "financial records" referenced in the October 6 letter from Ramdass. Defendant is further directed to request these documents from Ramdass. See De Vos v. Lee, No. 07-CV-804 (JBW) (RLM), 2008 WL 2946010, at *1

(E.D.N.Y. July 29, 2008) ("[D]ocuments in the possession of a party's accountant are deemed within that party's control for purposes of Rule 34 discovery.") (collecting cases).

Further, Plaintiff notes that Defendant first produced the 2016 year-end financial statement on December 6, 2018. Pl's Reply Br., at 4. Subsequently, on December 10, Plaintiff submitted a formal document request for any documents used to create the 2016 financial statements. Bender Reply Decl., Exhibit E, at 3. Plaintiff requests that this disclosure be compelled as part of this motion. Pl's Reply Br., at 5 n.6. At this time, the Court does not have enough information to resolve Plaintiff's request. The Court does not know, for example, whether Defendant has responded to Plaintiff's demand, or whether the parties have made genuine efforts to meet-and-confer. Moreover, as Plaintiff admits, the set of records responsive to Plaintiff's demand is similar to the "financial records" referenced in the October 6 letter. Id. at 4–5. Thus, through this Opinion and Order, the Court has already compelled Defendant to produce records that are responsive to Plaintiff's December 10 document request. If there additional problems with Defendant's production, Plaintiff can make a separate motion at a later date.

### III. Business Transactions Between KDR and Direct Med

In an email on February 2, 2015, Defendant stated that he planned to establish a "separate company to supply Aandco and other facilities with [dialysis] supplies." Bender Decl., Exhibit G. Later that day, Plaintiff responded that she was "not sure" if Aandco should buy supplies from Defendant's new company. Id. Plaintiff feared, among other things, that the company would "charge too much" and siphon off profits from Aandco. Id.

Plaintiff requests that Defendant be compelled to produce all Direct Med documentation that relates to business dealings between KDR and Direct Med. Pl's Reply Br., at 5. Direct Med

6

is a supply company that imports medical supplies into Trinidad. Bender Decl., Exhibit F, at 183–84. On August 9, 2016, KDR paid Direct Med $200,000.00 (TT) for supplies. J. Ramgoolie Decl., at Exhibit A. Plaintiff argues that sales between KDR and Direct Med may be inflated in a manner similar to the sales Defendant contemplated doing with Aandco in his February 2 email. These sales, according to Plaintiff, would divert profits from KDR and are therefore relevant to Plaintiff's damages claim.

In his deposition, Defendant testified that he works as a consultant for Direct Med. Bender Decl., Exhibit F, at 184. He further testified that he had been paid "about $20,000 (TT)" for his work, but that he would have to "check [his] account" to be sure of the exact sum. Id. at 187. In his declaration, however, Defendant claims that he has since checked his bank account and determined that he never received compensation from Direct Med. A. Ramgoolie Decl., at 7. Even if true, this does not absolve Defendant from his discovery obligations. Defendant testified that he was affiliated with Direct Med and that he works for the company as a consultant. This suggests that Defendant will have documentation related to Direct Med in his possession and control. Plaintiff's request is narrowly tailored to documents that relate to Direct Med's business transactions with KDR, and Defendant does not argue that searching for these documents is unduly burdensome. Accordingly, within 14 days of this Opinion and Order, Defendant is directed to search for and produce all Direct Med documentation in his control that relates to business dealings between KDR and Direct Med.

## CONCLUSION

Plaintiff's motion to compel is GRANTED in part and DENIED in part. Within 14 days of this Opinion and Order, Defendant is ORDERED to search for and produce Aandco's bank statements between 2014 and 2016. This includes: (1) the missing pages identified in Plaintiff's

reply brief for accounts 801, 935, 401, and 927; (2) any records related to account 451, if such an account exists; (3) canceled checks for all of Aandco's accounts; and (4) any other banking records from that time period, including records from the alleged sixth account. When performing these searches, Defendant is directed to request a copy of the documents from the relevant banks. In addition, Defendant is ORDERED to search for and produce (a) the "financial records" referenced in the October 6 letter from Ramdass; and (b) all Direct Med documentation in his control that relates to business dealings between KDR and Direct Med. When searching for the "financial records" referenced in the October 6 letter, Defendant is directed to request those documents from Ramdass.

Further, the parties' request to extend the deadline for damages discovery until February 28, 2019, is GRANTED. No further extensions will be granted. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 170 and 179.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: January 29, 2019
    New York, New York