UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

JENNY RAMGOOLIE,                                    16-CV-3345 (VEC) (SN)

        Plaintiff,

    -against-

ANDY RAMGOOLIE,

        Defendant.

--------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT**
**OF HER MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37(b)(2)(A)**

HOWARD A. BENDER, ESQ.
Attorney for Plaintiff
800 Westchester Ave., Suite 641-N
Rye Brook, NY 10573
Ph: 914-921-1998
Fax: 914-368-9705
hbender@benderesq.com

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**                                                    i

**PRELIMINARY STATEMENT**                                                   1

**STATEMENT OF FACTS**                                                      2

**ARGUMENT**                                                                4

    I. Defendant should be severely
    sanctioned because of his continued
    violations of the Court's orders
    compelling production, particularly since
    (i) the Court's prior sanctions have not
    resulted in Defendant's compliance; and,
    (ii) Defendant has misrepresented facts
    related to the information that has not
    been produced.                                          4

    II. Plaintiff is entitled to attorney's fees            13
    and costs.

**CONCLUSION**                                                              13

## <u>TABLE OF AUTHORITIES</u>

Cases

*Agiwal v. Mid Island Mortg. Corp.,* 555 F.3d 298 (2d Cir. 2009)................................................... 5

*Buckley v. Vidal,* 50 F.R.D. 271 (S.D.N.Y. 1970) ........................................................................... 6

*Burrell v. AT&T Corp.,* 282 Fed. Appx. 66 (2d Cir. 2008) ........................................................... 12

*Chowdhury v. Hamza Express Food Corp.,* 308 F.R.D. 74 (E.D.N.Y. 2015) ............................... 8

*Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062 (2d Cir.

1979) ............................................................................................................................................. 5

*Conway v. Dunbar,*  121 F.R.D. 211 (S.D.N.Y. 1988)................................................................. 13

*Fears v. Wilhelmina Model Agency, Inc.,* 2004 U.S. Dist. LEXIS 8364 (S.D.N.Y. May 4, 2004)

..................................................................................................................................................... 11

*Gross v. Trinidad & Tobago Tourist Bd.,* 1988 U.S. Dist. LEXIS 11831 (S.D.N.Y. 1988) ........ 13

*Gutman v. Klein,* 2008 U.S. Dist. LEXIS 92398, 2008 WL 4682208 (S.D.N.Y. October 15,

2008) .......................................................................................................................................... 11

*Herdwerker v. AT&T Corp.,* 211 F.R.D. 203 (S.D.N.Y. 2002)..................................................... 8

*In re NTL, Inc. Sec. Litig.,* 244 F.R.D. 179 (S.D.N.Y. 2007) ....................................................... 6

*In re Tartaglione,* 2008 U.S. Dist. LEXIS 8520, 2008 WL 336844 (S.D.N.Y. Feb. 5, 2008) ....... 8

*Miller v. Time-Warner Communs., Inc.,* 1999 U.S. Dist. LEXIS 14512 (S.D.N.Y. September 22,

1999) ......................................................................................................................................... 12

*National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S. Ct. 2778, 49 L.

Ed. 2d 747 (1976) ..................................................................................................................... 12

*Penthouse Int'l v. Playboy Enterprises,* 663 F.2d 371 (2d Cir. 1981) ........................................ 11

*S. New Eng. Tel. Co. v. Glob. NAPs Inc.,* 624 F.3d 123 (2d Cir. 2010) ....................................... 5

*Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights,* 1996 U.S. Dist. LEXIS 16753

    (S.D.N.Y. June 25, 1996)..........................................................................................12

Rules

Fed. R. Civ. P 37(b)(2)(A) (2019) .................................................................................5

Fed. R. Civ. P. 26(b) (2019).........................................................................................4

Fed. R. Civ. P. 34(a) (2019) .........................................................................................5

Fed. R. Civ. P. 34(b) (2019) .........................................................................................5

Fed. R. Civ. P. 37(a)(3)(B) (2019) ...............................................................................5

Fed. R. Civ. P. 37(a)(5)(A) (2019)..............................................................................13

Fed. R. Civ. P. 37(b)(2)(A) (2019) ...............................................................................9

Fed. R. Civ. P. 37(b)(2)(C) (2019)..............................................................................13

## <u>PRELIMINARY STATEMENT</u>

Pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, Plaintiff, Jenny Ramgoolie, respectfully brings this motion seeking sanctions against Defendant, Andy Ramgoolie, because of Defendant's failure to comply with this Court's January 29, 2019 Opinion and Order compelling the production of documents.

