```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/2/2020

------------------------------------------------------------- X
JENNY RAMGOOLIE,

                Plaintiff,

      -against-

ANDY RAMGOOLIE,

                Defendant.
------------------------------------------------------------- X

16-CV-3345 (VEC)(SN)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on September 10, 2019, the Court entered an Order granting Plaintiff's motion for sanctions and entering a default judgment against Defendant (Dkt. 216);

WHEREAS on December 6, 2019, Defendant filed a motion for reconsideration of the Court's September 10, 2019, Order and for a stay of this action pending resolution of a lawsuit filed in Trinidad subsequent to the filing of this lawsuit (Dkt. 232);

WHEREAS "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment," Local Civ. R. 6.3;

WHEREAS a motion for reconsideration under Fed. R. Civ. P. 54(b) may nonetheless be considered by the Court after 14 days has lapsed when a party could not have discovered the new evidence to pursue their motion for reconsideration with reasonable diligence until after the 14-day period, *see Vicuna v. O.P. Schuman & Sons, Inc.*, 298 F. Supp. 3d 419, 434 (E.D.N.Y. 2017);

WHEREAS the Court finds that Defendant could have, with just minimal diligence, proffered the "new information" in his opposition to Plaintiff's motion for sanctions that Defendant's counsel claims he only belatedly discovered, *see* Def.'s Mem. of Law (Dkt. 233) at 3–5;

WHEREAS the Court finds that Defendant's filing of a motion for reconsideration 87 days after the Court entered its Order dated September 10, 2019, is inexcusable;

WHEREAS, in any event, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995);

WHEREAS a party may obtain relief on a motion for reconsideration "only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) (quotation omitted);

WHEREAS a party moving for reconsideration based on newly discovered evidence must show that "(1) the proffered evidence was unavailable despite the exercise of due diligence by the movant in procuring evidentiary support, and (2) manifest injustice will result if the court opts not to reconsider its earlier decision," *Rosner v. United States*, No. 16-CV-7256, 2018 WL 5981945, at *1 (S.D.N.Y. Nov. 14, 2018) (quoting *In re Rezulin Prods. Liab. Litig.*, 224 F.R.D. 346, 350 (S.D.N.Y. 2004);

WHEREAS the Court finds that Defendant's newly proffered evidence both is unpersuasive[1] and was known to Defendant and within his possession when Plaintiff's motion for sanctions was being briefed;

WHEREAS the Second Circuit has "instructed courts to use a non-exhaustive list of factors when contemplating a stay in favor of a foreign proceeding, including: (1) the similarity of the issues; (2) the order in which the actions were filed; (3) the adequacy of the alternate forum; (4) the potential prejudice to either party; (5) the convenience of the parties; (6) the connection between the litigation and the United States; and (7) the connection between the litigation and the foreign jurisdiction," *C.D.S., Inc. v. Zetler*, 198 F. Supp. 3d 323, 331 (S.D.N.Y. 2016) (citing *Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006));

WHEREAS on September 6, 2018, the Court denied Defendant's motion to dismiss based on *forum non conveniens* (Dkt. 149); and

WHEREAS the Court finds that staying this action pending an outcome in the Trinidadian lawsuit would serve no principles of comity, severely prejudice Plaintiff, and

---

[1] The Court notes that a substantial portion of the materials presented in support were hearsay. Defendant's, Kevin Ramgoolie's, and Jeremy Ramgoolie's declarations reflected some first-hand information, but those declarations also contained gaps and inconsistencies. For example, Defendant declared that "[Kevin] is the authorized signatory and the one needed to request the documentation" from the Trinidadian banks. A. Ramgoolie Decl. (Dkt. 238) ¶ 21. And yet Kevin does not corroborate that fact in his declaration, declaring only vaguely that he "was unable to help [Defendant] due to a variety of circumstances." K. Ramgoolie Decl. (Dkt. 232-4) ¶ 19. In addition, Defendant declared that he has now received documents from Kevin, as they "had been re-assembled in a single location" that Kevin and his staff could search. A. Ramgoolie Decl. ¶ 27; *see also* K. Ramgoolie Decl. ¶ 22. But no declarant stated when those documents were "re-assembled." The Court suspects the purported re-assembly happened before the Court issued its September 10, 2019, Order, given that Andy immediately flew to Trinidad, called Kevin, and obtained those documents within the same month as that Order. Indeed, it is particularly telling that Defendant was able to obtain and produce documents so soon after this Court entered its Order even though he allegedly had not been able to do so for the seven months leading up to it, suggesting that his purported new-found access was a not-so-subtle attempt to escape sanctions for his persistent failures to comply with his obligations in this lawsuit. *See* September 10, 2019, Order at 14.

undermine the interests of the United States, given the time and resources expended in this action already and that liability has been determined;

IT IS HEREBY ORDERED that Defendant's motion for reconsideration and for a stay of this action is DENIED.

The Clerk of Court is respectfully directed to close the open motions on docket entries 232, 234, 235, 236, and 238.

**SO ORDERED.**

Date: April 2, 2020
New York, New York

VALERIE CAPRONI
United States District Judge