UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JENNY RAMGOOLIE, 16-CV-3345 (VEC) (SN)

Plaintiff,

-against-

ANDY RAMGOOLIE,

Defendant.

-----------------------------------------------------------X

**HOWARD A. BENDER, ESQ.'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR RECONSIDERATION**

HOWARD A. BENDER, ESQ.
800 Westchester Avenue, Suite 641-N
Rye Brook, New York 10573
Ph: 914.921.1998
Fax: 914.368.9705
hbender@benderesq.com

# TABLE OF CONTENTS


**PRELIMINARY STATEMENT** 1

**ARGUMENT** 1

**CONCLUSION** 5

# TABLE OF AUTHORITIES

Cases

*Adams v. City of New York,* 2014 U.S. Dist. LEXIS 130450 2014 WL 4649666 (E.D.N.Y. September 16, 2014) .................... 3

*Chevron v. Donziger,* 2011 U.S. Dist. LEXIS 57573 2011 WL 2150450 (S.D.N.Y. May 31, 2011) .................... 4

*Cohen v. Grainger, Tesoriero & Bell,* 81 N.Y.2d 655 (1993) .................... 3, 4, 5

*Galvez v. Aspen Corp.,* 967 F. Supp. 615 (E.D.N.Y. 2013) .................... 4

*Mason v. City of New York,* 2016 U.S. Dist. LEXIS 63198 (S.D.N.Y. May 12, 2016) .................... 3

*Neimark v. Martin,* 7 A.D.2d 934, 183 N.Y.S.2d 812 (2d Dep't 1959) .................... 2

*Sellick v. Consol. Edison Co. of N.Y., Inc.,* 2017 U.S. Dist. LEXIS 43554 (S.D.N.Y. March 23, 2017) .................... 4, 5

## PRELIMINARY STATEMENT

Howard A. Bender, Esq. ("Bender"), former counsel for Plaintiff, Jenny Ramgoolie, respectfully moves before this Court to request, pursuant to Local Rule 6.3 for the United States District Court for the Southern District of New York, that the Court reconsider its April 27, 2020 order (the "Order") to the extent the Order provides that Bender's charging lien does not apply to any recovery had by Plaintiff against Defendant, Andy Ramgoolie, in her related Trinidad Action. In making its ruling, the Court was under the impression that the Trinidad Action was filed before Bender appeared in this action. In fact, Bender appeared in this action on August 4, 2017, which was before the Trinidad Action's filing on December 7, 2017.

As per New York law, satisfaction of the "logical sequence" test, which was used by the Court in its Order, is not a condition to having a charging lien issued in one action apply to a separate action, but rather a factor to be weighed in making that determination. Most importantly, the logical sequence test is met in this case given the commonality of facts between the two actions, the similarity of the causes of action against Defendant in both actions, and the fact that Bender's appearance herein predates the filing of the Trinidad Action.

## ARGUMENT[1]

In the Order, the Court acknowledges Bender's entitlement to a charging lien but maintains that the lien should not attach to proceeds from the related Trinidad Action because Bender did "not show[] that the Trinidad Action was initiated in the 'logical sequence' from the work he performed here." (ECF No. 262 at 11). However, the Court was under the mistaken impression that Plaintiff had commenced the Trinidad Action before this action and believed this

[1] For purposes of expediency, other than facts concerning the filing of the Trinidad Action, Bender relies on the facts contained in the Order and prior filings.

fact to be "significant" in its finding that the charging lien should not apply to proceeds obtained by Plaintiff therein. (*Id.*). As discussed below, under applicable law, there is no logical sequence requirement for a charging lien to apply to a different action. Furthermore, Bender's appearance in this action predates the commencement of the Trinidad Action. Finally, the cases relied on by the Court in making its decision do not follow applicable New York Court of Appeals' precedent.

