UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JENNY RAMGOOLIE,

                                        Plaintiff,                          16-CV-3345 (VEC)(SN)

                    -against-                                               OPINION & ORDER


ANDY RAMGOOLIE,

                                        Defendant.

------------------------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: _ 6/24/2020          │
└─────────────────────────────────┘
```

SARAH NETBURN, United States Magistrate Judge:

Terry Brostowin, Esq. moves to withdraw as counsel for defendant Andy Ramgoolie

("Defendant"). The motion is GRANTED.

## BACKGROUND

Mr. Brostowin has represented Defendant throughout this involved and lengthy breach of

contract case since it started in 2016. Following entry of default against Defendant and the filing

of proposed findings of fact and conclusions of law by pro se plaintiff Jenny Ramgoolie

("Plaintiff"), Mr. Brostowin filed a motion to withdraw. ECF No. 275. Plaintiff opposes the

motion. See ECF Nos. 277, 278, 280.

## DISCUSSION

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and

Eastern Districts of New York governs the withdrawal of counsel. Rule 1.4 provides:

> An attorney who has appeared as attorney of record for a party may be relieved or
> displaced only by order of the Court and may not withdraw from a case without
> leave of the Court granted by order. Such an order may be granted only upon a
> showing by affidavit or otherwise of satisfactory reasons for withdrawal or

displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

In determining the motion, the court considers both "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." Farmer v. Hyde Your Eyes Optical, Inc., 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (citations omitted).

Although there is no clear standard for what may be considered a "satisfactory reason" for allowing a withdrawal, "a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." Id. (internal quotation marks). Under this standard, appropriate reasons for withdrawal include "a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." Naguib v. Pub. Health Solutions, 12-cv-2561 (ENV)(LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014).

Mr. Brostowin has demonstrated that Defendant failed to cooperate in the defense of his case, particularly in connection with the damages inquest. Mr. Brostowin attempted to communicate with Defendant on several occasions, seeking instructions for how to respond to Plaintiff's submissions on the pending damages inquest and informing him that payment would be required for his continued representation. By sworn affidavit, Mr. Brostowin avers that Defendant's only responsive communication during the relevant time period was his consent to Mr. Brostowin's motion to withdraw. See ECF Nos. 275, 279.

Plaintiff Jenny Ramgoolie objects to Mr. Brostowin's withdrawal on the ground that allowing Defendant to proceed *pro se* or with newly appointed counsel would unduly delay this litigation, which has already suffered from numerous dilatory tactics at Defendant's behest. "A court determining whether to grant a motion to withdraw as counsel may also consider whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" Stair v.

Calhoun, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010) (quoting Whiting v. Lacara, 187 F.3d 317,

320–21 (2d Cir. 1999)). Discovery has closed, a default has been entered against Defendant, and

Plaintiff has submitted proposed findings of fact and conclusions of law in connection with the

damages inquest. Mr. Brostowin's withdrawal may extend the timeline for resolving the damages

inquest but will not disrupt the proceedings to the point where denial would be warranted,

especially in light of the protracted and contentious nature of the proceedings over the past

several years.

      Plaintiff raises additional objections to the motion to withdraw, arguing that (1) she was

never served with a copy of the motion papers; and (2) Mr. Brostowin does not adequately

support his motion because he has not submitted copies of the alleged emails demonstrating

Defendant's uncooperativeness. These objections are overruled. Plaintiff has consented to

electronic service and had the opportunity to be heard after submitting multiple letters in

opposition to the pending motion. Furthermore, Mr. Brostowin submitted a sworn affidavit under

the penalty of sanctions stating that he did not receive a response from Defendant in regard to the

damages inquest. While Plaintiff argues that Mr. Brostowin has represented Defendant's

interests recently by withholding consent to her motion to supplement her complaint –

suggesting that Mr. Brostowin has communicated with Defendant – Mr. Brostowin's position is

that Defendant has been uncooperative in the preparation of a responsive submission on the

damages inquest and has not authorized or paid him to conduct any additional work on his

behalf. Accordingly, the Court finds Mr. Brostowin's motion to withdraw appropriately granted.

## CONCLUSION

      For the forgoing reasons, the motion to withdraw is GRANTED. The Clerk of the Court

is respectfully requested to terminate Terry Brostowin as counsel for Defendant and close the

motion at ECF No. 275. Defendant shall advise the Court by Wednesday, July 8, 2020, whether he intends to represent himself *pro se*. If so, Defendant must file a Notice of *Pro Se* Appearance. Defendant should note that the Court does not anticipate granting significant extensions of time for Defendant to file any response to Plaintiff's submission concerning damages. In light of the pandemic, parties proceeding *pro se* may file submissions by email by sending them as PDF attachments, in strict accordance with the policy outlined at nysd.uscourts.gov/prose, to Temporary_Pro_Se_Filings@nysd.uscourts.gov.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:       June 24, 2020
             New York, New York

4