**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

JENNY RAMGOOLIE,

                                    Plaintiff,                                    **16-CV-3345 (VEC)(SN)**

                    -against-                                              <u>ORDER</u>

ANDY RAMGOOLIE,

                                    Defendant.

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _ 9/17/2020

**SARAH NETBURN, United States Magistrate Judge:**

     On September 10, 2019, the Court entered a default against defendant Andy Ramgoolie. The Hon. Valerie E. Caproni referred the matter to me to conduct an inquest on damages and, following the Court's directions, *pro se* plaintiff Jenny Ramgoolie submitted Proposed Findings of Fact and Conclusions of Law in connection with the inquest on May 26, 2020. The same day, Plaintiff filed a request for leave to file a "supplemental amendment" to the complaint to add a new defendant, Direct Med. <u>See</u> ECF No. 272.

## DISCUSSION

     Where, as here, a proposed amendment adds one or more new parties, the propriety of amendment is governed by Rule 21, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Courts analyze amendment under Rule 21 under the same liberal standard as amendment under Rule 15(a). <u>See</u> <u>Bridgeport Music, Inc. v. Universal Music Grp., Inc.</u>, 248 F.R.D. 408, 413 (S.D.N.Y. 2008). Rule 21 "contains no restrictions on when motions to add or drop parties must be made"; however, "the timing of the motion may influence the court's discretion in determining to grant

it." City of Syracuse v. Onondaga County, 464 F.3d 297, 308 (2d Cir. 2006). Therefore, courts typically deny requests that would "delay the case or prejudice any of the parties to the action." Id. Courts in this Circuit routinely deny motions to add parties filed after the close of discovery, under both Rule 15 and Rule 21. See Shi Ming Chen v. Hunan Manor Enter., Inc., 437 F. Supp. 3d 361, 366–67 (S.D.N.Y. 2020) (collecting cases).

Additionally, a motion to join additional parties is subject to the "good cause" requirement of Rule 16(b) if the time to join additional parties has expired. See Capak v. Epps, 18-cv-4325 (RA)(KHP), 2020 WL 2543092, at *3 (S.D.N.Y. Apr. 7, 2020), report and rec. adopted, 2020 WL 2538998 (S.D.N.Y. May 19, 2020); see also Int'l Media Films, Inc. v. Lucas Entm't, Inc., 07-cv-1178 (JGK)(FM), 2008 WL 781823, at *3 (S.D.N.Y. Mar. 20, 2008) ("[I]f a Rule 21 motion to add a party after the scheduling deadline did not have to meet the good cause requirement of Rule 16(b), the scheduling order would be rendered meaningless."). The determination of whether "good cause" exists under Rule 16(b) largely turns on the diligence of the moving party. See Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009); see also Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (showing of good cause under Rule 16(b) requires moving party's demonstration that "despite its having exercised diligence, the applicable deadline could not have been reasonably met" (internal quotation marks and citation omitted)). A party fails to show good cause when a proposed amendment rests on information "that the party knew, or should have known," in advance of the relevant deadline set pursuant to Rule 16. Id.

Plaintiff alleges that defendant Andy Ramgoolie established and owns Direct Med, a supplier involved in medical device sales to previous defendants Aandco and KDR.[1] Plaintiff

---

[1] The Court granted Aandco and KDR's motions to dismiss for lack of personal jurisdiction on February 10, 2017. ECF No. 67.

explains that she learned of Direct Med's existence "after filing [the] complaint," but does not provide additional details such as when or how she learned of its existence. ECF No. 272 at 3. Plaintiff then states that she learned, in January 2020, that Andy Ramgoolie owns Direct Med, causing her to conclude that Direct Med may have been used to siphon profits from Aandco, KDR, or both, by engaging in sales at inflated prices. Plaintiff further claims that Andy Ramgoolie previously denied any ownership of Direct Med and that he "denied having documents pertaining to discovery for liability and damages." Id. Plaintiff now seeks to add Direct Med as a defendant and seeks 50% of Direct Med's profits by her proposed amended complaint.

The request is DENIED. While the Court did not set a formal date by which to join parties or amend the pleadings pursuant to Rule 16, fact discovery—including discovery on the issue of damages—closed in this case on February 28, 2019, after numerous extensions. See ECF No. 181.[2] The Court acts within its discretion to deny the motion on that basis alone. Shi Ming Chen, 437 F. Supp. 3d at 367.

The motion also fails under the liberal standards of Rule 15 and Rule 21. During the course of discovery, Plaintiff moved to compel Andy Ramgoolie to produce documentary evidence of the relationship between Direct med and KDR, which the Court granted. See id. In connection with that motion, Plaintiff submitted evidence indicating her awareness, as early as February 2015, that Andy Ramgoolie planned to establish a separate supplier for Aandco. ECF No. 181 at 6. Plaintiff has also previously argued that the sales between Direct Med, Aandco, and KDR had been or would be inflated and would have the effect of siphoning profits to the former business from the latter two. Id. Now, Plaintiff argues that she only became aware in January

_____

[2] The case had been scheduled to proceed to trial in June 2019.

2020 of Andy Ramgoolie's ownership role with Direct Med. ECF No. 272 at 3. Andy Ramgoolie

testified at his deposition that he was affiliated with Direct Med, suggesting a link between

himself and the supplier, as described by Plaintiff's November 26, 2018 Motion to Compel. See

ECF No. 170 at 4; ECF No. 181 at 7. Plaintiff does not demonstrate how she needed evidence

specifically suggesting that Andy Ramgoolie owns Direct Med in order to add Direct Med as a

party. Furthermore, contrary to Plaintiff's assertion, the evidence submitted in connection with

the instant motion suggests that Andy Ramgoolie is not currently a director or shareholder of

Direct Med. See ECF No. 272-1 at 5. Therefore, Plaintiff has not adequately shown good cause

for the lateness of her request.

## CONCLUSION

Permitting Plaintiff to amend her complaint to add a defendant at this late stage of the

proceedings—after the close of discovery and default against the sole defendant—without a

compelling showing of good cause would unduly delay the resolution of this matter. For the

reasons herein, Plaintiff's motion to add Direct Med by amending her complaint is DENIED.

The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 272.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:      September 17, 2020
            New York, New York

cc:         Andy Ramgoolie (*by Chambers*)
            Andyneonusa@gmail.com

4