UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

JENNY RAMGOOLIE,

                                              Plaintiff,                     16-CV-3345 (VEC)(SN)

                    -against-                                                OPINION & ORDER


ANDY RAMGOOLIE,

                                              Defendant.

--------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

On April 27, 2020, the Court awarded counsel Howard Bender a charging lien and a

retaining lien in light of his withdrawal as Plaintiff Jenny Ramgoolie's counsel. See ECF No.

262. Plaintiff, now *pro se*, moves the Court to reconsider the Court's April 27, 2020 Order,

asserting that the Court overlooked her opposition to Mr. Bender's initial motion to withdraw as

her counsel. ECF No. 263. Mr. Bender also moves the Court to reconsider the amount and scope

of the charging lien for, among other reasons, declining to attach the lien to any proceeds from

Plaintiff's related action in Trinidad (the "Trinidad Action"), asserting that the Court overlooked

certain facts in reaching its determination. ECF No. 267. For the reasons below, Plaintiff's

motion is DENIED and Mr. Bender's motion is also DENIED.

I.      **Legal Standard**

A motion for reconsideration under Local Civil Rule 6.3 is governed by the same

standard as Federal Rules of Civil Procedure 59(e) and 60(b). In re Facebook, Inc., IPO Sec. &

Derivative Litig., 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), aff'd sub nom. Lowinger v. Morgan

Stanley & Co. LLC, 841 F.3d 122 (2d Cir. 2016). Under Local Rule 6.3, a moving party may file

a motion for reconsideration when it believes the Court overlooked important "matters or controlling decisions "'that might reasonably be expected to alter the conclusion reached by the court.'" Schoolcraft v. City of New York, 248 F. Supp. 3d 506, 508 (S.D.N.Y. 2017) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). In evaluating a motion for reconsideration, the Court should construe Local Civil Rule 6.3 narrowly to ensure that the motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (internal quotation marks omitted); see also Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) ("[A] motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court."). The standard for granting a motion for reconsideration under Local Rule 6.3 is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (quoting Shrader, 70 F.3d at 257). The decision on a motion for reconsideration is reserved to the sound discretion of the court and will not be overturned on appeal absent an abuse of discretion. See Wechsler v. Hunt Health Sys., Ltd., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

## II.    Plaintiff's Motion to Reconsider

Plaintiff moves the Court to reconsider its order granting Mr. Bender's charging and retaining liens. See ECF No. 263. In support of her motion, Plaintiff argues that she never withdrew her initial opposition to Mr. Bender's motion to withdraw, or, that to the extent she withdrew her opposition on the record, that withdrawal was made only with the understanding that the Court would hold a hearing to determine the amount of attorney's fees owed to Mr.

Bender. Presumably, Plaintiff urges the Court to modify the amount of the charging and retaining liens awarded to Mr. Bender on the basis that the fees were disputed and that plaintiff wished to be heard on that issue. For the following reasons, Plaintiff's motion to reconsider is DENIED.

As a threshold matter, Plaintiff did not cite any relevant case law or otherwise advance this argument in opposition to Mr. Bender's motion for a charging lien and a retaining lien. For that reason alone, the Court would be well within its discretion to deny Plaintiff's motion. See Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc., 01-cv-2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) (noting that parties may not address facts, issues or arguments not previously presented to the Court in a motion for reconsideration); Banco de Seguros Del Estado v. Mut. Marine Offices, Inc., 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002), aff'd sub nom. Banco de Seguros del Estado v. Mut. Marine Office, Inc., 344 F.3d 255 (2d Cir. 2003) (internal formatting and citations omitted) (holding that a motion for reconsideration is only "appropriate where a court overlooks controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, might have reasonably altered the result before the court").

In any case, Plaintiff has not established that she withdrew her opposition to Mr. Bender's motion to withdraw or that, had she done so, such opposition would affect the determination of Mr. Bender's liens. On September 24, 2019, the Court held a telephone status conference, at which the Court heard the parties on Mr. Bender's motion to withdraw as Plaintiff's counsel. On the record, Plaintiff indicated she did not oppose Mr. Bender's motion to withdraw as her attorney. Plaintiff now argues that she withdrew her opposition to his motion only due to an understanding that the Court would hold a hearing on the amount of Mr. Bender's attorney's fees. While a transcript of the telephone conference indicates that Plaintiff withdrew

her opposition unconditionally, Plaintiff claims that she conditioned her consent to the motion during an off-the-record conversation between Mr. Bender, Plaintiff, and the Court. But the Court granted Mr. Bender's motion to withdraw on October 7, 2019, see ECF No. 226, after specifically noting that Plaintiff had withdrawn her opposition. Plaintiff did not move the Court to reconsider the October 7, 2019 Order on any grounds.

