```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JENNY RAMGOOLIE,                              :
                                              :
                         Plaintiff,           :
                                              :
              -against-                       :
                                              :
ANDY RAMGOOLIE,                               :
                                              :
                         Defendant.           :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __3/4/22__

16-CV-3345 (VEC) (SN)

ORDER ADOPTING REPORT &
RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

Plaintiff Jenny Ramgoolie, proceeding *pro se*, commenced this action against numerous defendants in 2016 for breach of contract, quantum meruit, unjust enrichment, constructive trust, constructive fraud, breach of fiduciary duty, fraudulent conveyance, and intentional infliction of emotional distress due to actions that allegedly edged her out of her role in a dialysis center, AANDCO Health Care Ltd. ("AANDCO"), located in Trinidad. *See* Compl., Dkt. 1.[1] After several years of litigation, on September 10, 2019, the Court entered a default judgment against Defendant Andy Ramgoolie, the only remaining defendant in this case and Plaintiff's brother, as a discovery sanction and ordered him to pay Plaintiff's attorney's fees and costs associated with Plaintiff's motion for sanctions and a related motion to compel. *See* Dkt. 216 at 1. The Court then amended the Order of Reference to refer to Magistrate Judge Sarah Netburn two pending motions, the determination of attorney's fees and costs owed to Plaintiff, and an inquest on damages. *See* Dkt. 217.[2]

---

[1] The Court assumes familiarity with the facts of the case and its procedural history for the purposes of this order, which pertains only to damages.

[2] Judge Netburn granted Plaintiff's counsel's motion to withdraw, *see* Dkt. 226, and entered a certification of Facts, Conclusions of Law, and Proposed Remedy recommending holding Defendant in civil contempt, *see* Dkt. 241, which the Court did, *see* Dkt. 254.

1

On November 24, 2021, Judge Netburn issued a Report and Recommendation ("R&R") recommending that Plaintiff be awarded $398,380 Trinidad and Tobago Dollars ("TTD") plus pre-judgment interest. R&R, Dkt. 307 at 1. After an extension of the deadlines, both parties timely filed objections, *see* Dkts. 313–14,[3] and responded to the other party's objections, *see* Dkts. 318, 321.[4]

## DISCUSSION

### I. Legal Standard

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To warrant *de novo* review, however, the objections must be "specific and . . . address only those portions of the proposed findings to which the party objects." *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (quotations and citations omitted). If a party's objections "are conclusory or general, or simply reiterate original arguments," or the party does not object to certain dispositions, the court reviews for clear error. *Id.*; *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012).

When a default judgment has been entered against a defendant, the court accepts as true the well-pled facts alleged in the complaint, with the exception of the damages asserted. *Au Bon*

---

[3] Defendant's objections were timely filed but filed deficiently on the Docket. *See* Dkt. 311. Although Plaintiff's objections did not appear on the Docket until January 11, 2022, she represents that she emailed her objections to the Office of *Pro Se* Litigation for filing on January 7, 2022. *See* Letter, Dkt. 317.

[4] Plaintiff filed a reply to Defendant's response, *see* Dkt. 320, which, as discussed *infra* note 9, the Court disregards.

*Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). A plaintiff seeking to recover damages must submit evidence to prove her claim. *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). A court may determine the amount a plaintiff is entitled to recover without holding a hearing so long as (1) the court determines the proper rule for calculating damages, and (2) the evidence submitted by the plaintiff establishes "with reasonable certainty" the basis for the amount of damages. *Louis Vuitton Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 503 (S.D.N.Y. 2009) (citations omitted).

