UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

JENNY RAMGOOLIE,

                              Plaintiff,

                -against-

ANDY RAMGOOLIE,

                            Defendant.

------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____6/13/22____

16-CV-3345 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

      Plaintiff Jenny Ramgoolie, proceeding *pro se*, has moved for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) of part of the Court's order adopting Magistrate Judge Sarah Netburn's report and recommendation ("R&R") as to damages. *See* Not. of Mot., Dkt. 330. For the following reasons, Plaintiff's motion is DENIED.

## BACKGROUND

      The Court assumes familiarity with the facts of this case and refers readers to its prior opinion. *See* Order, Dkt. 324 at 1–2. In brief, Plaintiff commenced this action against several defendants, including her brother, Defendant Andy Ramgoolie, in 2016 after allegedly being edged out of her role in a dialysis center in Trinidad. *See* Compl., Dkt. 1. After the Court entered a default judgment against Defendant and referred the matter to Judge Netburn for an inquest on damages, *see* Order of Reference, Dkt. 217, the Court adopted Judge Netburn's recommendation that Plaintiff be granted fifty percent of the value of the dialysis center's shares, that she not be granted fifty percent of the value of shares of the company that acquired the dialysis center, and that she could not recover damages related to her salary or expenses. Order, Dkt. 324 at 4, 8, 10–14. The Court found no clear error in Judge Netburn's determination that

calculations offered by Plaintiff from Shanaz Sukhdeo, a Trinidadian Qualified Accountant, were not adequate to prove the purchasing company's finances to a degree of reasonable certainty, and that, therefore, the value of the original center's shares could only be determined from the purchase price of the center. *Id.* at 4, 8–9. Plaintiff has moved for reconsideration of that finding and the decision not to grant salary or expense-related damages. *See* Pl. Mem., Dkt. 330 at 3, 9–10, 12. Defendant opposes the motion. *See* Def. Opp., Dkt. 334.

## DISCUSSION

### I.      Legal Standard

The movant bears the burden of proof on a motion for reconsideration. *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom. Lowinger v. Morgan Stanley & Co.*, 841 F.3d 122 (2d Cir. 2016). While a district court has "broad discretion" to determine whether to grant a motion under Rule 59(e), *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000), the standard for granting a motion for reconsideration is "strict," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration will only be granted when the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

Courts in this District rarely grant motions for reconsideration, "unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. A motion to reconsider will not be granted when a party seeks to relitigate "arguments already briefed, considered, and decided." *Schonberger v. Serchuk*, 742 F. Supp.

2

108, 119 (S.D.N.Y. 1990).  This strict standard reflects the principle that reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *In re Health Mgmt. Sys., Inc., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations omitted).

## II.     Plaintiff Has Not Met the High Standard for Reconsideration

Plaintiff's primary argument is that the Court was wrong to discount her accountant's valuation of the company that purchased the dialysis center and of the dialysis center itself.  Pl. Mem. at 3, 9–10.  She also argues that she remains entitled to damages for her salary and expenses incurred on behalf of the center.  *Id.* at 12.  In response, Defendant contends, for a second time, that Plaintiff's motion is partially "ghostwritten," Def. Opp. at 2, and that Plaintiff's arguments merely restate her prior ones, *id.* at 4–5.

The Court does not credit Defendant's conclusory allegation that Plaintiff's moving papers were partially ghostwritten by an attorney, a serious assertion that the Court has already cautioned Defendant against making without plausible evidence to support it.  Order, Dkt. 324 at 9 n.10.  But even construing Plaintiff's submission more leniently due to her *pro se* status, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), it is clear that her argument does not meet the high bar for reconsideration of the Court's prior order.

Plaintiff argues that (i) Sukhdeo is an expert witness in this case, Pl. Mem. at 4; (ii) the data on which he depended, which were provided by Plaintiff, were reliable, *id.* at 5–6, 9; (iii) discounted cash flow analysis, the method Sukhdeo used, is a reliable method for determining the value of a business, *id.* at 6–9.  Plaintiff also argues, in the alternative, that the Court should appoint an accountant to conduct a valuation in Sukhdeo's stead, *id.* at 10, and, shoehorned into the end of her brief, that she is entitled to damages related to her salary and expenses, *id.* at 12.

3

With respect to the valuation by Sukhdeo, the primary basis for rejecting his valuation was the absence of evidence of the finances of either the dialysis center or the purchasing company. Order, Dkt. 324 at 9 (citations omitted). Although Plaintiff argues at length that the data Sukhdeo evaluated provide a reasonable basis to conduct a discounted cash flow analysis, that is the same argument that she made to Judge Netburn and in her objection to Judge Netburn's R&R. R&R, Dkt. 307 at 12 (citations omitted); Order, Dkt. 324 at 9 n.11 (citation omitted) ("The Court notes that in her objection Plaintiff added a letter from a certified public accountant representing that the valuation used by Sukhdeo is reliable."). The Court considered the reliability of the underlying data and concluded that the data Plaintiff was able to provide to Sukhdeo were not fulsome enough to establish breach of contract damages to a reasonable certainty. Order, Dkt. 324 at 9 (citing R&R at 12–13). Plaintiff has not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" on this point. *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104 (citation omitted).[1]

With respect to her salary and expenses, Plaintiff does not point to any new evidence, controlling caselaw, or clear error that undermine the Court's finding that there was no reliable evidence of her salary or the expenses for which she should be reimbursed. Order, Dkt. 324 at 12, 14.

---

[1] Although Plaintiff has provided supplemental information in the form of declarations from employees who worked at the dialysis center, Pl. Mem. at 9, these declarations cannot be considered "new evidence," as evidence is generally only considered to be new if it could not have reasonably been developed and presented in earlier stages of the litigation, 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 ("Evidence that could have been presented earlier commonly is not considered") (citations omitted). The Court does not, however, credit Defendant's argument that submission of supplemental affidavits was improper, Def. Opp. at 3, as the local rule governing the issue is prudential, *Martinez v. Barasch*, No. 01-CV-2289, 2004 WL 1555191, at *5 (S.D.N.Y. July 12, 2004) (citation omitted).

In sum, although the Court remains sympathetic to the difficulties Plaintiff has faced in litigating her case, she has not provided grounds for the Court to reconsider its order adopting Judge Netburn's R&R.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration of the Court's April 15, 2022, Order is DENIED.  The Clerk of Court is respectfully directed to close the open motion at Docket 330.

**SO ORDERED.**

Date:  **June 13, 2022**
       **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**