With respect to the documents subject to the Court's order and related to Aandco Healthcare Ltd. ("Aandco"), Defendant produced canceled checks from only one of Aandco's multiple bank accounts.  With respect to that particular account, less than 20% of the checks issued were produced.

In terms of Aandco bank statements, Defendant produced only one new bank statement. The balance of the "Aandco" production consists of the same exact copies of the limited bank statements previously produced and an email from Aandco's purported accountant claiming that the "financial records" subject to the Court's order were supposedly returned to Aandco.  Despite being returned to Aandco, neither the "financial records," nor any other documents subject to the Court's order, have been produced.

This is now the second time in less than a year that Defendant has failed to comply with the Court's orders compelling production.  Given that Defendant has already been sanctioned for similar behavior, the Court, pursuant to applicable U.S. Supreme Court and Second Circuit precedent, must severely sanction Defendant's conduct, both as a punishment for that conduct and as a deterrent for future litigants.  This is particularly true here since, aside from failing to comply with multiple orders compelling the production of documents, Defendant has misrepresented facts to the Court concerning information in those documents and brazenly mispresented his compliance with previous orders in Court filings.

1

As a result, Plaintiff respectfully requests, pursuant to Rule 37(b)(2)(A)(vi) of the Federal Rules of Civil Procedure, that a default judgment be entered against Defendant.  Plaintiff also seeks her attorney's fees and costs for both her recent motion to compel the production of the documents at issue, which gave rise to the Court's January 29, 2019 order, and the instant motion.

## STATEMENT OF FACTS

On November 26, 2018, Plaintiff, Jenny Ramgoolie, moved before this Court for an order compelling the production of documents from Defendant, Andy Ramgoolie. (ECF 170).[1] On January 29, 2019, the Court issued an Opinion and Order pursuant to that motion.  The Court ordered the following:

> Within 14 days of this Opinion and Order, Defendant is ORDERED to search for and produce Aandco's bank statements between 2014 and 2016.  This includes: (1) the missing pages identified in Plaintiff's reply brief for accounts 801, 935, 401, and 927; (2) any records related to account 451, if such an account exists; (3) cancelled checks for all of Aandco's accounts; and (4) any other banking records from that time period, including records from the alleged sixth account.  When performing these searches, Defendant is directed to request a copy of the documents from the relevant banks.  In addition, Defendant is ORDERED to search for and produce (a) the "financial records" referenced in the October 6 letter from Ramdass; and (b) all Direct Med documentation in his control that relates to business dealings between KDR and Direct Med.  When searching for the "financial records" referenced in the October 6 letter, Defendant is directed to request those documents from Ramdass.

(ECF 181 at 7-8).

---

[1] When available, citations to court documents shall be made to their respective Electronic Court Filing docket number.

On February 13, 2019, Defendant's counsel sent four emails to Plaintiff's counsel. (Declaration of Howard A. Bender, Esq. in Support of Plaintiff's Motion for Sanctions, sworn to on February 27, 2019 (the "Bender Decl.") ¶ 3).  The first three of these emails contained .pdf documents as attachments.  The fourth email contained a link to a shared Google Docs folder that contained additional .pdf documents.  (*Id.*).

On February 18, 2019, Plaintiff's counsel inquired whether the documents accessible via the February 13, 2019 emails were the full extent of Defendant's production pursuant to the Court's January 29, 2019 order.  (Bender Decl. ¶ 4).  Defendant's counsel responded as follows: "The requested document demand, as per the Court's Decision, was sent to the third parties and what I produced was what they provided." (*Id.*).

On February 19, 2019, Plaintiff's counsel sent a letter to Defendant's counsel advising that Plaintiff had reviewed the February 13, 2019 production and found it did not comply with the Court's order.  (Bender Decl. ¶ 5).  Specifically, Plaintiff noted:

> 1.    In regards to the first item discussed in the Court's order, the only new pages produced were documents related to account 927, specifically the Interim Statement Summary that contains entries from October 1, 2014 through February 5, 2019.  All the other bank statement pages were previously produced and are not responsive to the Court's order.
>
> 2.    In regards to the second item, no records related to account "451" were produced.
>
> 3.    In regards to the third item, the only canceled checks produced were those that relate to account 801 and only 218 checks related to that account were produced.  Upon information and belief, and per the account 801 statements currently in our possession, more than 1,200 checks were issued from this account.
>
> 4.    In regards to the fourth item, no other banking records from 2014 through 2016 were produced.