The notion of the "logical sequence" as between the action in which the attorney makes an appearance and the related action in which the attorney seeks to enforce his lien was first discussed in *Neimark v. Martin,* 7 A.D.2d 934, 183 N.Y.S.2d 812 (2d Dep't 1959). There, the Appellate Division for the Second Department of New York held as follows:

> The attorney's lien attaches to the client's cause of action, and any recovery thereon, albeit the recovery is effected in an action other than the action in which the services were rendered. <u>This is especially so</u> where the recovery is in an action which is a logical sequence of a prior action in connection with which the services were rendered.

*Id.* at 935 (emphasis added). The Second Department's language is not in any way restrictive or limiting. Rather, the Second Department states, without condition, that an attorney's charging lien attaches to the clients' "cause of action" and that this is merely especially so when the two cases follow in logical sequence. Thus, the fact that the recovery is obtained in a later, "logically sequenced" action is not a requirement, but rather a plus factor for assessing whether a charging lien should attach to proceeds obtained in another action. Here, the Court appears to have treated the "logical sequence" factor as a strict condition, the failure of which served to preclude the lien's applicability to the Trinidad Action.

Regardless, here, the "logical sequence" factor, as interpreted under applicable law, is met. The Statement of Case in the Trinidad Action was filed by Plaintiff's Trinidadian counsel on December 7, 2017. (ECF No. 123-8). The instant action was commenced on May 5, 2016,

more than one year prior. (ECF No. 1). Bender filed his notice of appearance in this matter on August 4, 2017. (ECF No. 83). Although the applicable retainer agreement makes note of the pending matter Trinidad, at the time the retainer agreement was entered into, no legal action had yet been filed there. [2] The retainer agreement also provides that the contingency portion of Bender's fee is to be based on a recovery in the "the Matter," which is defined as both this action and the Trinidad Action.

Since the U.S. action was filed before the Trinidad Action and "both lawsuits arise from the same events and allege nearly identical claims," the logical sequence test is met. *Mason v. City of New York,* 2016 U.S. Dist. LEXIS 63198 at, *10 (S.D.N.Y. May 12, 2016); *Adams v. City of New York,* 2014 U.S. Dist. LEXIS 130450, at *6-8, 2014 WL 4649666 (E.D.N.Y. September 16, 2014) (cases deemed to be in logical sequence where claims in second action arise from "the same factual nucleus as the first action").

> [T]he lien is imposed on the cause of the action and . . . the proceeds, wherever found, are subject to it. And this is so even if recovery is obtained in action different from the one in which the services were rendered. Were the rule otherwise, the client and the successor attorney could easily frustrate the remedial purposes of the statute by the simple expedient of instituting a new action, thereby extinguishing the prior action, and leaving the discharged attorney without security.

*Cohen v. Grainger, Tesoriero & Bell,* 81 N.Y.2d 655, 657 (1993) (emphasis added).

---

[2] A copy of the retainer agreement is attached as Exhibit 1 to Plaintiff's "Answer" to Bender's Motion for Withdrawal, dated July 8, 2019, and filed under seal. (ECF. Nos. 208, 209). Although the retainer agreement between Bender and Plaintiff makes note of the pending matter Trinidad, at the time it was entered into, no legal action had yet been filed by Plaintiff's attorneys there. The retainer agreement references a March 7, 2017 letter of claim sent by Brian D. Winter, Esq., a Trinidadian attorney, to the directors of KDR Medical Care Ltd. ("KDR"). To the extent the Court believes it necessary, a copy of Mr. Winter's letter can be provided to the Court. However, in light of Local Rule 6.3 which provides that "[n]o affidavits shall be filed by any party unless directed by the Court," that letter is not provided as part of this motion.