Even if Plaintiff had withdrawn her opposition to Mr. Bender's motion, the Court's decision to grant Mr. Bender's withdrawal was proper. "[I]t is well-settled that a court has considerable discretion in deciding a motion for withdrawal of counsel." Wilson v. Pasquale's DaMarino's, Inc., 10-cv-2709 (PGG), 2018 WL 4761574, at *8 (S.D.N.Y. Sept. 30, 2018) (internal quotation marks omitted). Mr. Bender demonstrated a satisfactory reason for withdrawal: Plaintiff's nonpayment of fees. Mr. Bender's motion to withdraw rested on the allegations that Plaintiff had fallen significantly behind in the payment of fees. See TufAmerica, Inc. v. Codigo Music LLC, 11-cv-1434 (ER), 2017 WL 3475499, at *5 (S.D.N.Y. Aug. 11, 2017) ("Satisfactory reasons include failure to pay legal fees, a client's lack of cooperation-including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client."). The Court granted the motion in part on that basis on October 7, 2019. ECF No. 226. As noted above, Plaintiff did not move the Court to reconsider its opinion granting Mr. Bender's motion to withdraw.

Plaintiff's motion also fails to indicate how the Court should modify the charging lien and does not provide any legal basis for such modification. Courts in this Circuit routinely assess charging liens without holding hearings. See Kovach v. City Univ. of New York, 13-cv-7198 (LGS), 2015 WL 3540798, at *4 (S.D.N.Y. June 4, 2015); Winkfield v. Kirschenbaum & Phillips, P.C., 12-cv-7424 (JMF), 2013 WL 371673, at *3 (S.D.N.Y. Jan. 29, 2013). Here, upon

review of the record, the Court assessed the amount of Mr. Bender's charging lien in *quantum meruit* according to New York law. See <u>Stair v. Calhoun</u>, 722 F. Supp. 2d 258, 268–69 (E.D.N.Y. 2010) ("The theory of *quantum meruit,* rather than the retainer agreement, is the basis for determining the amount at which to fix the charging lien. Although a court is not bound by the parties' retainer agreement, it may still use such agreement as guidance in determining the reasonable value of the services provided."). In its analysis, the Court reviewed Mr. Bender's contemporaneous billing records and found that the hours billed appropriately coincided with the work completed in the case to date. ECF No. 262. The Court relied on its previous finding that Mr. Bender's hourly rate of $375 per hour was reasonable (a finding with which Plaintiff agrees, as indicated by her most recent motion for attorney's fees, see ECF No. 258). The Court thus fixed the amount of the charging lien based on an independent assessment of the value of Mr. Bender's legal services. For these reasons, Plaintiff's motion for reconsideration is DENIED.

### III.    Mr. Bender's Motion for Reconsideration

Mr. Bender argues that the Court's Order granting the liens mistakenly assumed the Trinidad Action was filed before Mr. Bender's appearance as Plaintiff's counsel in this case and that the Court should reconsider its conclusion that Mr. Bender should not be entitled to proceeds from that Action.

As an initial matter, the Court agrees—contrary to its prior assertion—that Mr. Bender appeared as Plaintiff's counsel in this case before filing the Trinidad Action. Mr. Bender entered an appearance in this case on August 4, 2017, and Jenny Ramgoolie filed a complaint initiating the Trinidad Action on December 7, 2017. See ECF Nos. 83, 128-3. The Court disagrees, however, that the timing of the Trinidad Action commencement alters the Court's conclusion in the April 27, 2020 Order.

Under N.Y. Judicial Law § 475, an attorney may be entitled to a charging lien where he appeared for the client by "participating in a legal proceeding on the client's behalf or by having his name affixed to the pleadings, motions, records, briefs, or other papers submitted in the matter." In re Air Crash at Belle Harbor, New York, on Nov. 12, 2001, 02-cv-4758 (RWS), 2006 WL 3247675, at *2 (S.D.N.Y. Nov. 9, 2006) (quoting Ebert v. New York City Health & Hosps. Corp., 210 A.D.2d 292, 292–93 (2d Dep't 1994)). The New York Court of Appeals has held that this statutory lien "is imposed on the cause of the action and that the proceeds, wherever found, are subject to it. And this is so even if recovery is obtained in an action different from the one in which the services were rendered." Cohen v. Grainger, Tesoriero & Bell, 81 N.Y.2d 655, 658 (1993). "This rule is grounded in the remedial nature of § 475: It is designed to prevent the successor attorney and client from 'instituting a new action, thereby extinguishing the prior action, and leaving the discharged attorney without security.'" Adams v. City of New York, Nos. 07-cv-2325 (FB)(RER), 13-cv-271 (FB)(RER), 2014 WL 4649666, *7 (E.D.N.Y. Sept. 16, 2014) (quoting Cohen, 81 N.Y.2d at 658)).