## II. Judge Netburn's Findings

Judge Netburn found that Plaintiff established the following relevant facts via admissible evidence (among many others): Defendant orally agreed with Plaintiff to open AANDCO; part of that agreement involved keeping Plaintiff's name off of the corporate paperwork initially; and Defendant never filed agreed-to supplemental paperwork reflecting Plaintiff's status as director of clinical operations and a 50 percent shareholder. R&R at 5–8. Plaintiff seeks, on the basis of the seven causes of action asserted, $500,000 as payment for the time and effort she spent on research before and after AANDCO opened, based on a rate of $1,000 per hour; $780,000 in backpay for the 78 months she worked as AANDCO's director of clinical operations (a salary of $10,000 per month); $12,872 as reimbursement for out-of-pocket expenses she spent on AANDCO; a return to her position as director of clinical operations; a constructive trust; attorney's fees and costs; and prejudgment interest. Pl. Proposed Findings of Fact and Conclusions of Law ("FFCL"), Dkt. 274 ¶¶ 51–54, 68–74, 107.[5]

---

[5] Plaintiff's requests for attorney's fees and costs and pre-judgment interest can be found on pages 20–21 of her FFCL in un-numbered paragraphs.

Plaintiff also claimed that Defendant was "involved with" self-dealing; negligence; conspiracy to defraud; and aiding and abetting breach of fiduciary duty. Pl. FFCL ¶ 91. Judge Netburn deemed those claims to have been abandoned because Plaintiff failed to provide factual or legal support for them. R&R at 9 n.3. Because Plaintiff did

Judge Netburn determined that Plaintiff plausibly alleged the existence of an implied-in-fact contract but found that Plaintiff failed to establish a foundation for most of the damages sought. R&R at 11–13. The only damages that Judge Netburn found were supported by Plaintiff's submissions stemmed from her assertion that, as a 50-percent owner of AANDCO, she is owed 50 percent of the value of AANDCO's shares. *Id.* at 13. Because Plaintiff provided a concrete amount with documentation showing that AANDCO was purchased by KDR Medical Care Ltd. ("KDR") for $796,760 TTD, Judge Netburn determined that Plaintiff was entitled to half that amount: $398,380 TTD, to be converted to United States Dollars at the appropriate exchange rate. *Id.* Judge Netburn also granted Plaintiff leave to provide evidentiary support for the time she claims she spent conducting research on AANDCO's behalf, as well as for her assertion that $1,000 was an appropriate hourly rate for that work. *Id.* at 11–12.

Judge Netburn determined that most of Plaintiff's other claims — including quantum meruit, unjust enrichment, a constructive trust, constructive fraud, and breach of fiduciary duty — were duplicative of her contract claim and therefore do not provide a basis for damages under New York law. *Id.* at 14–19. She found that Plaintiff did not plead sufficient facts to state a cause of action for her remaining claims of fraudulent conveyance and intentional infliction of emotional distress. *Id.* at 19–22. She also found that Plaintiff did not allege that her agreement with Defendant contemplated attorney's fees and costs, and therefore she could not be awarded those damages. *Id.* at 22. Finally, Judge Netburn determined that Plaintiff is entitled to statutory pre-judgment interest at the interest rate for New York of 9 percent from January 15, 2016 until entry of judgment. *Id.*

not state these claims in her Complaint or provide any explanation for their inclusion in her FFCL, the Court agrees that those claims have been abandoned and need not be addressed.

### III. Defendant's Objections

Defendant objects to Judge Netburn's R&R on three distinct grounds: first, Plaintiff's evidence did not establish damages from breach of the asserted contract with reasonable certainty because she failed to prove the meaning of the contract's material terms; second, Plaintiff should not have been granted leave to submit evidence to support her claimed $1,000 hourly rate or the number of hours worked; and third, the award of $398,380 TTD fails to account for AANDCO's debt. *See generally* Def. Objection, Dkt. 313.

#### A. The Implied-in-Fact Contract Entitled Plaintiff to 50 Percent of the Proceeds from the Sale of AANDCO

Judge Netburn found that, based on an email produced by Plaintiff and considering her *pro se* status, Plaintiff plausibly alleged the existence of an implied-in-fact contract to open the dialysis center. The essential terms of the implied contract were that Plaintiff would be a 50 percent owner, profits would be split evenly, Plaintiff would do initial research and work as director of clinical operations, and Defendant would pay the start-up costs. R&R at 10–11. Defendant contends that the terms of the contract were not established with reasonable certainty and that, therefore, Plaintiff did not prove her damages with reasonable certainty. Def. Objection at 3–4.