3

     5.      The February 12, 2019 email from R. Ramdass & Co. indicates that the "financial records" in question were "returned/left at the Company's place of business," but these documents still have not been produced.

     6.      Defendant has not produced any documentation relating to business dealings between KDR and Direct Med.

(*Id.;* Exh. B).  In reply, Defendant's counsel advised that

     the request for documents was sent directly to the respective third parties along with a cut and paste from the Court's Order referencing which documents are being sought. I produced what was provided to me as the result of these requests.

(*Id.* ¶ 7).

Defendant's counsel did not indicate that Defendant intended to produce further documents pursuant to the Court's January 29, 2019.  Rather, on February 25, 2019, Defendant's counsel emailed Plaintiff's counsel and  threatened that he would "cross move" for Rule 11 sanctions in the event Plaintiff were to file a motion for discovery sanctions against Defendant. Plaintiff now respectfully moves, pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, for sanctions against Defendant, including an award of attorney's fees and costs pursuant to both Fed. R. Civ. P. 37(a)(5) and 37(b)(2)(C).

## **ARGUMENT**

I.    Defendant should be severely sanctioned because of his continued violations of the Court's orders compelling production, particularly since (i) the Court's prior sanctions have not resulted in Defendant's compliance; and, (ii) Defendant has misrepresented facts related to the information that has not been produced.

Pursuant to Rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense or proportional to the needs of the case."  Fed. R. Civ. P. 26(b) (2019).  "A party may serve on any

other party a request" to produce documents within the scope of Rule 26(b).   Fed. R. Civ. P.

34(a) (2019).  The responding party must either produce documents sought in each request of

"state an objection to the request, including the reasons."  Fed. R. Civ. P. 34(b) (2019).

If a party fails to produce documents pursuant to a request then the "party seeking

discovery may move for an order compelling . . . production." Fed. R. Civ. P. 37(a)(3)(B) (2019).

In the event the party subject to an order to compel fails to obey that order then "the court where

the action is pending may issue further just orders" sanctioning the non-complying party's

conduct. Fed. R. Civ. P 37(b)(2)(A) (2019).   In determining the appropriate sanction to impose,

courts in the Second Circuit generally consider

> (1) the willfulness of the non-compliant party or the reason for the
> noncompliance; (2) the efficacy of lesser sanctions; (3) the
> duration of the period of noncompliance; and (4) whether the non-
> compliant party had been warned of the consequences of
> noncompliance.

*S. New Eng. Tel. Co. v. Glob. NAPs Inc.,* 624 F.3d 123, 144 (2d Cir. 2010) (quoting *Agiwal v.*

*Mid Island Mortg. Corp.,* 555 F.3d 298, 302 (2d Cir. 2009)). When deciding on an appropriate

sanction, a court should consider that sanction "in light of the full record of the case." *Cine*

*Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir.

1979).  The Second Circuit has consistently held that courts "should not shrink from imposing

harsh sanctions where . . . they are clearly warranted," as they are here.  *Id.*

As the Court is aware, this is now the second time Plaintiff has had to move for orders

compelling the production of documents from Defendant and the second time she has had to

move for sanctions because of Defendant's failure to comply with those orders.  Previously,

Defendant claimed he was unable to produce the requested documents because they were not in

his possession and he did not have access to them.  (*See* ECF 102 at 4-5; ECF 106 at 1).

However, the Court held that given Defendant's role with Aandco, Defendant was required to produce Aandco documents since he had "control" of those documents . (ECF 139 at 25); *See In re NTL, Inc. Sec. Litig.,* 244 F.R.D. 179, 195 (S.D.N.Y. 2007) ("[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." (citations omitted); *Buckley v. Vidal,* 50 F.R.D. 271, 274 (S.D.N.Y. 1970) ("Production may be ordered when a party has the legal right to obtain papers, even though he has no copy, regardless of whether a paper is beyond the jurisdiction of the court.").

> [T]he evidence in the record suggests that Defendant was one of the key people involved in establishing and developing Aandco and was an owner of the company throughout the time it was operational.  In addition, the business's other shareholders were all close family members of Defendant.