Here, the Trinidad Action arises from the same events and factual nucleus as those in this action and contains similar causes of action against Defendant.[3] It is the prospective proceeds from these "causes of action" against Defendant to which the lien applies regardless of where those "causes of action" are litigated. If Plaintiff were to receive proceeds as a result of a settlement of, or recovery against, those "causes of action" in the Trinidad Action then those would be "proceeds, wherever found" subject to the lien. *Sellick v. Consol. Edison Co. of N.Y., Inc.,* 2017 U.S. Dist. LEXIS 43554 at, *14 (S.D.N.Y. March 23, 2017). To conclude otherwise would controvert the New York Court of Appeals' rationale for implementing this rule by allowing the parties to "frustrate the remedial purposes of the statute" and circumvent the lien by settling those "causes of action" in the Trinidad Action for consideration while discontinuing this action without consideration. *Cohen v. Grainger, Tesoriero & Bell,* 81 N.Y.2d 655, 657 (1993)

Finally, the *Galvez* and *Donziger* cases cited by the Court in the Order in support of limiting the charging lien both rely on the fact that the attorney seeking the lien did not appear in the action in which the attorney sought to enforce his lien. *Galvez v. Aspen Corp.,* 967 F. Supp. 615, 618 (E.D.N.Y. 2013); *Chevron v. Donziger,* 2011 U.S. Dist. LEXIS 57573, at *10-11, 2011 WL 2150450 (S.D.N.Y. May 31, 2011).[4] Rather than beginning their respective analyses from this juncture (*i.e.,* an attorney in one action claiming a lien in another related action), these cases

[3] The parties to the Trinidad Action are Defendant, Aandco Health Care Ltd., KDR, Kevin Ramgoolie, Jeremy Ramgoolie, and Direct Med Company Ltd. ("Direct Med"). (ECF No. 123-8). Other than Direct Med, all of these parties were, at one time, parties to this action but were dismissed because of the Court's lack of jurisdiction over them. (ECF Nos. 67, 88). More importantly, the facts giving rise to the claims in both actions are the same. (*Id.* ***at*** 7-18). Plaintiff's claims against Defendant include causes of action sounding in breach of oral contract and breach of fiduciary duty that are essentially the same as those in this action. (*Id.* at 3, 18-19, 21). It is hard to imagine that satisfaction/settlement of the claims in one action wouldn't serve to satisfy/settle those same claims in the other action.

[4] In *Donziger,* this factor was determinative since it was the only one discussed. 2011 U.S. Dist. LEXIS 57573, at 10-11. *Galvez* discusses other factors that either are not applicable to a proper analysis under *Cohen* (parties being identical, demonstration that settlement was obtained as a result of attorney's efforts, and awareness of risk that other action may result in recovery) or inapplicable (charging lien not available in New York State Department of Labor proceeding). 967 F. Supp. 2d at 618.

used it as a factor in making their determination that the lien did not apply in the other action. As noted by District Judge Sullivan in *Sellick,* these holdings are not in accordance with the New York Court of Appeals' decision in *Cohen*. *Id*. at 15-16. Here, as per both *Cohen and Sellick,* the "rule" in New York is that

> [Bender]'s rights attached [when he appeared in this] action on Plaintiff's behalf, and the proceeds of Plaintiff's settlement [or recovery] of her . . . claim[s against Defendant] are "subject to" the lien, even though her recovery [may be] "obtained in an action different from the one in which [Bender]'s services were rendered."

*Id.* at 16 (quoting *Cohen,* 81 N.Y.2d at 658).

**<u>CONCLUSION</u>**

For all the foregoing reasons, Howard A. Bender, Esq., respectfully requests that the Court reconsider its April 27, 2020 Order and modify the same so that Bender's charging lien be ordered to apply to proceeds obtained by Plaintiff in the Trinidad Action with respect to her claims and causes of action against Defendant therein.

Dated: Rye Brook, New York
May 11, 2020

HOWARD A. BENDER, ESQ.
800 Westchester Avenue, Suite 641-N
Rye Brook, New York 10573
Ph: 914.921.1998
Fax: 914.368.9705
hbender@benderesq.com