To determine whether to affix a lien to a plaintiff's recovery in an action where the attorney did not appear, courts assess whether the action where the attorney appeared and the action where he did not form a "logical sequence." Mason v. City of New York, 12-cv-5885 (PKC), 2016 WL 2766652, at *3 (S.D.N.Y. May 12, 2016) (citing Neimark v. Martin, 7 A.D.2d 934, 934 (2nd Dep't 1959)). Courts have identified a handful of specific scenarios where two actions form a "logical sequence." First, a logical sequence may exist between two actions where the actions amount to no more than filing "the same claim" twice. Cohen, 81 N.Y.2d at 657 (finding logical sequence between claim filed once in state court and later in federal court); see also Mason, 2016 WL 2766652, at *3 (finding logical sequence between two cases involving the

same claim but filed several years apart in same federal court). Second, a logical sequence may exist where the first action is a necessary administrative proceeding to exhaust remedies before the second action is filed. See Sellick v. Consol. Edison Co. of New York, Inc., 15-cv-9082 (RJS), 2017 WL 1133443, at *4 (S.D.N.Y. Mar. 23, 2017) (finding federal suit was of "a logical sequence" from proceeding on same claims before the Equal Employment Opportunity Commission). Third, a logical sequence may exist where the second action incorporates and builds upon the facts and claims alleged in the first lawsuit. See Adams 2014 WL 4649666, at *7–9 (finding logical sequence between cases filed six years apart where the latter case included both the former case's claims as well as new claims for retaliation based on the plaintiff's filing of the former case).

Here, the situation of the Trinidad Action relative to this federal action does not favor a finding that the two actions form a logical sequence. Both cases concern claims brought by Ms. Ramgoolie that she was denied compensation owed to her in connection with a family business venture in Trinidad. Both actions involve similar original defendants. But there is nothing to suggest a necessary sequence between the initiation of the two actions; rather, they are more accurately described as parallel actions, pursued by Plaintiff in different jurisdictions with the aid of separate counsel. While the two actions center around the same allegations, this case was not initiated as a precedent to filing the Trinidad Action, and the Trinidad Action does not build upon the claims presented in this case. Further, in contrast to the cases cited by Mr. Bender, the two actions here continue side by side (as opposed to one's ending leading to the other's commencement).

Moreover, Plaintiff initiated this case *pro se*. Mr. Bender was involved in this case for only four months—during which time the litigation was already in fact discovery—before

separate local counsel initiated the Trinidad Action. In light of that timing, limiting Mr. Bender's lien to proceeds only from this action is also consistent with § 475's policy goal of ensuring attorneys' fair compensation. Upon these considerations, therefore, the Court DENIES Mr. Bender's request to modify the lien to attach to any proceeds from the Trinidad Action.

Additionally, Mr. Bender argues in response to Plaintiff's motion for reconsideration that the Court should reconsider its finding that Mr. Bender's lien calculation was subject to a deduction of 2.2 hours because Mr. Bender did not submit updated billing records for June 2019. See ECF No. 264 at 4; see also ECF No. 262 at 10. Mr. Bender directs the Court to Exhibit 1 to his declaration in support of his motion for a charging and a retaining lien (ECF No. 227-1), claiming that the updated time sheet supports modification of his liens. But the submission to which Mr. Bender refers does not include a contemporaneous accounting for the month of June 2019. See ECF Nos. 227-1, 227-2. While Exhibit 2 (ECF No. 227-2) to the declaration indicates that Mr. Bender billed 6.9 hours in June 2019, the detailed contemporaneous billing records (ECF No. 227-1) only detail work performed in July, August, and September 2019. Without a more specific breakdown of the work performed in June 2019, the Court cannot assess whether the additional 2.2 hours that appear for the first time in a billing summary in ECF No. 227-2 are appropriately included in the charging lien. Mr. Bender's request to increase the amount of charging lien by $825.00 (2.2 hours times his established reasonable hourly rate) is therefore DENIED.

Finally, Mr. Bender requests the Court modify the charging lien to include $4,112.85 in expenses. ECF No. 264 at n.3. First, Mr. Bender states he asserts that basis for reconsideration "to the extent the Court reconsiders its order" regarding the amount of the charging lien. Id. Furthermore, Mr. Bender does not direct the Court to any billing records indicating the type or

amount of expenses incurred, nor has the Court identified that information among the numerous

filings related to the charging lien. Accordingly, the request is DENIED and for the reasons

above, the charging lien shall remain fixed pursuant to the Court's April 27, 2020 Order.

## CONCLUSION

Plaintiff's motion for reconsideration is DENIED. Mr. Bender's motion for

reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motions

at ECF Nos. 263 and 267.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:          October 16, 2020
                New York, New York

cc:             Andy Ramgoolie (*by Chambers*)
                Andyneonusa@gmail.com