Defendant's objection simply recycles the argument he made to Judge Netburn that Plaintiff did not prove that there was an agreement that Plaintiff would receive as compensation 50 percent of the company's profits or shares. Def. FFCL, Dkt. 297 at 5–6.[6] Because this objection is simply a repeat of his argument before the magistrate judge, the Court reviews Judge Netburn's finding for clear error. *Pineda*, 831 F. Supp. 2d at 671. Judge Netburn correctly

---

[6] Because Defendant filed his response to Plaintiff's FFCL and his own FFCL as a combined document, the Court refers to the omnibus document as Defendant's FFCL.

accepted as true the well-pled facts alleged in the complaint, with the exception of the damages asserted. *Au Bon Pain Corp.*, 653 F.2d at 65.[7] Judge Netburn correctly stated the law governing a breach of contract claim in New York, R&R at 9–10; noted that Plaintiff had failed to produce a written contract or unambiguous statement reflecting a contractual agreement, *id.* at 10; noted that Defendant contests the existence of a contract, *id.*; and, giving deference to Plaintiff's *pro se* status and the plausibility standard that governs the existence of Plaintiff's claim, found that Plaintiff plausibly alleged the existence of an implied-in-fact contract, *id.* at 11. The Court finds no clear error in Judge Netburn's analysis or her conclusion.

Defendant's primary argument is that there was no evidence whether profits were to be split net or gross, and, as a result, Plaintiff cannot meet the requisite standard of proof for damages. Def. Objection at 4. Judge Netburn's basis for finding that Plaintiff is entitled to 50 percent of the value of AANDCO's shares stems largely from a December 5, 2012 email from Plaintiff stating that she and Defendant entered into a "50/50 business deal" in which they would "divide profit." Pl. Decl., Ex. 1, Dkt. 271-1. Judge Netburn's recommended holding — that Plaintiff was entitled to half of the proceeds from AANDCO's sale — came from her finding of fact that Plaintiff was a 50 percent owner of AANDCO and entitled to 50 percent of the value of its shares; her recommended holding did not rest on Plaintiff's assertion that she was entitled to half of the dialysis center's profits, an amount that Judge Netburn determined to be incalculable based on the evidence presented. R&R at 12–13. Finding that Plaintiff is entitled to half the

---

[7] Defendant misconstrues the legal standard for a damages inquest by taking issue with Judge Netburn's use of the plausibility pleading standard to determine whether Plaintiff had stated a claim for breach of contract. Def. Objection at 3 n.3. It is correct to construe the well-pled facts in the Complaint as true for purposes of determining whether Plaintiff stated a claim for the purposes of the damages inquest; Judge Netburn did not improperly apply that standard to her determination of the damages themselves, which require reasonable certainty. R&R at 9–13.

Defendant's objection also ignores his own, correct statement of the law prior to the issuance of the R&R: in his FFCL, Defendant acknowledged that arguing whether a breach occurred after the default judgment had been issued was unnecessary and did not go to the determination of damages. Def. FFCL at 51.

proceeds of the sale of the business, then, does not turn on the definition of "profit" as used in the implied-in-fact contract. But even if it did, there would be no clear error in Judge Netburn's interpretation of "profit" in this context, largely because Defendant conceded that the document showing the asset sale to KDR "argues strongly in favor of a finding" that AANDCO's value at dissolution was $796,760 TTD, "making a one-half share" worth $398,380 TTD. Def. FFCL at 10. Defendant cannot assert a value as appropriate in one filing and unjust in another. By Defendant's own argument, dividing the dissolution value of the company based on ownership would entitle Plaintiff to the amount Judge Netburn recommended be awarded to her.