In fact, no one individual has more "control" over these documents than does Defendant, Aandco's self-proclaimed founder, owner, and Chief Executive Officer.  By way of the Court's January 29, 2019 order, the Court reaffirmed Defendant's control over Aandco documents obtainable from Aandco's banks, Republic Bank Limited ("Republic Bank") and RBC Royal Bank (Trinidad & Tobago) Limited ("RBC"),  and R. Ramdass & Co. ("Ramdass"), Aandco's purported accountant.  (ECF 181 at 4).

Apparently, Defendant believes that all that is required of him, pursuant to the Court's January 29, 2019 order, is for him to produce email correspondence between himself and the third parties.  Defendant loses sight of the fact that since he has control over the documents subject to the Court's order, he is compelled to produce them.

With the exception of the KDR/Direct Med documents, all of the documents subject to the Court's order were either generated by, and/or in the possession of, Republic Bank, RBC, and

Ramdass. With respect to the Republic Bank and RBC documents, Defendant does not even offer any evidence that he, as an owner and officer of Aandco, requested those documents from Republic Bank or RBC.  (Bender Decl. ¶ 10).  One would assume Defendant would have produced these requests if they had been made since Defendant produced the purported written requests to both Ramdass for the "financial records" and KDR's counsel for the KDR/Direct Med documents. (*Id.*).

  In making his additional production of Republic Bank/RBC documents pursuant to the Court's January 29, 2019 order, all Defendant produced was one new bank statement for account 927 and less than 20% of the cancelled checks issued from only one of Aandco's multiple accounts.  (Bender Decl. ¶ 9).  All the other Republic Bank/RBC documents Defendant produced by way of the February 13, 2019 emails were merely copies of the documents previously produced -- right down to the photocopied sticky notes. (*Id.*).

  Upon information and belief, Defendant has not produced any of the "financial records" referenced in Ramdass's October 6, 2016 letter. (Bender Decl. ¶ 12).  With respect to the request made to Ramdass for the "financial records," the email produced by Defendant shows that Ramdass claims those documents were "returned/left at the Company's place of business." (Bender Decl. ¶ 10, Exh. D).  However, the 2016 financial statement first produced by Defendant in December 2018 includes within it a cover letter dated April 27, 2018, which means the "financial records" used for preparing this financial statement were in Ramdass' possession at or around this same time and returned to Aandco sometime thereafter.  (Bender Decl. ¶ 13, Exh. F). This was also precisely the time Defendant's first motion for sanctions was made concerning similar financial/corporate documents that Defendant claimed he was unable to produce.

7

Ramdass advises that the "financial records" were returned to the "Company's place of business" even though Aandco ceased operations more than two years before in January 2016. (Bender Decl. Exh. D). Aside from the fact that Ramdass claims he returned the documents to a defunct company at its "place of business," Plaintiff fails to see how Ramdass's returning the documents to Aandco, regardless of when those documents may have been returned, absolves Defendant from his obligation to produce them. In fact, the nexus of control between Defendant and those "financial records" is even closer if they are in Aandco's possession rather than Aandco's accountant's possession.[2]

Finally, Defendant has not produced any documents relating to business dealings between Direct Med and KDR. (Bender Decl. ¶ 12).

_Willfulness_

Defendant's prior history of violating the Court's orders and his failure to take seriously his responsibility to comply with the Court's recent January 29, 2019 order are evidence of willfulness. *Chowdhury v. Hamza Express Food Corp.,* 308 F.R.D. 74, 83 (E.D.N.Y. 2015) (citing *In re Tartaglione,* 2008 U.S. Dist. LEXIS 8520, 2008 WL 336844, at *7 (S.D.N.Y. Feb. 5, 2008) (finding willfulness where disobedient party "repeatedly failed to produce critical documents or respond to proper document requests and interrogatories); *see also Herdwerker v. AT&T Corp.,* 211 F.R.D. 203, 209 (S.D.N.Y. 2002) ("[A] party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault.").

---

[2]Defendant appears to be playing a shell game whereby he first claims he can't produce the "financial records" because those documents are in the possession of Aandco's accountant. But now, after requesting those same documents from that same accountant, the documents are not produced because they were supposedly returned to Aandco.