### B. Judge Netburn's Grant of Leave to Submit Supplemental Evidence

Defendant argues that it was improper for Judge Netburn to allow Plaintiff to submit additional documents to substantiate her claims along with her objections to the R&R. Def. Objection at 4–5. The Court need not tarry too long here, because, as Defendant acknowledges, Federal Rule of Civil Procedure 72(b)(3) allows a district judge to "receive further evidence" to resolve objections to dispositive motions. Fed. R. Civ. P. 72(b)(3). Because Plaintiff filed her additional evidence with her objection, *see* Pl. Objection, Exs. 7–9, Dkts. 316-7–9, the Court is free to consider it.

### C. AANDCO's Debt Does Not Affect the Calculation of Proceeds to be Awarded

Defendant argues, finally, that the recommended award of $398,380 TTD fails to account for AANDCO's $150,000 in debt. Def. Objection at 9–11. The $150,000 figure comes from a 2017 annual return, which indicates that AANDCO had $150,000 in debt. Pl. Decl., Ex. 11, Dkt. 271-11. Because Defendant made this same argument to Judge Netburn, the Court reviews this portion of the R&R for clear error. Def. FFCL at 34 (Plaintiff "cannot claim entitlement to half the profit and not share half the loss."); *Pineda*, 831 F. Supp. 2d at 671.

As Judge Netburn found, Plaintiff did not submit any evidence to support a valuation of the shares she owned. The only evidence Plaintiff provided was the agreement under which AANDCO was purchased by KDR for $796,760 TTD on January 15, 2016. Pl. Decl., Ex. 15, Dkt. 271-19. As a 50-percent owner of the company (according to Judge Netburn's finding of fact, which the Court adopts), Plaintiff is entitled to 50 percent of the proceeds from its sale. There is no other way for the Court to value the shares in question, and there is no basis for subtracting from Plaintiff's award any portion of the debt that the company carried at some point prior to the sale.[8]

In sum, none of Defendant's objections changes the Court's assessment of the damages that should be awarded to Plaintiff.

## IV. Plaintiff's Objections

Plaintiff also objects to Judge Netburn's R&R. She argues that: she provided adequate evidence of the fair market value of AANDCO through the declaration of an accountant; KDR is an alter ego of AANDCO and she is, therefore, entitled to half of its value, not just half of the value of the sale of AANDCO to KDR;[9] based on supplemental evidence she submitted, she is entitled to compensation for the work she did prior to the dialysis center opening; she is entitled to the monthly salary of $10,000 for work she did after AANDCO was operational; she is entitled to a finding in her favor on the quantum meruit and unjust enrichment claims; and

---

[8] As a matter of elementary economics, if the debt was assumed by the purchasing company, the purchase price would have been taken into account the debt the company carried. If Defendant personally retained an obligation to satisfy the debt after the sale, he should have adduced evidence to prove that. In the absence of such evidence, a 50 percent split of the proceeds is appropriate.

[9] On this issue, Plaintiff raises two additional objections: she submitted a 2014 email that she says shows that the company was at that time worth $15 million TTD, and she argues that KDR has earned millions from contracts with the government of Trinidad and Tobago. Pl. Objection, Dkt. 316 at 20–22. As discussed *infra* note 12, although Plaintiff treats these issues as three distinct objections, the Court construes them as a single objection.

Defendant is guilty of fraudulent conveyance. Pl. Objection, Dkt. 316 at 3–20. The Court addresses each objection in turn.[10]

### A. The Fair Market Value of AANDCO

Plaintiff asserts that Judge Netburn's finding that Plaintiff did not submit sufficient evidence for the Court to ascertain AANDCO's fair market value is in error. Pl. Objection at 3–8. Plaintiff relies on a report by Shanaz Sukhdeo, a Trinidadian Qualified Accountant; the report offers an estimate of AANDCO's profits based on certain public filings. Because Plaintiff offered this report in her FFCL, and merely reiterates now what is already stated in the report, the Court reviews the R&R in light of this objection for clear error. *Pineda*, 831 F. Supp. 2d at 671.[11]

The Court finds no clear error in Judge Netburn's determination that Plaintiff could not establish damages for her breach of contract claim with reasonable certainty based only on these calculations. R&R at 12–13. Lacking access to AANDCO's records, Judge Netburn was correct to find that AANDCO's finances cannot be reverse-engineered to a degree of reasonable certainty. *Id.* Similarly to Judge Netburn, the Court sympathizes with Plaintiff's difficult position — but the Court cannot make up evidence that does not exist.