*Efficacy of Lesser Sanctions*

Defendant was previously sanctioned with a discretionary adverse jury instruction because of his failure to produce documents during liability discovery.  (ECF 139 at 26-27; ECF 149 at 20).  However, this sanction did not effectively prevent Defendant from again refusing to produce relevant documents subject to this Court's January 29, 2019 order.  This is *de facto* proof of lesser sanctions being ineffective and weighs heavily in favor of severely sanctioning Defendant for his recent behavior.  *Chowdhury,* 308 F.R.D. at 83.

Respectfully, Plaintiff objected to the adverse jury instruction sanction imposed by the Court in its August 4, 2018 Report and Recommendation and argued that, unless a more severe sanction were issued, it was likely that Defendant would once again shirk his disclosure obligations during damages discovery.  (ECF 141 at 18). Unfortunately, Plaintiff's predictions have proven true.[3]  The Court should not now hesitate to impose one of the more severe sanctions enumerated under Fed. R. Civ. P. 37(b)(2)(A).[4] Fed. R. Civ. P. 37(b)(2)(A) (2019).

---

[3] It should also be noted that the Court awarded Plaintiff attorney's fees for motions brought during the liability phase of discovery.  Plaintiff's application for those fees, in the amount of $24,457.32, is still pending despite being fully submitted to the Court on September 20, 2018.  (Bender Decl. ¶ 15).  Thus, to date, Defendant has not suffered any financial consequences as a result of his recalcitrance. As noted below, Plaintiff is now also seeking her attorney's fees and costs for her November 26, 2018 motion to compel disclosure and this instant motion for sanctions.

[4] Rule 37(b)(2)(A) provides, in pertinent part, "[i]f a party . . . fails to obey an order to provide . . . discovery, . . . the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (2019).

*Duration of Non-Compliance and Defendant's Other Misconduct*

Defendant has failed to provide adequate disclosure since at least August 2017 when Plaintiff first retained counsel.  Since that time, Plaintiff has had to request discovery conferences, twice successfully move for orders compelling the production of documents, and twice move for sanctions against Defendant because of his failure to comply with those orders.

During this same time period, Defendant has made significant misrepresentations to the Court related to the information/documents he failed to produce.  These misrepresentations include false statements concerning Defendant's capital contributions to Aandco and Defendant's compliance with the Court's orders.

On November 14, 2017, during a conference concerning Defendant's failure to produce documents related to, among things, Aandco's capitalization and ownership, Defendant's counsel represented to the Court that he had spoken to Defendant the prior evening and that Defendant had advised him that Defendant's capital contributions to Aandco consisted solely of airplane tickets to and from New York and Trinidad.  (Bender Decl. ¶ 17, Exh. G).  This representation was later proven false by documentary evidence.  (*Id.* ¶ 18).  In fact, Defendant's actual known capital contributions consist of at least approximately $380,000.00 (US). (*Id.*).

Furthermore, in defending against the first motion for sanctions, Defendant represented to the Court that he had produced documents related to Aandco's purported asset sale to KDR and that those documents could be found somewhere within a 163-page exhibit. (Bender Decl. ¶ 19). Defendant never identified the pages where these documents could be found and no such documents were included in that exhibit.  (*Id.*).  This representation was an outright falsehood.

To date, despite being ordered by the Court to provide the same, Defendant has failed to provide documents related to Aandco's capitalization, banking history, purported change in

ownership, and purported asset sale to KDR, for which no evidence of consideration from KDR has ever been provided.  This information, and the documents containing this information, are critical to Plaintiff's case and Defendant's failure to provide this information justifies the severest of sanctions. *See Gutman v. Klein,* 2008 U.S. Dist. LEXIS 92398, at *42, 2008 WL 4682208 (S.D.N.Y. October 15, 2008).  As shown above, Defendant has also previously misrepresented information related to those documents and falsely represented compliance with this Court's prior orders. The Second Circuit has found that the failure to provide financial records subject to an order of production constitutes sufficient grounds for terminating sanctions, such as a default judgment, when combined with other misconduct similar to Defendant's misconduct herein. *E.g., Penthouse Int'l v. Playboy Enterprises,* 663 F.2d 371 (2d Cir. 1981).

### *Warning*

The Court's prior warnings and prior sanction of Defendant serve as a sufficient warnings that Defendant's continued violation of the Court's orders compelling discovery would result in even more severe sanctions.  *Gutman,* 2008 U.S. Dist. LEXIS 92398, 2008 WL 4682208 at *12 (terminating sanctions is appropriate when "it is impossible to know what plaintiff would have found if defendants . . . had complied with their discovery obligations," and especially when "the court has previously imposed lesser sanctions on the responsible party for other discovery misconduct").