---

[10] In response to Plaintiff's objections, Defendant argues that her objections were ghostwritten by an attorney. Def. Response, Dkt. 318 at 1–7. He also filed a letter asserting the same regarding Plaintiff's response to Defendant's objections. *See* Dkt. 319. After Plaintiff filed a reply to Defendant's response, *see* Dkt. 320 — something not contemplated by the briefing schedule set in Judge Netburn's R&R — Defendant filed a letter requesting that the Court disregard Plaintiff's reply, *see* Dkt. 322. Defendant bases his ghostwriting accusation on the fact that an attorney emailed Chambers inquiring about filing a notice of appearance. Def. Decl., Ex. A, Dkt. 318-2. No notice of appearance was ever filed. Lacking plausible evidence that Plaintiff's objections were ghostwritten, the Court disregards Defendant's argument on this point and considers the merits of Plaintiff's objections. The Court further notes that, regardless of whether Plaintiff should be afforded special solicitude with respect to her objections due to her *pro se* status, the Court would render the same decision on the parties' objections. The Court will not, however, consider Plaintiff's reply as that submission was not authorized.

[11] The Court notes that in her objection Plaintiff added a letter from a certified public accountant representing that the valuation method used by Sukhdeo is reliable. Pl. Objection, Ex. 6, Dkt. 316-6.

### B. Whether KDR Is AANDCO's Alter Ego Is Irrelevant

Plaintiff argues that she is entitled to the value of half the shares of KDR because KDR is AANDCO's alter ego. Pl. Objection at 8–9. Because Plaintiff raised this argument in her FFCL, *see* Pl. FFCL at 6, the Court reviews this aspect of Judge Netburn's opinion for clear error.

While the Court does not find clear error in Judge Netburn's opinion, the analysis in this section merits further explanation. In New York, breach of contract damages are measured from the date of the breach by the value of the item in question — a rule that applies to non-delivery of shares of stock. *See, e.g., Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 262 (2d Cir. 2002); *Schonfeld v. Hilliard*, 218 F.3d 164, 172, 175–76 (2d Cir. 2000); *Simon v. Electrospace Corp.*, 28 N.Y.2d 136, 145 (1971). As a result, assuming *arguendo* that KDR is AANDCO's alter ego and Plaintiff is entitled to the value of 50 percent of KDR's shares, Plaintiff still needs to prove the monetary value of those shares.