Furthermore, Plaintiff has proceeded through the normal procedural channels in obtaining an order compelling the production of the documents that Defendant has refused to produce. Thus, Defendant was on notice that his failure to comply with the Court's January 29, 2019 order would result in sanctions, as had previously occurred in this litigation.  *Fears v. Wilhelmina Model Agency, Inc.,* 2004 U.S. Dist. LEXIS 8364 at*25 (S.D.N.Y. May 4, 2004).

*Defendant Should Be Severely Sanctioned*

Plaintiff respectfully requests that the Court direct that a default judgment be issued against Defendant pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi).  In light of Defendant's continual and flagrant disregard for this Court's discovery orders and other misconduct, this is the only appropriate remedy.  *See Burrell v. AT&T Corp.,* 282 Fed. Appx. 66 (2d Cir. 2008); *Miller v. Time-Warner Communs., Inc.,* 1999 U.S. Dist. LEXIS 14512 at 7 (S.D.N.Y. September 22, 1999).

Hopefully, this sanction will deter similar behavior from future litigants.  *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S. Ct. 2778, 2781, 49 L. Ed. 2d 747 (1976) ("the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."); s*ee Cine Forty-Second Street Theatre Corp.,* 602 F.2d at 1064 (entry of default judgment as a sanction is appropriate when there is willful misconduct in order "to achieve the purpose of Rule 37 as a credible deterrent rather than a paper tiger");

At a minimum, and pursuant to Rule 37(b)(2)(A)(ii), the Court should bar Defendant from "supporting or opposing" any evidence concerning the amount of Plaintiff's damages and anything to do with the finances of either Aandco and KDR and the relationship between these two corporate entities -- be it for purposes of liability or damages.  Fed. R. Civ. P. 37(b)(2)(A)(ii) (2018); *see Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights,* 1996 U.S. Dist. LEXIS 16753, at *21 (S.D.N.Y. June 25, 1996).

> Defendant's obstruction of the discovery process constitutes more than inconvenience and expense to plaintiff.  Defendant[] and their

12

> counsel have deliberately blocked plaintiff's access to proof
> essential to make our [her] claim.

*Conway v. Dunbar,* 121 F.R.D. 211, 213 (S.D.N.Y. 1988) (citations omitted); *Gross v. Trinidad & Tobago Tourist Bd.,* 1988 U.S. Dist. LEXIS 11831 (S.D.N.Y. 1988) (non-compliant's party refusal to produce documents results in order precluding that party from disputing quantum of plaintiff's damages). Any lesser sanction would serve to reward Defendant for his continuing failure to disclose information critical to Plaintiff's claims.

II.      Plaintiff is entitled to attorney's fees and costs.

Plaintiff is entitled to her attorney's fees and costs in making the instant motion, pursuant to Fed. R. Civ. P. 37(b)(2)(C).[5]  Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Plaintiff is also entitled to her attorney's fees and costs in making the November 26, 2018 motion that resulted in the Court's January 29, 2019 order compelling disclosure from Defendant.[6]

**CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion for sanctions, specifically the entry of a default judgment against Defendant pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi); that Plaintiff be awarded her attorney's fees and costs related to her November 26, 2018 motion compelling disclosure, pursuant to Fed. R. Civ. P. 37(a)(5)(A); that Plaintiff be awarded her attorney's fees and costs related to this instant motion, pursuant to

---

[5] Fed. R. Civ. P. 37(b)(2)(C) provides, in pertinent part: "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (2019) (emphasis added).

[6] Fed. R. Civ. P. 37(a)(5)(A) provides, in pertinent part: "If the motion is granted . . . the court must . . . require the party . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (2019) (emphasis added).

Fed. R. Civ. P. 37(b)(2)(C); and that the Court enter an order granting such other and further

relief that it may deem just and appropriate.

Dated:  February 27, 2019
        Rye Brook, New York

HOWARD A. BENDER, ESQ.
Attorney for Plaintiff
800 Westchester Avenue, Suite 641-N
Rye Brook, New York 10573
Ph: 914.921.1998
Fax: 914.368.9705
hbender@benderesq.com

14