Judge Netburn acknowledged that Plaintiff believes KDR was created to prevent her from receiving the money owed to her related to AANDCO and acknowledged Plaintiff's argument that, as a matter of fact, she is entitled to 50 percent of the shares of AANDCO (and by extension, KDR). R&R at 8, 13. As noted above, Judge Netburn found that, due to the limited documentation Plaintiff provided related to the companies' value, Plaintiff could not recover damages on this theory. *Id.* at 13. Put differently, Plaintiff is not legally entitled to damages in the form of being awarded ownership of 50 percent of the outstanding shares of KDR. *Lucente*, 310 F.3d at 262. She might be entitled to a damages award equal to the value of 50 percent of the shares of KDR, but for that to have been an option, she would have to have provided evidence from which the Court could, with a reasonable certainty, value 50 percent of KDR's shares. That Plaintiff failed to do. Because Judge Netburn could not, with reasonable certainty,

value 50 percent of KDR, she awarded Plaintiff half the value of the proceeds from the sale of AANDCO because those damages were the only ones that could be calculated to a reasonable certainty. R&R at 13.. This comports with the need under New York law to establish a monetary valuation of shares, a requirement that Plaintiff has not contested. Thus, regardless of whether KDR is a sham operation established only to deprive Plaintiff of damages rightly her due, those damages cannot be ascertained with reasonable certainty. Therefore, for essentially the same reasons stated above, the Court finds no clear error in Judge Netburn's assessment.[12]

### C. Plaintiff Has Not Submitted Evidence to Establish an Appropriate Hourly Rate for Her Work on Behalf of AANDCO and Therefore Cannot Recover Additional Damages

Plaintiff argues she is entitled to damages for the work she performed in anticipation of and after the opening of the dialysis center. Pl. Objection at 9–14. She seeks $500,000 for the research she conducted from 2010 to 2014. *Id.* at 9. Judge Netburn found that Plaintiff had provided no evidence to support her assertion that $1,000 is a reasonable hourly rate or to support her assertion of the number of hours she worked, R&R at 11, but granted Plaintiff leave to provide evidence to substantiate those claims, *id.* at 12. The Court now considers the new evidence Plaintiff has submitted.

Plaintiff has now provided two exhibits that include a list of tasks she asserts she performed for AANDCO. *See* Pl. Objection, Exs. 7–8, Dkts. 316-7–8. She has also provided a letter from the company by which she was employed from 2012 to 2015 stating that, during that

---

[12] Plaintiff later objects to the use of the sale of AANDCO to KDR as a basis for damages because the sale was, in her view, illusory, and therefore KDR is AANDCO's alter ego. Pl. Objection at 17–19. She also provides further evidence of KDR's valuation, *see id.* at 20–21, and KDR's ongoing profits, *id.* at 21–22. Because the issue turns on the reasonable certainty of evidence of AANDCO and KDR's value owed to Plaintiff, the Court declines to treat these as separate objections. To the extent that Plaintiff's argument that there was no fair consideration for the sale of AANDCO is a distinct objection, it does not cure the lack of evidence from which the value of KDR can be determined with reasonable certainty.

time, she earned $103,000 annually as a nurse care manager working 35 hours per week. Pl. Objection, Ex. 9, Dkt. 316-9. Plaintiff represents that she worked 340 hours on the listed tasks.[13] Pl. Objection, Ex. 8 at 1–11.

Plaintiff's assertion of the number of hours she worked on different tasks is at times reasonable and at times stretches believability. For instance, Plaintiff claims to have worked 30 hours for AANDCO on March 3, 2013, *see id.* at 5, and, as support for that number of hours, provided an email that listed all the tasks that needed to be completed for AANDCO to open, *id.* at 44–45. While the Court does not doubt that it would have taken a while to pull together what amounts to a lengthy to-do list, it seems unlikely that it would have taken 30 hours.[14] To support her claim that she worked 40 hours during February 2013 and September 2013, Plaintiff provided passport stamps. *Id.* at 40, 64. Proof of travel does not prove hours worked to a reasonable certainty.

Regardless of the number of hours that Plaintiff actually worked — many of which she likely has proven to a degree of reasonable certainty — Plaintiff has provided no evidence that a rate of pay of $1,000 per hour (or $250 per hour, which is the rate she is now seeking, Pl. Objection at 11) is reasonable. Although Plaintiff submits evidence of her salary from another job with a different employer in a different location, she provides no evidence of any hourly rate that can reasonably be applied to her work on behalf of AANDCO. Pl. Objection, Ex. 9, Dkt. 316-9. The Court is sympathetic to Plaintiff's position, but unrelated documentation is not proof to a degree of reasonable certainty that Plaintiff is owed either $250 or $1,000 per hour for her

---

[13] Plaintiff incorrectly calculated the sum of her hours to be 320. Pl. Objection, Ex. 8 at 11.

[14] Because there are only 24 hours in a day, it is not clear whether the number of hours provided are a typographical error or whether the date on which the hours were worked should have reflected a range of days rather than just March 3, 2013.

work on behalf of AANDCO. As a result, Plaintiff cannot recover additional damages despite the additional evidence she has provided of the hours she worked.

### D. Plaintiff Has Not Proved That She is Owed a Monthly Salary of $10,000

Plaintiff next argues she is entitled to a monthly salary of $10,000 for the time she served as director of clinical operations for AANDCO. Pl. Objection at 14–15. Because Plaintiff raised this argument in her FFCL, *see* Pl. FFCL ¶ 52, the Court reviews Judge Netburn's recommendation for clear error.

Judge Netburn determined that Plaintiff did not provide any evidence to support a monthly salary of $10,000, and that what Plaintiff did provide — salaries for comparable positions in the New York City area — did not suffice. R&R at 12. The Court agrees that the evidence Plaintiff provided Judge Netburn regarding rates of pay for work in the New York City area did not prove to a degree of reasonable certainty what she is owed for her work as director of clinical operations for AANDCO in Trinidad and Tobago. Plaintiff has now submitted evidence of her salary at a job in New York, which is also not persuasive evidence for what she is owed for her work at AANDCO in Trinidad and Tobago. Pl. Objection at 15.

### E. Plaintiff Has Not Proved Her Claims for Quantum Meruit, Unjust Enrichment, or Fraudulent Conveyance

Plaintiff next argues that she is entitled to damages based on unjust enrichment and quantum meruit, *id.* at 15–17, and that Defendant is guilty of fraudulent conveyance, *id.* at 19–20. Both arguments were raised in her FFCL, *see* Pl. FFCL ¶¶ 60–67, 92–100, and the Court therefore reviews Judge Netburn's recommendation for clear error, *see Pineda*, 831 F. Supp. 2d at 671.

Judge Netburn's finding that the unjust enrichment and quantum meruit claims could not lead to recovery relied on the fact that, because Plaintiff adequately pleaded the existence of a

contract, as a matter of law she cannot recover a second time under a different legal theory for claims based on the same conduct. R&R at 15 (citing *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 586–88 (2d Cir. 2006)). That is a correct statement and application of the law, and therefore contains no clear error. The Court also finds no clear error in Judge Netburn's conclusion that, even if Plaintiff could recover on quasi-contract claims, her receipts do not support a total of $12,872 in repayment owed as damages for quasi-contract claims. *Id.*

Judge Netburn's finding that Plaintiff could not prove Defendant is guilty of fraudulent conveyance turned on Plaintiff's failure to plead sufficient facts, as required to state a claim for fraudulent conveyance, from which the Court could infer that the sale of AANDCO to KDR rendered Defendant insolvent or that the sale price for the company did not constitute fair consideration. R&R at 19–20 (citations omitted). Again, Judge Netburn correctly stated the law and applied it to Plaintiff's pleadings; the Court finds no clear error.

V.   **There is No Clear Error in Judge Netburn's Remaining Conclusions**

The Court evaluates Judge Netburn's remaining findings, which were not objected to by either party, for clear error. *Pineda*, 831 F. Supp. 2d at 670. Those findings are: the duplicative nature of the constructive trust and breach of fiduciary duty claims; that Plaintiff failed to plead sufficient facts to state a claim for intentional infliction of emotional distress; that Plaintiff could not be awarded attorney's fees and costs; and that Plaintiff is entitled to the New York statutory pre-judgment interest rate of 9 percent. R&R at 14–22. The Court finds no clear error in Judge Netburn's analysis or conclusions on any of these remaining items.

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Netburn's R&R in full. Plaintiff is awarded $398,380 TTD plus pre-judgment interest at a 9 percent yearly rate accruing from January 15, 2016 until the date of entry of this judgment.

The Clerk of Court is respectfully directed to close any open motions and close this case.

**SO ORDERED.**

**Date: March 4, 2022**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**